1  VENABLE LLP
   Douglas C. Emhoff (Cal. Bar No. 151049)
2  Jeffrey M. Tanzer (Cal. Bar No. 129437)
   2049 Century Park East, Suite 2100
3  Los Angeles, California 90067
   Telephone:  (310) 229-9900
4  Facsimile:  (310) 229-9901
   E-mail:  demhoff@venable.com
5  E-mail:  jtanzer@venable.com

6  Attorneys for Defendant
   ABBOTT LABORATORIES, INC.
7

8         UNITED STATES DISTRICT COURT FOR THE

9             NORTHERN DISTRICT OF CALIFORNIA

10

11
   RYAN L. HOBBS and MICHELLE          CASE NO.: C 07 3854 SC
12 HOBBS,

13         Plaintiffs,                 **DEFENDANT ABBOTT
                                        LABORATORIES, INC.'S ANSWER
14 vs.                                  TO FIRST AMENDED COMPLAINT;
                                        DEMAND FOR JURY TRIAL**
15 PURDUE PHARMA COMPANY,
   PURDUE PHARMA L.P.; PURDUE
16 PHARMA, INC.; THE PURDUE
   FREDERICK COMPANY; PURDUE
17 PHARMACEUTICALS L.P.;
   PHARMACEUTICAL RESEARCH
18 ASSOCIATES, INC.; PURDUE
   PHARMA LTD.; P.F. LABORATORIES,
19 INC.; and ABBOTT LABORATORIES,
   INC.,
20
           Defendants.
21

22

23        Abbott Laboratories, Inc. ("Abbott"), by counsel, answers Plaintiffs' First

24 Amended Complaint ("Complaint") as follows:

25                          INTRODUCTION

26        1.     Abbott states that Paragraph 1 of the Complaint contains a description of

27 plaintiffs' claims, to which no answer is required.  To the extent an answer is required,

28 Abbott denies the allegations contained in Paragraph 1 of the Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1

## JURISDICTION

2    2.    Paragraph 2 of the Complaint alleges conclusions of law which require no

3    admission or denial.

## INTRADISTRICT ASSIGNMENT

5    3.    Abbott is without knowledge or information sufficient to form a belief as

6    to the truth of the allegations contained in Paragraph 3 of the Complaint.

## PARTIES

8    4.    Abbott is without knowledge or information sufficient to form a belief as

9    to the truth of the allegations contained in Paragraph 4 of the Complaint, except admits

10   that plaintiffs Ryan Hobbs and Michelle Hobbs allege that they are residents of Ukiah,

11   California.

12   5.    Abbott is without knowledge or information sufficient to form a belief as

13   to the truth of the allegations contained in Paragraph 5 of the Complaint.

14   6.    Abbott is without knowledge or information sufficient to form a belief as

15   to the truth of the allegations contained in Paragraph 6 of the Complaint.

16   7.    Abbott is without knowledge or information sufficient to form a belief as

17   to the truth of the allegations contained in Paragraph 7 of the Complaint.

18   8.    Abbott is without knowledge or information sufficient to form a belief as

19   to the truth of the allegations contained in Paragraph 8 of the Complaint.

20   9.    Abbott is without knowledge or information sufficient to form a belief as

21   to the truth of the allegations contained in Paragraph 9 of the Complaint.

22   10.    Abbott is without knowledge or information sufficient to form a belief as

23   to the truth of the allegations contained in Paragraph 10 of the Complaint.

24   11.    Abbott is without knowledge or information sufficient to form a belief as

25   to the truth of the allegations contained in Paragraph 11 of the Complaint.

26   12.    Abbott is without knowledge or information sufficient to form a belief as

27   to the truth of the allegations contained in Paragraph 12 of the Complaint.

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

2

13.    Abbott admits that Abbott Laboratories, Inc., is a Delaware corporation with its principal place of business in Abbott Park, Illinois.  The remaining allegations contained in Paragraph 13 concerning service of process upon Abbott purport to be statements of law that require no admission or denial.

14.    Abbott denies the allegations contained in Paragraph 14 of the Complaint.

15.    Abbott denies the allegations contained in Paragraph 15 of the Complaint, except admits that Abbott provided limited and defined promotional assistance in the marketing of OxyContin®.

## COUNT ONE

16.    Abbott incorporates by reference its responses to Paragraphs 1 through 15 of the Complaint as if fully and expressly set forth herein.

