1   Jay R. Henneberry (State Bar No. 135065)
    jhenneberry@chadbourne.com
2   Robin D. Ball (State Bar No. 159698)
    rball@chadbourne.com
3   CHADBOURNE & PARKE LLP
    350 South Grand Avenue, Suite 3300
4   Los Angeles, CA  90071
    Telephone:    (213) 892-1000
5   Facsimile:    (213) 622-9865

6   Attorneys for Purdue Pharmaceuticals L.P.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  RYAN L. HOBBS and MICHELLE        Case No.  C-07-3854-SC
    HOBBS,
13                                    ANSWER AND AFFIRMATIVE
              Plaintiffs,             DEFENSES OF PURDUE
14                                    PHARMACEUTICALS L.P. TO
          v.                          FIRST AMENDED COMPLAINT
15
    PURDUE PHARMA COMPANY et al.,     DEMAND FOR JURY TRIAL
16
              Defendants.
17

18        Purdue Pharmaceuticals L.P., ("PPNC"), in answer to plaintiffs' First Amended

19  Complaint for Damages for Fraudulent Representation; Fraudulent Concealment; Products

20  Liability -- Negligence; Strict Products Liability: Failure to Warn; Breach of Implied Warranty of

21  Merchantability; Breach of Implied Warranty of Fitness for Particular Purpose; Breach of Express

22  Warranty of Fitness for Particular Purpose; Strict Liability in Tort; Loss of Consortium

23  (hereinafter, "Amended Complaint")[1], states as follows:

24

25  _____

26  [1]   PPNC states that this answer is filed solely on behalf of PPNC.  Other defendants in this
          lawsuit include Abbott Laboratories, Inc.  PPNC does not and cannot speak on behalf of
27        Abbott Laboratories, Inc., and this answer pertains solely to this answering defendant, and

28                                                    (cont'd on following page)

LA1 - 114678.01

*CHADBOURNE & PARKE LLP*
*350 South Grand Avenue, Suite 3300*
*Los Angeles, CA  90071  (213) 892-1000*

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    1.    PPNC states that paragraph 1 of the Amended Complaint contains

2    plaintiffs' characterization of their claims, to which no answer is required.

3    **AS TO JURISDICTION**

4    2.    PPNC states that paragraph 2 of the Amended Complaint contains legal

5    conclusions and plaintiffs' characterization of their claims, to which no answer is required.

6    **AS TO INTRADISTRICT ASSIGNMENT**

7    3.    PPNC denies the allegations contained in paragraph 3 of the Amended

8    Complaint, in part on the ground that they are vague and ambiguous.

9    **AS TO PARTIES**

10    4.    PPNC denies knowledge or information sufficient to form a belief as to

11    the truth or falsity of the allegations contained in paragraph 4 of the Amended Complaint.

12    5.    PPNC states that the allegation contained in paragraph 5 of the Amended

13    Complaint regarding service of process asserts a legal conclusion to which no answer is

14    required.  PPNC denies the remaining allegations contained in paragraph 5, except admits that

15    The Purdue Pharma Company was a Delaware general partnership.  PPNC further states that

16    the successor in interest to The Purdue Pharma Company is Purdue Pharma L.P.

17    6.    PPNC states that the allegation contained in paragraph 6 of the Amended

18    Complaint regarding service of process asserts a legal conclusion to which no answer is required.

19    PPNC denies the remaining allegations contained in paragraph 6, except admits that Purdue

20    Pharma L.P. was and is a Delaware limited partnership.

21    7.    PPNC states that the allegation contained in paragraph 7 of the Amended

22    Complaint regarding service of process asserts a legal conclusion to which no answer is required.

23    PPNC denies the remaining allegations contained in paragraph 7, except admits that Purdue

24    Pharma Inc. was and is a New York corporation.

25    _____
(cont'd from preceding page)

26    not to Abbott Laboratories, Inc.  Plaintiffs' use of the word "defendants" in its allegations
does not signal a response by this defendant on behalf of all defendants.

27

28

- 2 -

1    8.    PPNC states that the allegation contained in paragraph 8 of the Amended

2  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

3  PPNC denies the remaining allegations contained in paragraph 8, except admits that The Purdue

4  Frederick Company Inc. was and is a New York corporation with its principal place of business

5  located in Connecticut.

6    9.    PPNC states that the allegation contained in paragraph 9 of the Amended

7  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

8  PPNC denies the remaining allegations contained in paragraph 9, except admits that it was and is

9  a Delaware limited partnership.

10    10.    PPNC states that the allegation contained in paragraph 10 of the Amended

11  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

12  PPNC denies the remaining allegations contained in paragraph 10, except admits that

13  Pharmaceutical Research Associates, Inc. was and is a New York corporation.

14    11.    PPNC states that the allegation contained in paragraph 11 of the Amended

15  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

16  PPNC denies the remaining allegations contained in paragraph 11, except states that Purdue

17  Pharma Ltd. was a Delaware corporation.  PPNC further states that the successor-in-interest to

18  Purdue Pharma Ltd. is Purdue Pharma L.P.

19    12.    PPNC denies the allegations contained in paragraph 12 of the Amended

20  Complaint, except admits that The P.F. Laboratories, Inc. was and is a New Jersey corporation.

21    13.    PPNC states that the allegation contained in paragraph 13 of the Amended

22  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

23  PPNC denies knowledge or information sufficient to form a belief as to the truth or falsity of the

24  remaining allegations contained in paragraph 13.

25

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1    14.    PPNC denies the allegations contained in paragraph 14 of the Amended

2  Complaint.

3    15.    PPNC denies the allegations contained in paragraph 15 of the Amended

4  Complaint, except admits that certain of the Purdue defendants[2] were engaged in the business of

5  manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

6  marketing, distributing or selling OxyContin® Tablets ("OxyContin"), and that OxyContin is an

7  opioid analgesic prescription medication.  PPNC further states that OxyContin is only legally

8  available to members of the general public pursuant to a valid prescription from their physician.