17.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.    Abbott admits that OxyContin® is an FDA-approved opioid analgesic, sold in tablet form, which is a controlled release oral form of oxycodone hydrochloride, and admits that OxyContin® is a federally controlled Schedule II substance.  Abbott further admits that the Package Insert for OxyContin® states that OxyContin® may be "effectively administered every twelve hours" and states that OxyContin® has an abuse liability similar to morphine.  Abbott is without knowledge or information sufficient to

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

3

form a belief as to the truth of the remaining allegations contained in the first, second, and fifth sentences in Paragraph 22 of the Complaint. Abbott denies any remaining allegations contained in Paragraph 22 of the Complaint.

23.    Abbott denies plaintiffs' allegations in Paragraph 23 that OxyContin® is "highly addictive" and denies the allegations contained in the fourth sentence of Paragraph 23 of the Complaint. Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint.

24.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.    Abbott denies the allegations contained in Paragraph 26 of the Complaint.

27.    Abbott denies plaintiffs' vague allegation in the sixth sentence of Paragraph 27 of the Complaint that his alleged OxyContin® addiction "robbed him of his willpower." Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint.

28.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

4

1    33.    Abbott is without knowledge or information sufficient to form a belief as

2 to the truth of the allegations contained in Paragraph 33 of the Complaint.

3    34.    Abbott denies plaintiffs' allegations in Paragraph 34 regarding the "highly

4 addictive properties of OxyContin" and "the unsuitability of OxyContin for moderate

5 pain relief." The Package Insert for OxyContin® states that OxyContin® is indicated

6 for the management of moderate to severe pain when a continuous, around-the-clock

7 analgesic is needed for an extended period of time. Abbott is without knowledge or

8 information sufficient to form a belief as to the truth of the remaining allegations

9 contained in Paragraph 34 of the Complaint.

10    35.    Abbott is without knowledge or information sufficient to form a belief as

11 to the truth of the allegations contained in Paragraph 35 of the Complaint.

12    36.    Abbott is without knowledge or information sufficient to form a belief as

13 to the truth of the allegations contained in Paragraph 36 of the Complaint.

14    37.    Abbott is without knowledge or information sufficient to form a belief as

15 to the truth of the allegations contained in Paragraph 37 of the Complaint.

16    38.    This Paragraph contains no allegations of fact as to Abbott and therefore

17 does not require an answer by Abbott. To the extent that an answer is deemed

18 necessary, Abbott is without knowledge or information sufficient to form a belief as to

19 the truth of the allegations contained in Paragraph 38 of the Complaint.

20    39.    This Paragraph contains no allegations of fact as to Abbott and therefore

21 does not require an answer by Abbott. To the extent that an answer is deemed

22 necessary, Abbott is without knowledge or information sufficient to form a belief as to

23 the truth of the allegations contained in Paragraph 39 of the Complaint.

24    40.    Abbott denies the allegations contained in the second sentence of

25 Paragraph 40 of the Complaint. Abbott is without knowledge or information sufficient

26 to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of

27 the Complaint.

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

5

1      41.    Abbott denies the allegations contained in Paragraph 41 of the Complaint.

2      42.    Abbott admits that OxyContin® is a controlled release oral form of

3   oxycodone hydrochloride.  Abbott further admits that OxyContin® is an opioid

4   analgesic, and admits that oxycodone is a federally controlled Schedule II substance

5   under the Controlled Substances Act of 1970.  Abbott states that it is without

6   knowledge or information sufficient to form a belief as to the truth of the allegations

7   contained in the second and fourth sentences of Paragraph 42 of the Complaint.  Abbott

8   denies the remaining allegations contained in Paragraph 42 of the Complaint.

9      43.    Abbott is without knowledge or information sufficient to form a belief as

10  to the truth of the allegations contained in Paragraph 43 of the Complaint.

11     44.    Abbott is without knowledge or information sufficient to form a belief as

12  to the truth of the allegations contained in Paragraph 44 of the Complaint.

13     45.    Abbott is without knowledge or information sufficient to form a belief as

14  to the truth of the allegations contained in Paragraph 45 of the Complaint, except states

15  that OxyContin® was approved for sale by the FDA in 1995.

16     46.    Abbott denies the allegations contained in the first sentence of Paragraph

17  46 of the Complaint.  Abbott is without knowledge or information sufficient to form a

18  belief as to the truth of the remaining allegations contained in Paragraph 46 of the

19  Complaint.

20     47.    Abbott is without knowledge or information sufficient to form a belief as

21  to the truth of the allegations contained in Paragraph 47 of the Complaint.