9  <div align="center">**AS TO COUNT ONE**</div>

10    16.    PPNC repeats and realleges its responses to paragraphs 1 through 15 of the

11  Amended Complaint, as if fully set forth herein.

12    17.    PPNC denies knowledge or information sufficient to form a belief as to the

13  truth or falsity of the allegations contained in paragraph 17 of the Amended Complaint.

14    18.    PPNC denies knowledge or information sufficient to form a belief as to

15  the truth or falsity of the allegations contained in paragraph 18 of the Amended Complaint.

16    19.    PPNC denies knowledge or information sufficient to form a belief as to

17  the truth or falsity of the allegations contained in paragraph 19 of the Amended Complaint.

18    20.    PPNC denies knowledge or information sufficient to form a belief as to the

19  truth or falsity of the allegations contained in paragraph 20 of the Amended Complaint.

20    21.    PPNC denies knowledge or information sufficient to form a belief as to

21  the truth or falsity of the allegations contained in paragraph 21 of the Amended Complaint.

22    22.    PPNC denies knowledge or information sufficient to form a belief as to the

23  truth or falsity of the allegations contained in the first and last sentences of paragraph 22 of the

24

25    [2]    Hereinafter, the "Purdue Defendants" shall refer to The Purdue Frederick Company Inc.,
      Purdue Pharma L.P. (individually, and as successor in interest to The Purdue Pharma

26    Company and Purdue Pharma Ltd.), Purdue Pharma Inc., PPNC, Pharmaceutical Research
      Associates, Inc., and The P.F. Laboratories, Inc.

27

28

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1  Amended Complaint and the allegation contained in the second sentence of paragraph 22 that

2  OxyContin was prescribed to plaintiff Ryan L. Hobbs.  PPNC denies the remaining allegations

3  contained in paragraph 22, except admits that certain of the Purdue defendants developed or

4  marketed OxyContin, that OxyContin is a brand-name controlled-release opioid analgesic

5  Schedule II prescription medication; and that the active opioid ingredient in OxyContin is

6  oxycodone hydrochloride.  PPNC further admits that OxyContin is designed to provide

7  controlled delivery of oxycodone over an extended period of time and is normally taken every

8  twelve hours, and that some strengths of OxyContin contain more oxycodone than many

9  immediate-release formulations, which must be taken more frequently, but states that the

10  oxycodone in OxyContin is released over time if the tablet is taken orally intact.  PPNC further

11  admits that, as set forth in the Food and Drug Administration of the United States Department of

12  Health and Human Services ("FDA") - approved professional prescribing information ("package

13  insert") for OxyContin, OxyContin has an abuse liability similar to morphine.

14        23.     With regard to the allegations contained in paragraph 23 of the Amended

15  Complaint that OxyContin is "highly addictive" and "[l]ike morphine, OxyContin is highly

16  addictive, and can produce withdrawal symptoms in patients who use it for only five to seven

17  days," PPNC denies such allegations, except states that OxyContin is an opioid agonist and a

18  Schedule II controlled substance with an abuse liability similar to morphine, and that risks from

19  the use of OxyContin are well known to medical providers and are described in the FDA-

20  approved package insert for OxyContin, which speaks for itself as to its content.  PPNC denies

21  knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

22  allegations contained in paragraph 23.

23        24.     PPNC denies knowledge or information sufficient to form a belief as to the

24  truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint.

25        25.     PPNC denies knowledge or information sufficient to form a belief as to the

26  truth or falsity of the allegations contained in paragraph 25 of the Amended Complaint.

27

28

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

1      26.      PPNC denies knowledge or information sufficient to form a belief as to the

2  truth or falsity of the allegations contained in paragraph 26 of the Amended Complaint.

3      27.      PPNC denies knowledge or information sufficient to form a belief as to the

4  truth or falsity of the allegations contained in paragraph 27 of the Amended Complaint, except

5  denies the vague allegation therein that "OxyContin addiction robbed him of his willpower."

6      28.      PPNC denies knowledge or information sufficient to form a belief as to the

7  truth or falsity of the allegations contained in paragraph 28 of the Amended Complaint.

8      29.      PPNC denies knowledge or information sufficient to form a belief as to the

9  truth or falsity of the allegations contained in paragraph 29 of the Amended Complaint.

10      30.      PPNC denies knowledge or information sufficient to form a belief as to the

11  truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint.

12      31.      PPNC denies knowledge or information sufficient to form a belief as to the

13  truth or falsity of the allegations contained in paragraph 31 of the Amended Complaint.

14      32.      PPNC denies knowledge or information sufficient to form a belief as to the

15  truth or falsity of the allegations contained in paragraph 32 of the Amended Complaint.

16      33.      PPNC denies knowledge or information sufficient to form a belief as to the

17  truth or falsity of the allegations contained in paragraph 33 of the Amended Complaint.

18      34.      PPNC denies knowledge or information sufficient to form a belief as to the

19  truth or falsity of the allegations contained in paragraph 34 of the Amended Complaint, except,

20  with regard to the allegation therein that OxyContin has "highly addictive properties," denies

21  such allegation except states that OxyContin is an opioid agonist and a Schedule II controlled

22  substance, and that risks from the use of OxyContin are well-known to medical providers and are

23  described in the FDA-approved package insert for OxyContin, which speaks for itself as to its

24  content.  Further, PPNC denies that OxyContin is "unsuitab[le] . . . for moderate pain relief," and

25  states that OxyContin is indicated for the management of moderate to severe pain when a

26  continuous, around-the-clock analgesic is needed for an extended period of time.

27

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 6 -

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

35.    PPNC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Amended Complaint.

36.    PPNC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Amended Complaint.

37.    PPNC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Amended Complaint.

38.    PPNC denies the allegations contained in paragraph 38 of the Amended Complaint, except admits that a plea agreement was signed by The Purdue Frederick Company Inc. in the United States District Court for the Western District of Virginia, Abington Division, Case No. 1:07CR00029, which plea agreement speaks for itself as to its content, and pursuant to which plea agreement The Purdue Frederick Company Inc. entered a plea of guilty to 21 U.S.C. §§ 331(a) and 333(a)(2) on or about May 10, 2007.  PPNC further admits that The Purdue Frederick Company Inc. agreed to pay $600 million in fines and other payments and was sentenced to five years' probation.