22     48.    Abbott denies the allegations contained in Paragraph 48 of the Complaint,

23  except admits that it provided limited and defined promotional assistance in the

24  marketing of OxyContin® pursuant to a Co-Promotion Agreement with Purdue Pharma

25  L.P., and states that the Co-Promotion Agreement speaks for itself.

26     49.    Abbott denies the allegations contained in the second sentence of

27  Paragraph 49 of the Complaint.  Abbott is without knowledge or information sufficient

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

6

1    to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of

2    the Complaint.

3         50.    Abbott denies the allegations contained in Paragraph 50 of the Complaint.

4         51.    Abbott is without knowledge or information sufficient to form a belief as

5    to the truth of the allegations contained in Paragraph 51 of the Complaint.

6         52.    Abbott denies plaintiffs' allegation that OxyContin® has "addictive

7    qualities." Abbott is without knowledge or information sufficient to form a belief as to

8    the truth of the allegations contained in Paragraph 52 of the Complaint.

9         53.    Abbott denies the allegations contained in Paragraph 53 of the Complaint.

10        54.    Abbott denies the allegations contained in Paragraph 54 of the Complaint.

11        55.    Abbott denies the allegations contained in Paragraph 55 of the Complaint.

12        56.    Abbott denies the allegations contained in Paragraph 56 of the Complaint.

13        57.    Abbott denies the allegations contained in Paragraph 57 of the Complaint.

14        58.    Abbott denies the allegations contained in Paragraph 58 of the Complaint.

15        59.    Abbott denies the allegations contained in Paragraph 59 of the Complaint.

16        60.    Abbott denies that plaintiff is entitled to any of the relief sought in

17   Paragraph 60 of the Complaint.

18                                COUNT TWO

19        61.    Abbott incorporates by reference its responses to Paragraphs 1 through 60

20   of the Complaint as if fully and expressly set forth herein.

21        62.    Abbott denies the allegations contained in Paragraph 62 of the Complaint.

22        63.    Abbott denies the allegations contained in Paragraph 63 of the Complaint.

23        64.    Abbott admits that it provided limited and defined promotional assistance

24   in the marketing of OxyContin®, and states that it is without knowledge or information

25   sufficient to form a belief as to the truth of the allegations that plaintiff Ryan Hobbs was

26   prescribed OxyContin®. Abbott denies the remaining allegations contained in

27   Paragraph 64 of the Complaint.

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

65.    Abbott denies plaintiffs' allegation that OxyContin® is "highly addictive." Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65 of the Complaint.

66.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.    Abbott denies the allegations contained in Paragraph 68 of the Complaint.

69.    Abbott denies plaintiffs' vague allegation in the sixth sentence of Paragraph 69 of the Complaint that his alleged OxyContin® addiction "robbed him of his willpower." Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69 of the Complaint.

70.    Abbott denies plaintiffs' allegations in Paragraph 70 regarding the "highly addictive properties of OxyContin" and "the unsuitability of OxyContin for moderate pain relief." The Package Insert for OxyContin® states that OxyContin® is indicated for the management of moderate to severe pain when a continuous, around-the-clock analgesic is needed for an extended period of time. Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the Complaint.

71.    This Paragraph contains no allegations of fact as to Abbott and therefore does not require an answer by Abbott. To the extent that an answer is deemed necessary, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.    This Paragraph contains no allegations of fact as to Abbott and therefore does not require an answer by Abbott. To the extent that an answer is deemed necessary, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

8

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1    73.    Abbott denies the allegations contained in the second sentence of

2  Paragraph 73 of the Complaint. Abbott is without knowledge or information sufficient

3  to form a belief as to the truth of the remaining allegations contained in Paragraph 73 of

4  the Complaint.

5    74.    Abbott admits that OxyContin® is a controlled release oral form of

6  oxycodone hydrochloride. Abbott further admits that OxyContin® is an opioid

7  analgesic, and admits that oxycodone is a federally controlled Schedule II substance

8  under the Controlled Substances Act of 1970. Abbott states that it is without

9  knowledge or information sufficient to form a belief as to the truth of the remaining

10  allegations in the first sentence, and is without knowledge or information sufficient to

11  form a belief as to the truth of the allegations contained in the third sentence of

12  Paragraph 74 of the Complaint. Abbott denies the remaining allegations contained in

13  Paragraph 74 of the Complaint.

14    75.    Abbott is without knowledge or information sufficient to form a belief as

15  to the truth of the allegations contained in Paragraph 75 of the Complaint.