39.    PPNC denies the allegations contained in paragraph 39 of the Amended Complaint, except admits that plea agreements were signed by Howard R. Udell (currently Executive Vice President and Chief Legal Officer of Purdue Pharma L.P. and, formerly, Executive Vice President and Chief Legal Officer of The Purdue Frederick Company Inc.), Paul D. Goldenheim (formerly Executive Vice President of Worldwide Research & Development and Chief Scientific Officer of Purdue Pharma L.P. and The Purdue Frederick Company), and Michael Friedman (formerly President and Chief Executive Officer of Purdue Pharma L.P. and The Purdue Frederick Company Inc.) in the United States District Court for the Western District of Virginia Case No. 1:07CR00029, which plea agreements speak for themselves as to their content and pursuant to which plea agreements each signatory entered a plea of guilty on or about May 10, 2007.  PPNC further admits that Howard R. Udell, Paul D. Goldenheim and Michael Friedman agreed to pay a total of $34.5 million in fines, and were sentenced to three

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1   years' probation and 400 hours of community service in drug treatment programs by the

2   Honorable James P. Jones of the United States District Court for the Western District of Virginia.

3         40.      PPNC denies knowledge or information sufficient to form a belief as to the

4   truth or falsity of the allegations contained in the first sentence of paragraph 40 of the Amended

5   Complaint.  PPNC denies the allegations contained in the second sentence of paragraph 40.

6         41.      PPNC denies the allegations contained in paragraph 41 of the Amended

7   Complaint.

8         42.      PPNC denies the allegations contained in paragraph 42 of the Amended

9   Complaint, except admits that OxyContin is a controlled-release opioid analgesic Schedule II

10  prescription medication which is designed to provide controlled delivery of oxycodone over an

11  extended period of time and is normally taken every twelve hours.  PPNC further admits that the

12  active opioid ingredient in OxyContin is oxycodone hydrochloride, and that certain other

13  medications, including Percocet, contain oxycodone along with other ingredients, and states that

14  some strengths of OxyContin contain more oxycodone than many immediate-release

15  formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

16  is released over time if the tablet is taken orally intact.

17        43.      PPNC denies the allegations contained in paragraph 43 of the Amended

18  Complaint, except admits that certain of the Purdue defendants applied for patents covering

19  OxyContin, a controlled-release opioid analgesic prescription medication, and states that the

20  patent applications for OxyContin speak for themselves as to their content.  PPNC further admits

21  that titration of a pain medication can involve adjusting a patient's dosage to provide adequate

22  pain relief, and that the level of side effects experienced by the patient, if any, can be a factor in

23  such titration.

24        44.      PPNC denies the allegations contained in paragraph 44 of the Amended

25  Complaint, except states that any statements made in connection with the patent applications for

26  OxyContin speak for themselves as to their content.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 8 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

45.     PPNC denies the allegations contained in paragraph 45 of the Amended Complaint, except admits that OxyContin was approved by the FDA on December 12, 1995, and states that the original FDA-approved package insert for OxyContin speaks for itself as to its content, and that the insert stated that "[d]elayed absorption, as provided by OxyContin tablets, is believed to reduce the abuse liability of the drug."

46.     PPNC denies the allegations contained in paragraph 46 of the Amended Complaint, except, with regard to the allegation that OxyContin is "highly addictive, and can produce withdrawal symptoms in patients who use it for only five to seven days," states that OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability similar to morphine, and that risks from the use of OxyContin are described in the FDA - approved package insert for OxyContin, which speaks for itself as to its content.

47.     PPNC denies the allegations contained in paragraph 47 of the Amended Complaint, except admits that from January 1996 through June 30, 2001, the sale of OxyContin generated approximately $2.8 billion in revenue.  PPNC further admits that, for certain years, OxyContin has been the best selling and most profitable product of certain of the Purdue defendants.

48.     PPNC denies the allegations contained in paragraph 48 of the Amended Complaint, except admits that Purdue Pharma L.P. and Abbott Laboratories entered into a Co-Promotion Agreement, which speaks for itself as to its content.

49.     PPNC denies the allegations contained in paragraph 49 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    50.    PPNC denies the allegations contained in paragraph 50 of the Amended

2    Complaint, and states that risks from the use of OxyContin are described in the FDA-approved

3    package insert for OxyContin, which speaks for itself as to its content, and that OxyContin is,

4    and generally has been, marketed in accordance with the package insert for OxyContin, except

5    that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other

6    employees of certain of the Purdue defendants to make, certain statements about OxyContin to

7    some healthcare professionals that were inconsistent with the package insert for OxyContin and

8    the express warnings it contained about risks associated with the medicine, which statements

9    violated written company policies requiring adherence to the prescribing information.

10    51.    PPNC denies the allegations contained in paragraph 51 of the Amended

11    Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

12    the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

13    the Purdue defendants made, or told other employees of certain of the Purdue defendants to

14    make, certain statements about OxyContin to some healthcare professionals that were

15    inconsistent with the package insert for OxyContin and the express warnings it contained about

16    risks associated with the medicine, which statements violated written company policies requiring

17    adherence to the prescribing information.

18    52.    PPNC denies the allegations contained in the first sentence of paragraph 52

19    of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in

20    accordance with the package insert for OxyContin, except that, prior to July 2001, some

21    employees of certain of the Purdue defendants made, or told other employees of certain of the

22    Purdue defendants to make, certain statements about OxyContin to some healthcare professionals

23    that were inconsistent with the package insert for OxyContin and the express warnings it

24    contained about risks associated with the medicine, which statements violated written company

25    policies requiring adherence to the prescribing information.  PPNC denies the allegations

26    contained in the second sentence of paragraph 52.  PPNC denies the allegations contained in the

27

28

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

1    third sentence of paragraph 52, except admits that the marketing of OxyContin included

2    marketing to general practitioners, among other physicians.  PPNC denies the allegations

3    contained in the fourth sentence of paragraph 52, and states that risks from the use of OxyContin

4    are described in the FDA-approved package insert for OxyContin, which speaks for itself as to

5    its content.