16    76.    Abbott is without knowledge or information sufficient to form a belief as

17  to the truth of the allegations contained in Paragraph 76 of the Complaint.

18    77.    Abbott denies the allegations contained in the first sentence of Paragraph

19  77 of the Complaint. Abbott is without knowledge or information sufficient to form a

20  belief as to the truth of the remaining allegations contained in Paragraph 77 of the

21  Complaint.

22    78.    Abbott is without knowledge or information sufficient to form a belief as

23  to the truth of the allegations contained in Paragraph 78 of the Complaint.

24    79.    Abbott denies the allegations contained in Paragraph 79 of the Complaint,

25  except admits that it provided limited and defined promotional assistance in the

26  marketing of OxyContin® pursuant to a Co-Promotion Agreement with Purdue Pharma

27  L.P., and states that the Co-Promotion Agreement speaks for itself.

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

9

1    80.    Abbott denies the allegations contained in Paragraph 80 of the Complaint.

2    81.    Abbott denies the allegations contained in Paragraph 81 of the Complaint.

3    82.    Abbott is without knowledge or information sufficient to form a belief as

4    to the truth of the allegations contained in Paragraph 82 of the Complaint.

5    83.    Abbott denies plaintiffs' allegation that OxyContin® has "addictive

6    qualities." Abbott is without knowledge or information sufficient to form a belief as to

7    the truth of the remaining allegations contained in Paragraph 83 of the Complaint.

8    84.    Abbott denies the allegations contained in Paragraph 84 of the Complaint.

9    85.    Abbott denies the allegations contained in Paragraph 85 of the Complaint.

10    86.    Abbott is without knowledge or information sufficient to form a belief as

11    to the truth of the allegations contained in Paragraph 86 of the Complaint.

12    87.    Abbott denies the allegations contained in Paragraph 87 of the Complaint.

13    88.    Abbott denies the allegations contained in Paragraph 88 of the Complaint.

14    89.    Abbott denies the allegations contained in Paragraph 89 of the Complaint.

15    90.    Abbott denies the allegations contained in Paragraph 90 of the Complaint.

16    91.    Abbott denies the allegations contained in Paragraph 91 of the Complaint.

17    92.    Abbott denies the allegations contained in Paragraph 92 of the Complaint.

18    93.    Abbott denies the allegations contained in Paragraph 93 of the Complaint.

19    94.    Abbott denies the allegations contained in Paragraph 94 of the Complaint.

20    95.    Abbott denies that plaintiff is entitled to any of the relief sought in

21    Paragraph 95 of the Complaint.

22                                    COUNT THREE

23    96.    Abbott incorporates by reference its responses to Paragraphs 1 through 95

24    of the Complaint as if fully and expressly set forth herein.

25    97.    Abbott denies the allegations contained in Paragraph 97 of the Complaint,

26    except admits that Abbott provided limited and defined promotional assistance in the

27    marketing of OxyContin®.

28

VENABLE LLP
2049 CENTURY PARK EAST #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

10

98.   The allegations contained in Paragraph 98 of the Complaint purport to state a conclusion of law that requires no admission or denial.  To the extent that a response is required, Abbott denies the allegations contained in Paragraph 98 of the Complaint.

99.   Abbott denies the allegations contained in Paragraph 99 of the Complaint.

100.  Abbott denies the allegations contained in Paragraph 100 of the Complaint.

101.  Abbott denies the allegations contained in Paragraph 101 of the Complaint, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 101 of the Complaint.

102.  Abbott denies the allegations contained in Paragraph 102 of the Complaint.

103.  Abbott denies the allegations contained in Paragraph 103 of the Complaint.

104.  Abbott denies the allegations contained in Paragraph 104 of the Complaint.

105.  Abbott denies the allegations contained in Paragraph 105 of the Complaint.

## COUNT FOUR

106.  Abbott incorporates by references its responses to Paragraph 1 through 105 of the Complaint as if fully and expressly set forth herein.

107.  Abbott denies the allegations contained in Paragraph 107 of the Complaint, except admits that Abbott provided limited and defined promotional assistance in the marketing of OxyContin®.