6            53.    PPNC denies the allegations contained in paragraph 53 of the Amended

7    Complaint.

8            54.    PPNC denies the allegations contained in paragraph 54 of the Amended

9    Complaint.

10            55.    PPNC denies knowledge or information sufficient to form a belief as to the

11    truth or falsity of the allegations contained in the second sentence of paragraph 55 of the

12    Amended Complaint.  PPNC denies the remaining allegations contained in paragraph 55, except

13    states that risks from the use of OxyContin are described in the FDA-approved package insert for

14    OxyContin, which speaks for itself as to its content.

15            56.    PPNC denies knowledge or information sufficient to form a belief as to the

16    truth or falsity of the allegations contained in paragraph 56 of the Amended Complaint.

17            57.    PPNC denies the allegations contained in paragraph 57 of the Amended

18    Complaint.

19            58.    PPNC denies the allegations contained in paragraph 58 of the Amended

20    Complaint.

21            59.    PPNC denies the allegations contained in paragraph 59 of the Amended

22    Complaint.

23            60.    PPNC denies the allegations contained in paragraph 60 of the Amended

24    Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

25                        **AS TO COUNT TWO**

26            61.    PPNC repeats and realleges its responses to paragraphs 1 through 60 of the

27    Amended Complaint, as if fully set forth herein

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 11 -

1    62.    PPNC denies the allegations contained in paragraph 62 of the Amended

2    Complaint.

3    63.    PPNC denies the allegations contained in paragraph 63 of the Amended

4    Complaint.

5    64.    PPNC denies the vague allegation contained in paragraph 64 of the

6    Amended Complaint that OxyContin is a "powerful prescription drug," except admits that

7    OxyContin is a Schedule II opioid agonist prescription medication.  PPNC denies knowledge or

8    information sufficient to form a belief as to the truth or falsity of the remaining allegations

9    contained in paragraph 64, except admits that certain of the Purdue defendants developed,

10   marketed or manufactured OxyContin.

11   65.    With regard to the allegation contained in paragraph 65 of the Amended

12   Complaint that OxyContin "was highly addictive," PPNC denies such allegation except states

13   that risks from the use of OxyContin are well known to medical providers and are described in

14   the FDA-approved package insert for OxyContin, which speaks for itself as to its content.  PPNC

15   denies knowledge or information sufficient to form a belief as to the truth or falsity of the

16   remaining allegations contained in paragraph 65.

17   66.    PPNC denies knowledge or information sufficient to form a belief as to the

18   truth or falsity of the allegations contained in paragraph 66 of the Amended Complaint.

19   67.    PPNC denies knowledge or information sufficient to form a belief as to the

20   truth or falsity of the allegations contained in paragraph 67 of the Amended Complaint.

21   68.    PPNC denies knowledge or information sufficient to form a belief as to the

22   truth or falsity of the allegations contained in paragraph 68 of the Amended Complaint.

23   69.    PPNC denies knowledge or information sufficient to form a belief as to the

24   truth or falsity of the allegations contained in paragraph 69 of the Amended Complaint except

25   denies the vague allegation therein that "OxyContin addiction robbed him of his willpower."

26   70.    With regard to the allegation contained in paragraph 70 of the Amended

27   Complaint that OxyContin has "highly addictive properties," PPNC denies such allegation except

28

- 12 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

states that OxyContin is an opioid agonist and a Schedule II controlled substance and that risks

from the use of OxyContin are well-known to medical providers and are described in the FDA-

approved package insert for OxyContin, which speaks for itself as to its content.  Further, PPNC

denies that OxyContin is "unsuitab[le] . . .  for moderate pain relief," and states that OxyContin is

indicated for the management of moderate to severe pain when a continuous, around-the-clock

analgesic is needed for an extended period of time.  PPNC denies knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations contained in

paragraph 70.

71.     PPNC denies the allegations contained in paragraph 71 of the Amended

Complaint, except admits that a plea agreement was signed by The Purdue Frederick Company

Inc. in the United States District Court for the Western District of Virginia, Abington Division,

Case No. 1:07CR00029, which plea agreement speaks for itself as to its content, and pursuant to

which plea agreement The Purdue Frederick Company Inc. entered a plea of guilty to 21 U.S.C.

§§ 331(a) and 333(a)(2) on or about May 10, 2007.  PPNC further admits that The Purdue

Frederick Company Inc. agreed to pay $600 million in fines and other payments and was

sentenced to five years' probation.

72.     PPNC denies the allegations contained in paragraph 72 of the Amended

Complaint, except admits that plea agreements were signed by Howard R. Udell (currently

Executive Vice President and Chief Legal Officer of Purdue Pharma L.P. and, formerly,

Executive Vice President and Chief Legal Officer of The Purdue Frederick Company Inc.), Paul

D. Goldenheim (formerly Executive Vice President of Worldwide Research & Development and

Chief Scientific Officer of Purdue Pharma L.P. and The Purdue Frederick Company), and

Michael Friedman (formerly President and Chief Executive Officer of Purdue Pharma L.P. and

The Purdue Frederick Company Inc.) in the United States District Court for the Western District

of Virginia, Case No. 1:07CR00029, which plea agreements speak for themselves as to their

content and pursuant to which plea agreements each signatory entered a plea of guilty on or

about May 10, 2007.  PPNC further admits that Howard R. Udell. Paul D. Goldenheim, and

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1   Michael Friedman agreed to pay a total of $34.5 million in fines, and were sentenced to three

2   years' probation and 400 hours of community service in drug treatment programs by the

3   Honorable James P. Jones of the United States District Court for the Western District of Virginia.

4          73.     PPNC denies knowledge or information sufficient to form a belief as to the

5   truth or falsity of the allegations contained in the first sentence of paragraph 73 of the Amended

6   Complaint.  PPNC denies the allegations contained in the second sentence of paragraph 73.

7          74.     PPNC denies the allegations contained in paragraph 74 of the Amended

8   Complaint, except admits that OxyContin is a controlled-release opioid analgesic Schedule II

9   prescription medication which is designed to provide controlled delivery of oxycodone over an

10  extended period of time and is normally taken every twelve hours.  PPNC further admits that the

11  active opioid ingredient in OxyContin is oxycodone hydrochloride, and that certain other

12  medications, including Percocet, contain oxycodone along with other ingredients, and states that

13  some strengths of OxyContin contain more oxycodone than many immediate-release

14  formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

15  is released over time if the tablet is taken orally intact.