108.  Abbott denies the allegations contained in Paragraph 108 of the Complaint.

109.  The allegations contained in Paragraph 109 of the Complaint purport to state a conclusion of law that requires no admission or denial.  To the extent that a response is required, Abbott denies the allegations contained in Paragraph 109 of the Complaint.

110.  Abbott denies the allegations contained in Paragraph 110 of the Complaint.

111.  Abbott denies the allegations contained in Paragraph 111 of the Complaint.

112.  Abbott denies the allegations contained in Paragraph 112 of the Complaint.

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1    113.   Abbott denies the allegations contained in Paragraph 113 of the Complaint.

2    114.   Abbott denies that plaintiff is entitled to any of the relief sought in

3    Paragraph 114 of the Complaint.

4                                COUNT FIVE

5    115.   Abbott incorporates by reference its responses to Paragraphs 1 through 114

6    of the Complaint as if fully and expressly set forth herein.

7    116.   Abbott denies the allegations contained in Paragraph 116 of the Complaint.

8    117.   Abbott denies the allegations contained in Paragraph 117 of the Complaint.

9    118.   Abbott denies the allegations contained in Paragraph 118 of the Complaint.

10    119.   Abbott denies the allegations contained in Paragraph 119 of the Complaint.

11    120.   Abbott denies the allegations contained in Paragraph 120 of the Complaint.

12    121.   Abbott denies the allegations contained in Paragraph 121 of the Complaint.

13    122.   Abbott denies that plaintiff is entitled to any of the relief sought in

14    Paragraph 122 of the Complaint.

15                                COUNT SIX

16    123.   Abbott incorporates by reference its responses to Paragraphs 1 through 122

17    of the Complaint as if fully and expressly set forth herein.

18    124.   Abbott denies the allegations contained in Paragraph 124 of the Complaint.

19    125.   Abbott denies the allegations contained in Paragraph 125 of the Complaint.

20    126.   Abbott denies the allegations contained in Paragraph 126 of the Complaint.

21    127.   Abbott denies the allegations contained in Paragraph 127 of the Complaint.

22    128.   Abbott denies the allegations contained in Paragraph 128 of the Complaint.

23    129.   Abbott denies the allegations contained in Paragraph 129 of the Complaint.

24    130.   Abbott denies that plaintiff is entitled to any of the relief sought in

25    Paragraph 130 of the Complaint.

26                                COUNT SEVEN

27    131.   Abbott incorporates by reference its responses to Paragraphs 1 through 130

28

VENABLE LLP
2049 CENTURY PARK EAST #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1 │ of the Complaint as if fully and expressly set forth herein.

2 │     132.  Abbott denies the allegations contained in Paragraph 132 of the Complaint,

3 │ except admits that Abbott representatives were responsible for co-promoting

4 │ OxyContin® to certain limited specific categories of physicians as set forth in the Co-

5 │ Promotion Agreement.

6 │     133.  Abbott denies the allegations contained in Paragraph 133 of the Complaint.

7 │     134.  Abbott denies the allegations contained in Paragraph 134 of the Complaint.

8 │     135.  Abbott denies the allegations contained in Paragraph 135 of the Complaint.

9 │     136.  Abbott denies the allegations contained in Paragraph 136 of the Complaint.

10 │     137.  Abbott denies the allegations contained in Paragraph 137 of the Complaint.

11 │     138.  Abbott denies that plaintiff is entitled to any of the relief sought in

12 │ Paragraph 138 of the Complaint.

## COUNT EIGHT

13 │

14 │     139.  Abbott incorporates by reference its responses to Paragraphs 1 through 138

15 │ of the Complaint as if fully and expressly set forth herein.

16 │     140.  Abbott denies the allegations contained in Paragraph 140 of the Complaint,

17 │ except admits that Abbott provided limited and defined promotional assistance in the

18 │ marketing of OxyContin®.

19 │     141.  Abbott denies the allegations contained in Paragraph 141 of the Complaint.

20 │     142.  Abbott denies the allegations contained in Paragraph 142 of the Complaint.

21 │     143.  Abbott denies the allegations contained in Paragraph 143 of the Complaint.

22 │     144.  Abbott denies the allegations contained in Paragraph 144 of the Complaint.

23 │     145.  Abbott denies the allegations contained in Paragraph 145 of the Complaint.

24 │     146.  Abbott denies that plaintiff is entitled to any of the relief sought in

25 │ Paragraph 146 of the Complaint.