16         75.     PPNC denies the allegations contained in paragraph 75 of the Amended

17  Complaint, except admits that certain of the Purdue defendants applied for patents covering

18  OxyContin, a controlled-release opioid analgesic prescription medication, and states that the

19  patent applications for OxyContin speak for themselves as to their content.  PPNC further admits

20  that titration of a pain medication can involve adjusting a patient's dosage to provide adequate

21  pain relief, and that the level of side effects experienced by the patient, if any, can be a factor in

22  such titration.

23         76.     PPNC denies the allegations contained in paragraph 76 of the Amended

24  Complaint, except states that any statements made in connection with the patent applications for

25  OxyContin speak for themselves as to their content, admits that OxyContin was approved by the

26  FDA on December 12, 1995, and states that the original FDA-approved package insert for

27  OxyContin speaks for itself as to its content.

28

LA1 - 114678.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    77.    PPNC denies the allegations contained in paragraph 77 of the Amended

2    Complaint, except, with regard to the allegation that OxyContin is "highly addictive, and can

3    produce withdrawal symptoms in patients who use it for only five to seven days," states that

4    OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability

5    similar to morphine, and that risks from the use of OxyContin are described in the FDA -

6    approved package insert for OxyContin, which speaks for itself as to its content.

7    78.    PPNC denies the allegations contained in paragraph 78 of the Amended

8    Complaint, except admits that from January 1996 through June 30, 2001, the sale of OxyContin

9    generated approximately $2.8 billion in revenue.  PPNC further admits that, for certain years,

10   OxyContin has been the best selling and most profitable product of certain of the Purdue

11   defendants.

12   79.    PPNC denies the allegations contained in paragraph 79 of the Amended

13   Complaint, except admits that Purdue Pharma L.P. and Abbott Laboratories entered into a Co-

14   Promotion Agreement, which speaks for itself as to its content.

15   80.    PPNC denies the allegations contained in paragraph 80 of the Amended

16   Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

17   the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

18   the Purdue defendants made, or told other employees of certain of the Purdue defendants to

19   make, certain statements about OxyContin to some healthcare professionals that were

20   inconsistent with the package insert for OxyContin and the express warnings it contained about

21   risks associated with the medicine, which statements violated written company policies requiring

22   adherence to the prescribing information.

23   81.    PPNC denies the allegations contained in paragraph 81 of the Amended

24   Complaint, and states that risks from the use of OxyContin are described in the FDA-approved

25   package insert for OxyContin which speaks for itself as to its content, and that OxyContin is, and

26   generally has been, marketed in accordance with the package insert for OxyContin, except that,

27   prior to July 2001, some employees of certain of the Purdue defendants made, or told other

28

- 15 -

LA1 - 114678.01

1  employees of certain of the Purdue defendants to make, certain statements about OxyContin to

2  some healthcare professionals that were inconsistent with the package insert for OxyContin and

3  the express warnings it contained about risks associated with the medicine, which statements

4  violated written company policies requiring adherence to the prescribing information.

5       82.    PPNC denies the allegations contained in paragraph 82 of the Amended

6  Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

7  the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

8  the Purdue defendants made, or told other employees of certain of the Purdue defendants to

9  make, certain statements about OxyContin to some healthcare professionals that were

10 inconsistent with the package insert for OxyContin and the express warnings it contained about

11 risks associated with the medicine, which statements violated written company policies requiring

12 adherence to the prescribing information.

13      83.    PPNC denies the allegations contained in the first sentence of paragraph 83

14 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in

15 accordance with the package insert for OxyContin, except that, prior to July 2001, some

16 employees of certain of the Purdue defendants made, or told other employees of certain of the

17 Purdue defendants to make, certain statements about OxyContin to some healthcare professionals

18 that were inconsistent with the package insert for OxyContin and the express warnings it

19 contained about risks associated with the medicine, which statements violated written company

20 policies requiring adherence to the prescribing information.  PPNC denies the allegations

21 contained in the second sentence of paragraph 83.  PPNC denies the allegations contained in the

22 third sentence of paragraph 83, except admits that the marketing of OxyContin included

23 marketing to general practitioners, among other physicians.  PPNC denies the allegations

24 contained in the fourth sentence of paragraph 83, and states that risks from the use of OxyContin

25 are described in the FDA-approved package insert for OxyContin, which speaks for itself as to

26 its content.

27      84.    PPNC denies the allegations contained in paragraph 84 of the Amended

28 Complaint.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 16 -
PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

85.     PPNC denies the allegations contained in paragraph 85 of the Amended Complaint.

86.     PPNC denies the allegations contained in paragraph 86 of the Amended Complaint on the grounds that plaintiffs' use of the term "true facts" is vague and ambiguous.

87.     PPNC denies the allegations contained in paragraph 87 of the Amended Complaint.

88.     PPNC denies the allegations contained in paragraph 88 of the Amended Complaint.

89.     PPNC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 89 of the Amended Complaint.  PPNC denies the remaining allegations contained in paragraph 89, except states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.