## COUNT NINE

26 │

27 │     147.  Abbott incorporates by reference its responses to Paragraphs 1 through 146

28 │

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1  of the Complaint as if fully and expressly set forth herein.

2      148.   Abbott is without knowledge or information sufficient to form a belief as
3  to the truth of the allegations contained in Paragraph 148 of the Complaint.

4      149.   Abbott denies the allegations contained in Paragraph 149 of the Complaint.

5      150.   Abbott is without knowledge or information sufficient to form a belief as
6  to the truth of the allegations contained in the first sentence in Paragraph 150 of the
7  Complaint. Abbott denies the remaining allegations contained in Paragraph 150 of the
8  Complaint.

9      151.   Abbott denies the allegations contained in Paragraph 151 of the Complaint.

10     152.   Abbott denies that plaintiffs are entitled to any of the relief sought in
11  Paragraph 152 of the Complaint, including the subparagraphs numbered 1 through 44
12  that follow the "Wherefore" clause.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Abbott upon which relief can be
granted.

### SECOND DEFENSE

Federal law and regulations preempt the claims of Plaintiffs.

### THIRD DEFENSE

This Court lacks personal jurisdiction over Abbott.

### FOURTH DEFENSE

The doctrines of unclean hands, laches, waiver, and/or estoppel bar the claims of
Plaintiffs.

### FIFTH DEFENSE

If some or all of these Defendants are found to be jointly responsible for the
injuries of Plaintiffs, then liability of such Defendants must be limited in accordance
with applicable law governing contribution and indemnity.

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

14

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

## SIXTH DEFENSE

Plaintiffs lack standing to assert claims against Abbott.

## SEVENTH DEFENSE

The injuries and damages, if any, sustained by Plaintiffs resulted from their own conduct so that the principles of contributory negligence, comparative fault, and/or assumption of risk apply.

## EIGHTH DEFENSE

The claims of Plaintiffs are barred to the extent they resulted from the conduct of any third parties or from a superseding and/or intervening cause.

## NINTH DEFENSE

Abbott at all times conformed to the state of the art, knowledge of risks and the trade and custom in the industry that existed at the relevant time.

## TENTH DEFENSE

The Complaint fails to allege facts sufficient to entitle Plaintiffs to an award of exemplary or punitive damages.

## ELEVENTH DEFENSE

Plaintiffs' breach of warranty claims are barred for lack of timely notice of breach and/or lack of privity.

## TWELFTH DEFENSE

The product, packaging, or instructions referenced in the Complaint comply with any and all applicable Federal regulations that existed at the time of sale.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part, because the proximate cause of any alleged injury was Plaintiff Ryan Hobbs' choice to use OxyContin® in a manner other than that prescribed or recommended, or to misuse, or to abuse OxyContin® tablets.

15

1

### FOURTEENTH DEFENSE

2    The superseding cause of any injury allegedly sustained by the Plaintiffs is

3  conduct that is illicit, criminal, or otherwise improper, and for which conduct Abbott

4  cannot be held responsible.

5

### FIFTEENTH DEFENSE

6    Plaintiffs' claims of fraud are not pled with the required particularity.

7

### SIXTEENTH DEFENSE

8    Each of Plaintiffs' claims is barred, in whole or in part, by the applicable statute

9  of limitation, repose, or prescription, including, without limitation, the two-year

10  limitation periods contained in California Code of Civil Procedure sections 335.1 and

11  339, the three-year limitation period contained in California Code of Civil

12  Procedure section 338(d), and the four-year limitation period contained in California

13  Code of Civil Procedure section 337(1).

14

### SEVENTEENTH DEFENSE

15    Plaintiffs are barred from recovering any damages because the dangers, if any,

16  claimed by them were open and obvious.

17

### EIGHTEENTH DEFENSE

18    If the product allegedly involved in this action was defective or unreasonably

19  dangerous (which Abbott denies), then Plaintiffs were aware thereof and unreasonably

20  proceeded to make use of the product in that condition.

21

### NINETEENTH DEFENSE

22    Abbott states that all OxyContin® tablets lawfully sold or distributed in the

23  United States carry warnings that adequately informed Plaintiff Ryan Hobbs or his

24  learned intermediaries of any alleged health risks of using OxyContin® tablets.