90.     PPNC denies the allegations contained in paragraph 90 of the Amended Complaint.

91.     PPNC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Amended Complaint.

92.     PPNC denies the allegations contained in paragraph 92 of the Amended Complaint.

93.     PPNC denies the allegations contained in paragraph 93 of the Amended Complaint.

94.     PPNC denies the allegations contained in paragraph 94 of the Amended Complaint.

95.     PPNC denies the allegations contained in paragraph 95 of the Amended Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1

## AS TO COUNT THREE

2      96.     PPNC repeats and realleges its responses to paragraphs 1 through 95 of the

3  Amended Complaint, as if fully set forth herein.

4      97.     PPNC denies the allegations contained in paragraph 97 of the Amended

5  Complaint, except admits that certain of the Purdue defendants were engaged in the business of

6  manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

7  marketing, distributing or selling of OxyContin, and that OxyContin is an opioid analgesic

8  prescription medication.  PPNC further states that OxyContin is only legally available to

9  members of the general public pursuant to a valid prescription from their physician.

10     98.     PPNC denies the allegations contained in paragraph 98 of the Amended

11  Complaint.

12     99.     PPNC denies the allegations contained in paragraph 99 of the Amended

13  Complaint.

14     100.    PPNC denies the allegations contained in paragraph 100 of the Amended

15  Complaint.

16     101.    PPNC denies the allegations contained in the first sentence of paragraph

17  101 of the Amended Complaint.  PPNC denies knowledge or information sufficient to form a

18  belief as to the truth or falsity of the allegations contained in the second sentence of paragraph

19  101.

20     102.    PPNC denies the allegations contained in the first and fourth sentences of

21  paragraph 102 of the Amended Complaint.  PPNC denies knowledge or information sufficient to

22  form a belief as to the truth or falsity of the allegations contained in the second, third and fifth

23  sentences of paragraph 102.

24     103.    PPNC denies the allegations contained in paragraph 103 of the Amended

25  Complaint.

26     104.    PPNC denies knowledge or information sufficient to form a belief as to the

27  truth or falsity of the allegations contained in paragraph 104 of the Amended Complaint.

28

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114678.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

105.    PPNC denies the allegations contained in paragraph 105 of the Amended Complaint.

### AS TO COUNT FOUR

106.    PPNC repeats and realleges its responses to paragraphs 1 through 105 of the Amended Complaint, as if fully set forth herein.

107.    PPNC denies the allegations contained in paragraph 107 of the Amended Complaint, except admits that certain of the Purdue defendants were engaged in the business of manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting, marketing, distributing or selling of OxyContin, and that OxyContin is an opioid analgesic prescription medication.  PPNC further states that OxyContin is only legally available to members of the general public pursuant to a valid prescription from their physician.

108.    PPNC denies the allegations contained in paragraph 108 of the Amended Complaint.

109.    PPNC denies the allegations contained in paragraph 109 of the Amended Complaint, except states that risks from the use of OxyContin are described in the package insert for OxyContin, which speaks for itself as to its content.

110.    PPNC denies the allegations contained in paragraph 110 of the Amended Complaint.

111.    PPNC denies the allegations contained in paragraph 111 of the Amended Complaint, and specifically denies that OxyContin contains "defects."

112.    PPNC denies the allegations contained in paragraph 112 of the Amended Complaint.

113.    PPNC denies the allegations contained in paragraph 113 of the Amended Complaint.

114.    PPNC denies the allegations contained in paragraph 114 of the Amended Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

- 19 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1

## AS TO COUNT FIVE

2   115.   PPNC repeats and realleges its responses to paragraphs 1 through 114 of

3   the Amended Complaint, as if fully set forth herein.

4   116.   PPNC denies the allegations contained in paragraph 116 of the Amended

5   Complaint.

6   117.   PPNC denies the allegations contained in paragraph 117 of the Amended

7   Complaint.

8   118.   PPNC denies the allegations contained in paragraph 118 of the Amended

9   Complaint.

10   119.   PPNC denies the allegations contained in paragraph 119 of the Amended

11   Complaint, and specifically denies that there was or is any "defective condition" of OxyContin.

12   120.   PPNC denies the allegations contained in paragraph 120 of the Amended

13   Complaint.

14   121.   PPNC denies the allegations contained in paragraph 121 of the Amended

15   Complaint.

16   122.   PPNC denies the allegations contained in paragraph 122 of the Amended

17   Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

18

## AS TO COUNT SIX

19   123.   PPNC repeats and realleges its responses to paragraphs 1 through 122 of

20   the Amended Complaint, as if fully set forth herein.

21   124.   PPNC denies the allegations contained in paragraph 124 of the Amended

22   Complaint.

23   125.   PPNC denies the allegations contained in paragraph 125 of the Amended

24   Complaint.

25   126.   PPNC denies the allegations contained in paragraph 126 of the Amended

26   Complaint.

27

28

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

1        127.   PPNC denies the allegations contained in paragraph 127 of the Amended

2 Complaint, and specifically denies that there was or is any "defective condition" of OxyContin.

3        128.   PPNC denies the allegations contained in paragraph 128 of the Amended

4 Complaint.

5        129.   PPNC denies the allegations contained in paragraph 129 of the Amended

6 Complaint.

7        130.   PPNC denies the allegations contained in paragraph 130 of the Amended

8 Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

9 <div align="center">**<u>AS TO COUNT SEVEN</u>**</div>

10       131.   PPNC repeats and realleges its responses to paragraphs 1 through 130 of

11 the Amended Complaint, as if fully set forth herein.

12       132.   PPNC denies knowledge or information sufficient to form a belief as to the

13 truth or falsity of the allegations contained in paragraph 132 of the Amended Complaint that

14 plaintiff Ryan L. Hobbs used OxyContin. PPNC denies the remaining allegations contained in

15 paragraph 132, except admits that certain of the Purdue defendants promoted OxyContin to

16 medical professionals, including by advertisements in certain medical or professional

17 publications, and that employee sales representatives of certain of the Purdue defendants called

18 upon physicians in connection with the promotion of OxyContin.