25

### TWENTIETH DEFENSE

26    The claims of Plaintiffs are barred to the extent the injuries alleged in the

27  Complaint were caused or enhanced by pre-existing or unrelated medical or psychiatric

28

16

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

1 conditions and/or idiosyncratic reactions to OxyContin® tablets.

2 TWENTY-FIRST DEFENSE

3    The claims of Plaintiffs are barred by the learned intermediary doctrine.

4 TWENTY-SECOND DEFENSE

5    Plaintiffs are barred from recovering any damages because any harm caused by
6 OxyContin® tablets was caused by an inherent aspect of the product that could not be
7 eliminated without compromising its usefulness.

8 TWENTY-THIRD DEFENSE

9    Plaintiffs are barred from recovering any damages because there was no practical
10 or technically feasible design or formulation that would have prevented the harm
11 alleged without substantially impairing the usefulness or intended purpose of the
12 product.

13 TWENTY-FOURTH DEFENSE

14    The product at issue in this litigation is not defective or unreasonably dangerous
15 because it is a prescription pharmaceutical bearing adequate warnings, and is subject to
16 the comment j exception to strict tort liability as set forth in Section 402A of the
17 Restatement (Second) of Torts (1965), or because it is a prescription pharmaceutical
18 that is unavoidably unsafe pursuant to comment k of Section 402A of the Restatement
19 (Second) of Torts (1965).

20 TWENTY-FIFTH DEFENSE

21    To the extent that Plaintiffs seek punitive damages for the conduct which
22 allegedly caused the injuries asserted in the Complaint, such an award would, if
23 granted, violate Abbott's state and federal constitutional rights.

24 TWENTY-SIXTH DEFENSE

25    To the extent that Plaintiffs seek punitive damages for an alleged act or omission
26 of Abbott, no act or omission was malicious, willful, wanton, reckless or grossly
27 negligent and, therefore, any award of punitive damages is barred.

28

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

17

VENABLE LLP<br>2049 CENTURY PARK EAST, #2100<br>LOS ANGELES, CALIFORNIA 90067<br>(310) 229-9900

## TWENTY-SEVENTH DEFENSE

Abbott did not participate in, authorize, ratify, or benefit from the alleged wrongful acts that are asserted in the Complaint.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

WHEREFORE, Abbott adopts and incorporates by reference any affirmative defense or other defense asserted by any other Defendant to this action to the extent such defense applies to Abbott, and, further, gives notice that it intends to rely on additional affirmative and other defenses that become available or apparent during discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Abbott respectfully requests that this Court:

1.    That Plaintiffs take nothing by the Complaint;

2.    That this action be dismissed with prejudice;

3.    That Abbott be awarded its costs of suit herein, and its attorney's fees to the extent provided for by statute or contract;

4.    For such other and further relief as the Court deems just and proper.

Dated: December 5, 2007

VENABLE LLP
DOUGLAS C. EMHOFF
JEFFREY M. TANZER

By _____
Jeffrey M. Tanzer
Attorneys for Defendant
Abbott Laboratories, Inc.

18

**DEMAND FOR JURY TRIAL**

Abbott demands a trial by jury as to all issues so triable.

Dated:  December 5, 2007

                    VENABLE LLP
                    DOUGLAS C. EMHOFF
                    JEFFREY M. TANZER


                    By
                    Jeffrey M. Tanzer
                    Attorney for Defendant
                    Abbott Laboratories, Inc.

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

19

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, #2100, Los Angeles, California 90067.

On December 5, 2007, I served the foregoing document(s) described as **DEFENDANT ABBOTT LABORATORIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

☒    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☐    **BY PERSONAL SERVICE (CCP §1011):** I delivered such envelope(s) by hand to the addressee(s) as stated above.

☒    **BY MAIL (CCP §1013(a)&(b)):** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

☐    **BY OVERNIGHT DELIVERY (CCP §1013(c)&(d)):** I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

Executed on December 5, 2007 at Los Angeles, California

☐    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

_____
Jesse Rodriguez

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

**ATTACHED SERVICE LIST**

Richard Sax, Esq.                          *Attorneys for Plaintiffs*
LAW OFFICES OF RICHARD SAX
448 Sebastopol Avenue
Santa Rosa, CA 95401
Tel:  707-525-1824
Fax:  707-525-8119
Richard@saxlaw.com

Jay R. Henneberry                          *Attorneys for Purdue Defendants*
Robin D. Ball
Chadbourne & Parke LLP
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

21