19       133.   PPNC denies the allegations contained in paragraph 133 of the Amended

20 Complaint.

21       134.   PPNC denies the allegations contained in paragraph 134 of the Amended

22 Complaint.

23       135.   PPNC denies the allegations contained in paragraph 135 of the Amended

24 Complaint, and specifically denies that OxyContin was or is "defective and unsafe for its

25 intended use."

26       136.   PPNC denies the allegations contained in paragraph 136 of the Amended

27 Complaint.

28

<div align="left" style="font-weight:bold; writing-mode:vertical">CHADBOURNE & PARKE LLP<br/>350 South Grand Avenue, Suite 3300<br/>Los Angeles, CA 90071 (213) 892-1000</div>

<div align="center">- 21 -</div>

LA1 - 114678.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1          137.    PPNC denies the allegations contained in paragraph 137 of the Amended

2  Complaint.

3          138.    PPNC denies the allegations contained in paragraph 138 of the Amended

4  Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

5  <div align="center">**AS TO COUNT EIGHT**</div>

6          139.    PPNC repeats and realleges its responses to paragraphs 1 through 138 of

7  the Amended Complaint, as if fully set forth herein.

8          140.    PPNC denies the allegations contained in paragraph 140 of the Amended

9  Complaint, except admits that certain of the Purdue defendants were engaged in the business of

10  manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

11  marketing, distributing or selling OxyContin, and that OxyContin is an opioid analgesic

12  prescription medication indicated for the management of moderate to severe pain when a

13  continuous, around-the-clock analgesic is needed for an extended period of time.

14          141.    PPNC denies the allegations contained in paragraph 141 of the Amended

15  Complaint.

16          142.    PPNC denies the allegations contained in paragraph 142 of the Amended

17  Complaint.

18          143.    PPNC denies the allegations contained in paragraph 143 of the Amended

19  Complaint, and specifically denies that OxyContin contains "defects."

20          144.    PPNC denies the allegations contained in paragraph 144 of the Amended

21  Complaint.

22          145.    PPNC denies the allegations contained in paragraph 145 of the Amended

23  Complaint.

24          146.    PPNC denies the allegations contained in paragraph 146 of the Amended

25  Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

26

27

28

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1

## AS TO COUNT NINE

147.    PPNC repeats and realleges its responses to paragraphs 1 through 146 of the Amended Complaint, as if fully set forth herein.

148.    PPNC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 148 of the Amended Complaint.

149.    PPNC denies the allegation contained in paragraph 149 of the Amended Complaint that "Defendants are liable in tort for the injury to Plaintiffs," and repeats and realleges its responses to the allegations contained in any "Preliminary Allegations" and the First through Eighth Causes of Action of the Amended Complaint, as if fully set forth herein.

150.    PPNC denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations contained in paragraph 150 of the Amended Complaint.

151.    PPNC denies the allegations contained in paragraph 151 of the Amended Complaint.

In response to the WHEREFORE clause located on pages 30 through 34 of the Amended Complaint, PPNC denies the allegations contained therein, and specifically denies that plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The injuries and damages claimed by plaintiffs were caused, in whole or in part, by actions or omissions of others for whose conduct PPNC is not responsible.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the proximate cause of any alleged injury was plaintiff Ryan Hobbs' choice to use, misuse or abuse OxyContin in a manner other than that recommended.  The intervening or superseding cause of any injury allegedly sustained by plaintiffs accordingly would be plaintiff Ryan Hobbs' own conduct.

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

**FOURTH AFFIRMATIVE DEFENSE**

The intervening or superseding cause of any injury allegedly sustained by plaintiffs may be conduct which is illicit, criminal, or otherwise improper, and for which PPNC cannot be held responsible.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent plaintiff Ryan Hobbs was prescribed OxyContin for medical purposes other than those for which OxyContin has been approved by the FDA.

**EIGHTH AFFIRMATIVE DEFENSE**

The product at issue, OxyContin, was approved pursuant to the applicable statutes and regulations.  The labeling for OxyContin was also approved by the FDA.  Such actions and federal regulations and statutes preempt plaintiffs' claims under state law.

**NINTH AFFIRMATIVE DEFENSE**

The doctrine of primary jurisdiction bars plaintiffs' claims.  The FDA has primary jurisdiction over the issues raised in the Amended Complaint.  The FDA, pursuant to federal law, has exclusive regulatory control of products such as the product at issue here.  Therefore, this Court should defer any consideration of the issues raised in the Amended Complaint which are properly within the purview of the FDA and refer such issues to that agency for determination.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the contributory negligence of plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs failed to mitigate the alleged injuries or damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs consented to the acts alleged in the Amended Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that those claims are based on an alleged duty to warn of risks associated with the use of OxyContin, inasmuch as plaintiff Ryan L. Hobbs was warned or was otherwise made aware of alleged dangers of the product, and further, any such alleged dangers were not beyond that which would have been contemplated by the ordinary consumer of the product with the ordinary knowledge common to the community.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the design, inspection, packaging, and/or labeling of OxyContin are, and have always been, consistent with the generally recognized technological, medical, scientific, and industrial state-of-the-art.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because statements, promotions and advertisements of OxyContin are protected by the First Amendment of the United States Constitution and the correlative provisions of the California Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault, or liability, PPNC states that it would be entitled to a full credit, offset, *pro-rata* reduction, or

- 25 -

percentage reduction, based on the percentage of fault attributable to each settling defendant, in the event plaintiffs settle with any defendant, pursuant to the applicable statutes.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that the dangers, if any, claimed by plaintiffs were open and obvious.

### NINETEENTH AFFIRMATIVE DEFENSE

If the product allegedly involved in this action was defective or unreasonably dangerous, which PPNC denies, plaintiff Ryan L. Hobbs was aware thereof and unreasonably proceeded to make use of the product in that condition.

### TWENTIETH AFFIRMATIVE DEFENSE

PPNC states that all OxyContin lawfully sold or distributed in the United States carries warnings which adequately informed plaintiff Ryan L. Hobbs of any alleged health risks of using OxyContin.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

PPNC states that plaintiffs did not justifiably rely on the activities attributed by plaintiffs to PPNC in the Amended Complaint, and that any injuries or damages complained of in the Amended Complaint were not caused by PPNC's alleged actions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent the injuries alleged in the Amended Complaint resulted from a pre-existing and/or unrelated medical or psychiatric condition and/or idiosyncratic reaction to OxyContin and not from any act or omission by any of the defendants or by any defect in OxyContin.  PPNC further states that the damages and injuries alleged, if any, may have been caused or enhanced by a preexisting medical or psychiatric condition of plaintiffs that were not related to the distribution, sale or use of OxyContin.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages are too speculative to form the basis for relief.

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

2    While denying that plaintiffs suffered any injury for which PPNC is liable, PPNC

3    avers that any injuries suffered by plaintiffs have been mitigated, in whole or in part, by

4    reimbursement from collateral sources.

5

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

6    Plaintiffs' claims are barred by the learned intermediary doctrine.

7

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

8    Plaintiffs' claims are barred, in whole or in part, if plaintiff Ryan L. Hobbs altered

9    the OxyContin tablets and ingested them in a manner other than that described in OxyContin's

10   instructions for use.

11

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

12   Plaintiffs are barred from recovering any damages by virtue of the fact that any

13   harm caused by OxyContin was caused by an inherent aspect of the product which could not be

14   eliminated without compromising its usefulness.

15

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

16   Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack privity

17   with PPNC.

18

### TWENTY-NINTH AFFIRMATIVE DEFENSE

19   Plaintiffs are barred from recovering any damages by virtue of the fact that there

20   was no practical or technically feasible alternative design or formulation that would have

21   prevented the harm alleged by plaintiffs without substantially impairing its usefulness or

22   intended purpose of the product.

23

### THIRTIETH AFFIRMATIVE DEFENSE

24   Plaintiffs' claims violate the due process provisions of the United States

25   Constitution and the correlative provisions of the California Constitution to the extent that they

26   seek to deprive PPNC of the procedural and substantive safeguards, including traditional

27   defenses to liability.

28

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114678.01

1

### THIRTY-FIRST AFFIRMATIVE DEFENSE

2      Plaintiffs' claims for punitive damages violate the Excessive Fines and Penalties

3  clause of the United States Constitution and the correlative provisions of the California

4  Constitution.  These claims also violate PPNC's due process and equal protection rights

5  guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the

6  correlative provisions of the California Constitution.

7

### THIRTY-SECOND AFFIRMATIVE DEFENSE

8      With respect to plaintiffs' demands for punitive damages, PPNC specifically

9  incorporates by reference any and all standards or limitations regarding the determination and

10  enforceability of such damage awards set forth in the decisions of BMW v. Gore, 517 U.S. 559

11  (1996), State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408 (2003) and Philip Morris USA

12  v. Williams, 549 U.S.__, 127 S. Ct. 1057 (2007).

13

### THIRTY-THIRD AFFIRMATIVE DEFENSE

14      Plaintiffs' fraud and misrepresentation-based claims are not stated with

15  particularity as required by Fed. R. Civ. P. 9(b).

16

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

17      While PPNC denies any liability to plaintiffs whatsoever, to the extent that

18  plaintiffs seek equitable relief, plaintiffs' claims for such relief are barred as plaintiffs have an

19  adequate remedy at law.

20

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

21      The manufacture, sale and distribution of OxyContin are not unlawful in that

22  express regulatory approval was received therefore and defendants have complied with all

23  statutes and regulations applicable thereto.

24

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

25      Plaintiffs' claims are barred by virtue of the fact that defendants' conduct is

26  regulated by a detailed and comprehensive enforcement scheme established under federal law,

27  and that plaintiffs' claims purport to establish an impermissible form of state court regulation

28

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114678.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

regarding the manufacture, sale, distribution and promotion of OxyContin.  For the same reasons, to the extent those claims are not barred and plaintiffs seek equitable relief, this Court should abstain from exercising its equitable powers.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of exhaustion, primary jurisdiction, express regulatory approval and compliance with the law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, pursuant to Section 402A, comment k of the Restatement (Second) of Torts and/or Section 6 of the Restatement (Third) of Torts.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, PPNC invokes each and every constitutional defense available to it under the constitutions (or similar charters) of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States.  This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on damages.

### FORTIETH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, PPNC invokes each and every statutory and common law defense available to it under the laws of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States with respect to each of the claims alleged in the Amended Complaint that is recognized in that jurisdiction.

### FORTY-FIRST AFFIRMATIVE DEFENSE

PPNC adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action, to the extent such affirmative defense applies to PPNC.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114678.01

1    PPNC reserves the right to assert, and hereby gives notice that it intends to rely

2 upon, any other defense that may become available or appear during discovery proceedings or

3 otherwise in this case and hereby reserves the right to amend its answer to assert any such

4 defense.

5

6    WHEREFORE, PPNC respectfully requests that the Court dismiss the Amended

7 Complaint in its entirety with prejudice and award PPNC its costs and disbursements, including

8 attorneys' fees, incurred in defending this action together with such other relief as this Court

9 deems just and proper.

10

11 Dated:    December 10, 2007        CHADBOURNE & PARKE LLP

12

13                    By:_____/s/ Jay R. Henneberry_____

14
                        Jay R. Henneberry
15                      Robin D. Ball
                     Attorneys for Purdue Pharmaceuticals L.P.
16

17

18

19

20

21

22

23

24

25

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 30 -

## DEMAND FOR JURY TRIAL

Purdue Pharmaceuticals L.P. hereby demands a jury trial on all issues so triable.

Dated:    December 10, 2007                    CHADBOURNE & PARKE LLP


By:_____/s/ Jay R. Henneberry_____

Jay R. Henneberry
Robin D. Ball
Attorneys for Purdue Pharmaceuticals L.P.

PURDUE PHARMACEUTICALS L.P.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114678.01

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000