1  Jay R. Henneberry (State Bar No. 135065)
   jhenneberry@chadbourne.com
2  Robin D. Ball (State Bar No. 159698)
   rball@chadbourne.com
3  CHADBOURNE & PARKE LLP
   350 South Grand Avenue, Suite 3300
4  Los Angeles, CA 90071
   Telephone:    (213) 892-1000
5  Facsimile:    (213) 622-9865

6  Attorneys for The Purdue Frederick Company Inc.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12 | RYAN L. HOBBS and MICHELLE HOBBS, | Case No. C-07-3854-SC |
   |---|---|
13 | | **ANSWER AND AFFIRMATIVE DEFENSES OF THE PURDUE FREDERICK COMPANY INC. TO FIRST AMENDED COMPLAINT** |
   | Plaintiffs, | |
14 | v. | |
15 | PURDUE PHARMA COMPANY et al., | DEMAND FOR JURY TRIAL |
16 | | |
   | Defendants. | |
17 | | |

18

19         The Purdue Frederick Company Inc., doing business as The Purdue Frederick Company,

20 ("PF"), in answer to plaintiffs' First Amended Complaint for Damages for Fraudulent

21 Representation; Fraudulent Concealment; Products Liability -- Negligence; Strict Products

22 Liability: Failure to Warn; Breach of Implied Warranty of Merchantability; Breach of Implied

23 Warranty of Fitness for Particular Purpose; Breach of Express Warranty of Fitness for Particular

24 Purpose; Strict Liability in Tort; Loss of Consortium (hereinafter, "Amended Complaint")[1], states

25 _____

26 [1]    PF states that this answer is filed solely on behalf of PF. Other defendants in this lawsuit
        include Abbott Laboratories, Inc. PF does not and cannot speak on behalf of Abbott
27      Laboratories, Inc., and this answer pertains solely to this answering defendant, and not to

28                                                          (cont'd on following page)

_____
THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
                                                    CASE NO. C-07-3854-SC

LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

as follows:

1.      PF states that paragraph 1 of the Amended Complaint contains plaintiffs' characterization of their claims, to which no answer is required.

### AS TO JURISDICTION

2.      PF states that paragraph 2 of the Amended Complaint contains legal conclusions and plaintiffs' characterization of their claims, to which no answer is required.

### AS TO INTRADISTRICT ASSIGNMENT

3.      PF denies the allegations contained in paragraph 3 of the Amended Complaint, in part on the ground that they are vague and ambiguous.

### AS TO PARTIES

4.      PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Amended Complaint.

5.      PF states that the allegation contained in paragraph 5 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required.  PF denies the remaining allegations contained in paragraph 5, except admits that The Purdue Pharma Company was a Delaware general partnership.  PF further states that the successor in interest to The Purdue Pharma Company is Purdue Pharma L.P.

6.      PF states that the allegation contained in paragraph 6 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PF denies the remaining allegations contained in paragraph 6, except admits that Purdue Pharma L.P. was and is a Delaware limited partnership.

7.      PF states that the allegation contained in paragraph 7 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required.

_____

(cont'd from preceding page)

Abbott Laboratories, Inc.  Plaintiffs' use of the word "defendants" in its allegations does not signal a response by this defendant on behalf of all defendants.

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

PF denies the remaining allegations contained in paragraph 7, except admits that Purdue Pharma Inc. was and is a New York corporation.

8.    PF states that the allegation contained in paragraph 8 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PF denies the remaining allegations contained in paragraph 8, except admits that it was and is a New York corporation with its principal place of business located in Connecticut.

9.    PF states that the allegation contained in paragraph 9 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PF denies the remaining allegations contained in paragraph 9, except admits that Purdue Pharmaceuticals L.P. was and is a Delaware limited partnership.

10.    PF states that the allegation contained in paragraph 10 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PF denies the remaining allegations contained in paragraph 10, except admits that Pharmaceutical Research Associates, Inc. was and is a New York corporation.

11.    PF states that the allegation contained in paragraph 11 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PF denies the remaining allegations contained in paragraph 11, except states that Purdue Pharma Ltd. was a Delaware corporation.  PF further states that the successor-in-interest to Purdue Pharma Ltd. is Purdue Pharma L.P.

12.    PF denies the allegations contained in paragraph 12 of the Amended Complaint, except admits that The P.F. Laboratories, Inc. was and is a New Jersey corporation.

13.    PF states that the allegation contained in paragraph 13 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13.

14.    PF denies the allegations contained in paragraph 14 of the Amended Complaint.

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1      15.     PF denies the allegations contained in paragraph 15 of the Amended

2  Complaint, except admits that certain of the Purdue defendants[2] were engaged in the business of

3  manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

4  marketing, distributing or selling OxyContin® Tablets ("OxyContin"), and that OxyContin is an

5  opioid analgesic prescription medication.  PF further states that OxyContin is only legally

6  available to members of the general public pursuant to a valid prescription from their physician.

7                          **AS TO COUNT ONE**

8      16.     PF repeats and realleges its responses to paragraphs 1 through 15 of the

9  Amended Complaint, as if fully set forth herein.

10      17.     PF denies knowledge or information sufficient to form a belief as to the

11  truth or falsity of the allegations contained in paragraph 17 of the Amended Complaint.

12      18.     PF denies knowledge or information sufficient to form a belief as to the

13  truth or falsity of the allegations contained in paragraph 18 of the Amended Complaint.

14      19.     PF denies knowledge or information sufficient to form a belief as to the

15  truth or falsity of the allegations contained in paragraph 19 of the Amended Complaint.

16      20.     PF denies knowledge or information sufficient to form a belief as to the

17  truth or falsity of the allegations contained in paragraph 20 of the Amended Complaint.

18      21.     PF denies knowledge or information sufficient to form a belief as to the

19  truth or falsity of the allegations contained in paragraph 21 of the Amended Complaint.

20      22.     PF denies knowledge or information sufficient to form a belief as to the

21  truth or falsity of the allegations contained in the first and last sentences of paragraph 22 of the

22  Amended Complaint and the allegation contained in the second sentence of paragraph 22 that

23  OxyContin was prescribed to plaintiff Ryan L. Hobbs.  PF denies the remaining allegations

24  _____

25  [2]   Hereinafter, the "Purdue Defendants" shall refer to PF, Purdue Pharma L.P. (individually,
        and as successor in interest to The Purdue Pharma Company and Purdue Pharma Ltd.),
26      Purdue Pharma Inc., Purdue Pharmaceuticals L.P., Pharmaceutical Research Associates, Inc.,
        and The P.F. Laboratories, Inc.

27

28

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
                                                    CASE NO. C-07-3854-SC
LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1  contained in paragraph 22, except admits that certain of the Purdue defendants developed or

2  marketed OxyContin, that OxyContin is a brand-name controlled-release opioid analgesic

3  Schedule II prescription medication; and that the active opioid ingredient in OxyContin is

4  oxycodone hydrochloride.  PF further admits that OxyContin is designed to provide controlled

5  delivery of oxycodone over an extended period of time and is normally taken every twelve hours,

6  and that some strengths of OxyContin contain more oxycodone than many immediate-release

7  formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

8  is released over time if the tablet is taken orally intact.  PF further admits that, as set forth in the

9  Food and Drug Administration of the United States Department of Health and Human Services

10  ("FDA") - approved professional prescribing information ("package insert") for OxyContin,

11  OxyContin has an abuse liability similar to morphine.

12          23.      With regard to the allegations contained in paragraph 23 of the Amended

13  Complaint that OxyContin is "highly addictive" and "[l]ike morphine, OxyContin is highly

14  addictive, and can produce withdrawal symptoms in patients who use it for only five to seven

15  days," PF denies such allegations, except states that OxyContin is an opioid agonist and a

16  Schedule II controlled substance with an abuse liability similar to morphine, and that risks from

17  the use of OxyContin are well known to medical providers and are described in the FDA-

18  approved package insert for OxyContin, which speaks for itself as to its content.  PF denies

19  knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

20  allegations contained in paragraph 23.

21          24.      PF denies knowledge or information sufficient to form a belief as to the

22  truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint.

23          25.      PF denies knowledge or information sufficient to form a belief as to the

24  truth or falsity of the allegations contained in paragraph 25 of the Amended Complaint.

25          26.      PF denies knowledge or information sufficient to form a belief as to the

26  truth or falsity of the allegations contained in paragraph 26 of the Amended Complaint.

27

28

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

27.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Amended Complaint, except denies the vague allegation therein that "OxyContin addiction robbed him of his willpower."

28.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Amended Complaint.

29.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Amended Complaint.

30.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint.

31.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Amended Complaint.

32.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Amended Complaint.

33.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Amended Complaint.

34.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Amended Complaint, except, with regard to the allegation therein that OxyContin has "highly addictive properties," denies such allegation except states that OxyContin is an opioid agonist and a Schedule II controlled substance, and that risks from the use of OxyContin are well-known to medical providers and are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.  Further, PF denies that OxyContin is "unsuitab[le] . . . for moderate pain relief," and states that OxyContin is indicated for the management of moderate to severe pain when a continuous, around-the-clock analgesic is needed for an extended period of time.

35.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Amended Complaint.

- 6 -

LA1 - 114674.01

36.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Amended Complaint.

37.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Amended Complaint.

38.     PF denies the allegations contained in paragraph 38 of the Amended Complaint, except admits that a plea agreement was signed by PF in the United States District Court for the Western District of Virginia, Abington Division, Case No. 1:07CR00029, which plea agreement speaks for itself as to its content, and pursuant to which plea agreement PF entered a plea of guilty to 21 U.S.C. §§ 331(a) and 333(a)(2) on or about May 10, 2007.  PF further admits that PF agreed to pay $600 million in fines and other payments and was sentenced to five years' probation.

39.     PF denies the allegations contained in paragraph 39 of the Amended Complaint, except admits that plea agreements were signed Howard R. Udell (currently Executive Vice President and Chief Legal Officer of Purdue Pharma L.P. and, formerly, Executive Vice President and Chief Legal Officer of PF), Paul D. Goldenheim (formerly Executive Vice President of Worldwide Research & Development and Chief Scientific Officer of Purdue Pharma L.P. and The Purdue Frederick Company), and Michael Friedman (formerly President and Chief Executive Officer of Purdue Pharma L.P. and PF) in the United States District Court for the Western District of Virginia Case No. 1:07CR00029, which plea agreements speak for themselves as to their content and pursuant to which plea agreements each signatory entered a plea of guilty on or about May 10, 2007.  PF further admits that Howard R. Udell, Paul D. Goldenheim and Michael Friedman agreed to pay a total of $34.5 million in fines, and were sentenced to three years' probation and 400 hours of community service in drug treatment programs by the Honorable James P. Jones of the United States District Court for the Western District of Virginia.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071  (213) 892-1000

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

1    40.    PF denies knowledge or information sufficient to form a belief as to the

2   truth or falsity of the allegations contained in the first sentence of paragraph 40 of the Amended

3   Complaint.  PF denies the allegations contained in the second sentence of paragraph 40.

4    41.    PF denies the allegations contained in paragraph 41 of the Amended

5   Complaint.

6    42.    PF denies the allegations contained in paragraph 42 of the Amended

7   Complaint, except admits that OxyContin is a controlled-release opioid analgesic Schedule II

8   prescription medication which is designed to provide controlled delivery of oxycodone over an

9   extended period of time and is normally taken every twelve hours.  PF further admits that the

10  active opioid ingredient in OxyContin is oxycodone hydrochloride, and that certain other

11  medications, including Percocet, contain oxycodone along with other ingredients, and states that

12  some strengths of OxyContin contain more oxycodone than many immediate-release

13  formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

14  is released over time if the tablet is taken orally intact.

15   43.    PF denies the allegations contained in paragraph 43 of the Amended

16  Complaint, except admits that certain of the Purdue defendants applied for patents covering

17  OxyContin, a controlled-release opioid analgesic prescription medication, and states that the

18  patent applications for OxyContin speak for themselves as to their content.  PF further admits

19  that titration of a pain medication can involve adjusting a patient's dosage to provide adequate

20  pain relief, and that the level of side effects experienced by the patient, if any, can be a factor in

21  such titration.

22   44.    PF denies the allegations contained in paragraph 44 of the Amended

23  Complaint, except states that any statements made in connection with the patent applications for

24  OxyContin speak for themselves as to their content.

25   45.    PF denies the allegations contained in paragraph 45 of the Amended

26  Complaint, except admits that OxyContin was approved by the FDA on December 12, 1995, and

27  states that the original FDA-approved package insert for OxyContin speaks for itself as to its

28

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071  (213) 892-1000

content, and that the insert stated that "[d]elayed absorption, as provided by OxyContin tablets, is believed to reduce the abuse liability of the drug."

46.    PF denies the allegations contained in paragraph 46 of the Amended Complaint, except, with regard to the allegation that OxyContin is "highly addictive, and can produce withdrawal symptoms in patients who use it for only five to seven days," states that OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability similar to morphine, and that risks from the use of OxyContin are described in the FDA - approved package insert for OxyContin, which speaks for itself as to its content.

47.    PF denies the allegations contained in paragraph 47 of the Amended Complaint, except admits that from January 1996 through June 30, 2001, the sale of OxyContin generated approximately $2.8 billion in revenue.  PF further admits that, for certain years, OxyContin has been the best selling and most profitable product of certain of the Purdue defendants.

48.    PF denies the allegations contained in paragraph 48 of the Amended Complaint, except admits that Purdue Pharma L.P. and Abbott Laboratories entered into a Co-Promotion Agreement, which speaks for itself as to its content.

49.    PF denies the allegations contained in paragraph 49 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

50.    PF denies the allegations contained in paragraph 50 of the Amended Complaint, and states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content, and that OxyContin is,

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC
LA1 - 114674.01

1   and generally has been, marketed in accordance with the package insert for OxyContin, except

2   that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other

3   employees of certain of the Purdue defendants to make, certain statements about OxyContin to

4   some healthcare professionals that were inconsistent with the package insert for OxyContin and

5   the express warnings it contained about risks associated with the medicine, which statements

6   violated written company policies requiring adherence to the prescribing information.

7           51.     PF denies the allegations contained in paragraph 51 of the Amended

8   Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

9   the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

10  the Purdue defendants made, or told other employees of certain of the Purdue defendants to

11  make, certain statements about OxyContin to some healthcare professionals that were

12  inconsistent with the package insert for OxyContin and the express warnings it contained about

13  risks associated with the medicine, which statements violated written company policies requiring

14  adherence to the prescribing information.

15          52.     PF denies the allegations contained in the first sentence of paragraph 52 of

16  the Amended Complaint, and states that OxyContin is, and generally has been, marketed in

17  accordance with the package insert for OxyContin, except that, prior to July 2001, some

18  employees of certain of the Purdue defendants made, or told other employees of certain of the

19  Purdue defendants to make, certain statements about OxyContin to some healthcare professionals

20  that were inconsistent with the package insert for OxyContin and the express warnings it

21  contained about risks associated with the medicine, which statements violated written company

22  policies requiring adherence to the prescribing information.  PF denies the allegations contained

23  in the second sentence of paragraph 52.  PF denies the allegations contained in the third sentence

24  of paragraph 52, except admits that the marketing of OxyContin included marketing to general

25  practitioners, among other physicians.  PF denies the allegations contained in the fourth sentence

26  of paragraph 52, and states that risks from the use of OxyContin are described in the FDA-

27  approved package insert for OxyContin, which speaks for itself as to its content.

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 10 -

53.     PF denies the allegations contained in paragraph 53 of the Amended Complaint.

54.     PF denies the allegations contained in paragraph 54 of the Amended Complaint.

55.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 55 of the Amended Complaint.  PF denies the remaining allegations contained in paragraph 55, except states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.

56.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Amended Complaint.

57.     PF denies the allegations contained in paragraph 57 of the Amended Complaint.

58.     PF denies the allegations contained in paragraph 58 of the Amended Complaint.

59.     PF denies the allegations contained in paragraph 59 of the Amended Complaint.

60.     PF denies the allegations contained in paragraph 60 of the Amended Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

**AS TO COUNT TWO**

61.     PF repeats and realleges its responses to paragraphs 1 through 60 of the Amended Complaint, as if fully set forth herein

62.     PF denies the allegations contained in paragraph 62 of the Amended Complaint.

63.     PF denies the allegations contained in paragraph 63 of the Amended Complaint.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC
LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

64.    PF denies the vague allegation contained in paragraph 64 of the Amended Complaint that OxyContin is a "powerful prescription drug," except admits that OxyContin is a Schedule II opioid agonist prescription medication.  PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 64, except admits that certain of the Purdue defendants developed, marketed or manufactured OxyContin.

65.    With regard to the allegation contained in paragraph 65 of the Amended Complaint that OxyContin "was highly addictive," PF denies such allegation except states that risks from the use of OxyContin are well known to medical providers and are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.  PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 65.

66.    PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Amended Complaint.

67.    PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Amended Complaint.

68.    PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Amended Complaint.

69.    PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Amended Complaint except denies the vague allegation therein that "OxyContin addiction robbed him of his willpower.".

70.    With regard to the allegation contained in paragraph 70 of the Amended Complaint that OxyContin has "highly addictive properties," PF denies such allegation except states that OxyContin is an opioid agonist and a Schedule II controlled substance and that risks from the use of OxyContin are well-known to medical providers and are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.  Further, PF denies that OxyContin is "unsuitab[le] . . . for moderate pain relief," and states that OxyContin is

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC
LA1 - 114674.01

1   indicated for the management of moderate to severe pain when a continuous, around-the-clock

2   analgesic is needed for an extended period of time.  PF denies knowledge or information

3   sufficient to form a belief as to the truth or falsity of the remaining allegations contained in

4   paragraph 70.

5          71.     PF denies the allegations contained in paragraph 71 of the Amended

6   Complaint, except admits that a plea agreement was signed by PF in the United States District

7   Court for the Western District of Virginia, Abington Division, Case No. 1:07CR00029, which

8   plea agreement speaks for itself as to its content, and pursuant to which plea agreement PF

9   entered a plea of guilty to 21 U.S.C. §§ 331(a) and 333(a)(2) on or about May 10, 2007.  PF

10  further admits that PF agreed to pay $600 million in fines and other payments and was sentenced

11  to five years' probation.

12         72.     PF denies the allegations contained in paragraph 72 of the Amended

13  Complaint, except admits that plea agreements were signed by Howard R. Udell (currently

14  Executive Vice President and Chief Legal Officer of Purdue Pharma L.P. and, formerly,

15  Executive Vice President and Chief Legal Officer of PF), Paul D. Goldenheim (formerly

16  Executive Vice President of Worldwide Research & Development and Chief Scientific Officer of

17  Purdue Pharma L.P. and The Purdue Frederick Company), and Michael Friedman (formerly

18  President and Chief Executive Officer of Purdue Pharma L.P. and PF) in the United States

19  District Court for the Western District of Virginia, Case No. 1:07CR00029, which plea

20  agreements speak for themselves as to their content and pursuant to which plea agreements each

21  signatory entered a plea of guilty on or about May 10, 2007.  PF further admits that Howard R.

22  Udell. Paul D. Goldenheim, and Michael Friedman agreed to pay a total of $34.5 million in fines,

23  and were sentenced to three years' probation and 400 hours of community service in drug

24  treatment programs by the Honorable James P. Jones of the United States District Court for the

25  Western District of Virginia.

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071  (213) 892-1000

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

1    73.    PF denies knowledge or information sufficient to form a belief as to the

2    truth or falsity of the allegations contained in the first sentence of paragraph 73 of the Amended

3    Complaint.  PF denies the allegations contained in the second sentence of paragraph 73.

4    74.    PF denies the allegations contained in paragraph 74 of the Amended

5    Complaint, except admits that OxyContin is a controlled-release opioid analgesic Schedule II

6    prescription medication which is designed to provide controlled delivery of oxycodone over an

7    extended period of time and is normally taken every twelve hours.  PF further admits that the

8    active opioid ingredient in OxyContin is oxycodone hydrochloride, and that certain other

9    medications, including Percocet, contain oxycodone along with other ingredients, and states that

10    some strengths of OxyContin contain more oxycodone than many immediate-release

11    formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

12    is released over time if the tablet is taken orally intact.

13    75.    PF denies the allegations contained in paragraph 75 of the Amended

14    Complaint, except admits that certain of the Purdue defendants applied for patents covering

15    OxyContin, a controlled-release opioid analgesic prescription medication, and states that the

16    patent applications for OxyContin speak for themselves as to their content.  PF further admits

17    that titration of a pain medication can involve adjusting a patient's dosage to provide adequate

18    pain relief, and that the level of side effects experienced by the patient, if any, can be a factor in

19    such titration.

20    76.    PF denies the allegations contained in paragraph 76 of the Amended

21    Complaint, except states that any statements made in connection with the patent applications for

22    OxyContin speak for themselves as to their content, admits that OxyContin was approved by the

23    FDA on December 12, 1995, and states that the original FDA-approved package insert for

24    OxyContin speaks for itself as to its content.

25    77.    PF denies the allegations contained in paragraph 77 of the Amended

26    Complaint, except, with regard to the allegation that OxyContin is "highly addictive, and can

27    produce withdrawal symptoms in patients who use it for only five to seven days," states that

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability similar to morphine, and that risks from the use of OxyContin are described in the FDA - approved package insert for OxyContin, which speaks for itself as to its content.

78.    PF denies the allegations contained in paragraph 78 of the Amended Complaint, except admits that from January 1996 through June 30, 2001, the sale of OxyContin generated approximately $2.8 billion in revenue.  PF further admits that, for certain years, OxyContin has been the best selling and most profitable product of certain of the Purdue defendants.

79.    PF denies the allegations contained in paragraph 79 of the Amended Complaint, except admits that Purdue Pharma L.P. and Abbott Laboratories entered into a Co-Promotion Agreement, which speaks for itself as to its content.

80.    PF denies the allegations contained in paragraph 80 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

81.    PF denies the allegations contained in paragraph 81 of the Amended Complaint, and states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin which speaks for itself as to its content, and that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

82.    PF denies the allegations contained in paragraph 82 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

83.    PF denies the allegations contained in the first sentence of paragraph 83 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.  PF denies the allegations contained in the second sentence of paragraph 83.  PF denies the allegations contained in the third sentence of paragraph 83, except admits that the marketing of OxyContin included marketing to general practitioners, among other physicians.  PF denies the allegations contained in the fourth sentence of paragraph 83, and states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.

84.    PF denies the allegations contained in paragraph 84 of the Amended Complaint.

85.    PF denies the allegations contained in paragraph 85 of the Amended Complaint.

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    86.    PF denies the allegations contained in paragraph 86 of the Amended

2    Complaint on the grounds that plaintiffs' use of the term "true facts" is vague and ambiguous.

3    87.    PF denies the allegations contained in paragraph 87 of the Amended

4    Complaint.

5    88.    PF denies the allegations contained in paragraph 88 of the Amended

6    Complaint.

7    89.    PF denies knowledge or information sufficient to form a belief as to the

8    truth or falsity of the allegations contained in the second sentence of paragraph 89 of the

9    Amended Complaint.  PF denies the remaining allegations contained in paragraph 89, except

10   states that risks from the use of OxyContin are described in the FDA-approved package insert for

11   OxyContin, which speaks for itself as to its content.

12   90.    PF denies the allegations contained in paragraph 90 of the Amended

13   Complaint.

14   91.    PF denies knowledge or information sufficient to form a belief as to the

15   truth or falsity of the allegations contained in paragraph 91 of the Amended Complaint.

16   92.    PF denies the allegations contained in paragraph 92 of the Amended

17   Complaint.

18   93.    PF denies the allegations contained in paragraph 93 of the Amended

19   Complaint.

20   94.    PF denies the allegations contained in paragraph 94 of the Amended

21   Complaint.

22   95.    PF denies the allegations contained in paragraph 95 of the Amended

23   Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

24   <u>**AS TO COUNT THREE**</u>

25   96.    PF repeats and realleges its responses to paragraphs 1 through 95 of the

26   Amended Complaint, as if fully set forth herein.

27

28

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1      97.     PF denies the allegations contained in paragraph 97 of the Amended

2  Complaint, except admits that certain of the Purdue defendants were engaged in the business of

3  manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

4  marketing, distributing or selling of OxyContin, and that OxyContin is an opioid analgesic

5  prescription medication.  PF further states that OxyContin is only legally available to members of

6  the general public pursuant to a valid prescription from their physician.

7      98.     PF denies the allegations contained in paragraph 98 of the Amended

8  Complaint.

9      99.     PF denies the allegations contained in paragraph 99 of the Amended

10  Complaint.

11      100.    PF denies the allegations contained in paragraph 100 of the Amended

12  Complaint.

13      101.    PF denies the allegations contained in the first sentence of paragraph 101

14  of the Amended Complaint.  PF denies knowledge or information sufficient to form a belief as to

15  the truth or falsity of the allegations contained in the second sentence of paragraph 101.

16      102.    PF denies the allegations contained in the first and fourth sentences of

17  paragraph 102 of the Amended Complaint.  PF denies knowledge or information sufficient to

18  form a belief as to the truth or falsity of the allegations contained in the second, third and fifth

19  sentences of paragraph 102.

20      103.    PF denies the allegations contained in paragraph 103 of the Amended

21  Complaint.

22      104.    PF denies knowledge or information sufficient to form a belief as to the

23  truth or falsity of the allegations contained in paragraph 104 of the Amended Complaint.

24      105.    PF denies the allegations contained in paragraph 105 of the Amended

25  Complaint.

26

27

28

- 18 -

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1

## AS TO COUNT FOUR

2    106.    PF repeats and realleges its responses to paragraphs 1 through 105 of the

3    Amended Complaint, as if fully set forth herein.

4    107.    PF denies the allegations contained in paragraph 107 of the Amended

5    Complaint, except admits that certain of the Purdue defendants were engaged in the business of

6    manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

7    marketing, distributing or selling of OxyContin, and that OxyContin is an opioid analgesic

8    prescription medication.  PF further states that OxyContin is only legally available to members of

9    the general public pursuant to a valid prescription from their physician.

10    108.    PF denies the allegations contained in paragraph 108 of the Amended

11    Complaint.

12    109.    PF denies the allegations contained in paragraph 109 of the Amended

13    Complaint, except states that risks from the use of OxyContin are described in the package insert

14    for OxyContin, which speaks for itself as to its content.

15    110.    PF denies the allegations contained in paragraph 110 of the Amended

16    Complaint.

17    111.    PF denies the allegations contained in paragraph 111 of the Amended

18    Complaint, and specifically denies that OxyContin contains "defects."

19    112.    PF denies the allegations contained in paragraph 112 of the Amended

20    Complaint.

21    113.    PF denies the allegations contained in paragraph 113 of the Amended

22    Complaint.

23    114.    PF denies the allegations contained in paragraph 114 of the Amended

24    Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

25    ## AS TO COUNT FIVE

26    115.    PF repeats and realleges its responses to paragraphs 1 through 114 of the

27    Amended Complaint, as if fully set forth herein.

28

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

1    116.    PF denies the allegations contained in paragraph 116 of the Amended

2    Complaint.

3    117.    PF denies the allegations contained in paragraph 117 of the Amended

4    Complaint.

5    118.    PF denies the allegations contained in paragraph 118 of the Amended

6    Complaint.

7    119.    PF denies the allegations contained in paragraph 119 of the Amended

8    Complaint, and specifically denies that there was or is any "defective condition" of OxyContin.

9    120.    PF denies the allegations contained in paragraph 120 of the Amended

10    Complaint.

11    121.    PF denies the allegations contained in paragraph 121 of the Amended

12    Complaint.

13    122.    PF denies the allegations contained in paragraph 122 of the Amended

14    Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

15                                    <u>**AS TO COUNT SIX**</u>

16    123.    PF repeats and realleges its responses to paragraphs 1 through 122 of the

17    Amended Complaint, as if fully set forth herein.

18    124.    PF denies the allegations contained in paragraph 124 of the Amended

19    Complaint.

20    125.    PF denies the allegations contained in paragraph 125 of the Amended

21    Complaint.

22    126.    PF denies the allegations contained in paragraph 126 of the Amended

23    Complaint.

24    127.    PF denies the allegations contained in paragraph 127 of the Amended

25    Complaint, and specifically denies that there was or is any "defective condition" of OxyContin.

26    128.    PF denies the allegations contained in paragraph 128 of the Amended

27    Complaint.

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 20 -

LA1 - 114674.01

1    129.    PF denies the allegations contained in paragraph 129 of the Amended

2   Complaint.

3    130.    PF denies the allegations contained in paragraph 130 of the Amended

4   Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

5                            **AS TO COUNT SEVEN**

6    131.    PF repeats and realleges its responses to paragraphs 1 through 130 of the

7   Amended Complaint, as if fully set forth herein.

8    132.    PF denies knowledge or information sufficient to form a belief as to the

9   truth or falsity of the allegations contained in paragraph 132 of the Amended Complaint that

10  plaintiff Ryan L. Hobbs used OxyContin.  PF denies the remaining allegations contained in

11  paragraph 132, except admits that certain of the Purdue defendants promoted OxyContin to

12  medical professionals, including by advertisements in certain medical or professional

13  publications, and that employee sales representatives of certain of the Purdue defendants called

14  upon physicians in connection with the promotion of OxyContin.

15   133.    PF denies the allegations contained in paragraph 133 of the Amended

16  Complaint.

17   134.    PF denies the allegations contained in paragraph 134 of the Amended

18  Complaint.

19   135.    PF denies the allegations contained in paragraph 135 of the Amended

20  Complaint, and specifically denies that OxyContin was or is "defective and unsafe for its

21  intended use."

22   136.    PF denies the allegations contained in paragraph 136 of the Amended

23  Complaint.

24   137.    PF denies the allegations contained in paragraph 137 of the Amended

25  Complaint.

26   138.    PF denies the allegations contained in paragraph 138 of the Amended

27  Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 21 -

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

1

### AS TO COUNT EIGHT

2       139.    PF repeats and realleges its responses to paragraphs 1 through 138 of the

3   Amended Complaint, as if fully set forth herein.

4       140.    PF denies the allegations contained in paragraph 140 of the Amended

5   Complaint, except admits that certain of the Purdue defendants were engaged in the business of

6   manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

7   marketing, distributing or selling OxyContin, and that OxyContin is an opioid analgesic

8   prescription medication indicated for the management of moderate to severe pain when a

9   continuous, around-the-clock analgesic is needed for an extended period of time.

10      141.    PF denies the allegations contained in paragraph 141 of the Amended

11  Complaint.

12      142.    PF denies the allegations contained in paragraph 142 of the Amended

13  Complaint.

14      143.    PF denies the allegations contained in paragraph 143 of the Amended

15  Complaint, and specifically denies that OxyContin contains "defects."

16      144.    PF denies the allegations contained in paragraph 144 of the Amended

17  Complaint.

18      145.    PF denies the allegations contained in paragraph 145 of the Amended

19  Complaint.

20      146.    PF denies the allegations contained in paragraph 146 of the Amended

21  Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

22                              ### AS TO COUNT NINE

23      147.    PF repeats and realleges its responses to paragraphs 1 through 146 of the

24  Amended Complaint, as if fully set forth herein.

25      148.    PF denies knowledge or information sufficient to form a belief as to the

26  truth or falsity of the allegations contained in paragraph 148 of the Amended Complaint.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 22 -

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

149.    PF denies the allegation contained in paragraph 149 of the Amended Complaint that "Defendants are liable in tort for the injury to Plaintiffs," and repeats and realleges its responses to the allegations contained in any "Preliminary Allegations" and the First through Eighth Causes of Action of the Amended Complaint, as if fully set forth herein.

150.    PF denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations contained in paragraph 150 of the Amended Complaint.

151.    PF denies the allegations contained in paragraph 151 of the Amended Complaint.

In response to the WHEREFORE clause located on pages 30 through 34 of the Amended Complaint, PF denies the allegations contained therein, and specifically denies that plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The injuries and damages claimed by plaintiffs were caused, in whole or in part, by actions or omissions of others for whose conduct PF is not responsible.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the proximate cause of any alleged injury was plaintiff Ryan Hobbs' choice to use, misuse or abuse OxyContin in a manner other than that recommended.  The intervening or superseding cause of any injury allegedly sustained by plaintiffs accordingly would be plaintiff Ryan Hobbs' own conduct.

### FOURTH AFFIRMATIVE DEFENSE

The intervening or superseding cause of any injury allegedly sustained by plaintiffs may be conduct which is illicit, criminal, or otherwise improper, and for which PF cannot be held responsible.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

1

### FIFTH AFFIRMATIVE DEFENSE

2      Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver,

3  estoppel and unclean hands.

4

### SIXTH AFFIRMATIVE DEFENSE

5      Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of

6  risk.

7

### SEVENTH AFFIRMATIVE DEFENSE

8      Plaintiffs' claims are barred, in whole or in part, to the extent plaintiff Ryan Hobbs

9  was prescribed OxyContin for medical purposes other than those for which OxyContin has been

10  approved by the FDA.

11

### EIGHTH AFFIRMATIVE DEFENSE

12      The product at issue, OxyContin, was approved pursuant to the applicable statutes

13  and regulations.  The labeling for OxyContin was also approved by the FDA.  Such actions and

14  federal regulations and statutes preempt plaintiffs' claims under state law.

15

### NINTH AFFIRMATIVE DEFENSE

16      The doctrine of primary jurisdiction bars plaintiffs' claims.  The FDA has primary

17  jurisdiction over the issues raised in the Amended Complaint.  The FDA, pursuant to federal law,

18  has exclusive regulatory control of products such as the product at issue here.  Therefore, this

19  Court should defer any consideration of the issues raised in the Amended Complaint which are

20  properly within the purview of the FDA and refer such issues to that agency for determination.

21

### TENTH AFFIRMATIVE DEFENSE

22      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of

23  limitation.

24

### ELEVENTH AFFIRMATIVE DEFENSE

25      Plaintiffs' claims are barred, in whole or in part, by the contributory negligence of

26  plaintiffs.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs failed to mitigate the alleged injuries or damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs consented to the acts alleged in the Amended Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent that those claims are based on an alleged duty to warn of risks associated with the use of OxyContin, inasmuch as plaintiff Ryan L. Hobbs was warned or was otherwise made aware of alleged dangers of the product, and further, any such alleged dangers were not beyond that which would have been contemplated by the ordinary consumer of the product with the ordinary knowledge common to the community.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the design, inspection, packaging, and/or labeling of OxyContin are, and have always been, consistent with the generally recognized technological, medical, scientific, and industrial state-of-the-art.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because statements, promotions and advertisements of OxyContin are protected by the First Amendment of the United States Constitution and the correlative provisions of the California Constitution.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

While denying any and all allegations of negligence, wrongdoing, fault, or liability, PF states that it would be entitled to a full credit, offset, *pro-rata* reduction, or percentage reduction, based on the percentage of fault attributable to each settling defendant, in the event plaintiffs settle with any defendant, pursuant to the applicable statutes.

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    **EIGHTEENTH AFFIRMATIVE DEFENSE**

2          Plaintiffs are barred from recovering any damages by virtue of the fact that the

3    dangers, if any, claimed by plaintiffs were open and obvious.

4    **NINETEENTH AFFIRMATIVE DEFENSE**

5          If the product allegedly involved in this action was defective or unreasonably

6    dangerous, which PF denies, plaintiff Ryan L. Hobbs was aware thereof and unreasonably

7    proceeded to make use of the product in that condition.

8    **TWENTIETH AFFIRMATIVE DEFENSE**

9          PF states that all OxyContin lawfully sold or distributed in the United States

10   carries warnings which adequately informed plaintiff Ryan L. Hobbs of any alleged health risks

11   of using OxyContin.

12   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

13         PF states that plaintiffs did not justifiably rely on the activities attributed by

14   plaintiffs to PF in the Amended Complaint, and that any injuries or damages complained of in

15   the Amended Complaint were not caused by PF's alleged actions.

16   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

17         Plaintiffs' claims are barred to the extent the injuries alleged in the Amended

18   Complaint resulted from a pre-existing and/or unrelated medical or psychiatric condition and/or

19   idiosyncratic reaction to OxyContin and not from any act or omission by any of the defendants or

20   by any defect in OxyContin.  PF further states that the damages and injuries alleged, if any, may

21   have been caused or enhanced by a preexisting medical or psychiatric condition of plaintiffs that

22   were not related to the distribution, sale or use of OxyContin.

23   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

24         Plaintiffs' claimed damages are too speculative to form the basis for relief.

25   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

26         While denying that plaintiffs suffered any injury for which PF is liable, PF avers

27   that any injuries suffered by plaintiffs have been mitigated, in whole or in part, by reimbursement

28   from collateral sources.

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

1

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2

Plaintiffs' claims are barred by the learned intermediary doctrine.

3

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

4

Plaintiffs' claims are barred, in whole or in part, if plaintiff Ryan L. Hobbs altered

5

the OxyContin tablets and ingested them in a manner other than that described in OxyContin's

6

instructions for use.

7

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

8

Plaintiffs are barred from recovering any damages by virtue of the fact that any

9

harm caused by OxyContin was caused by an inherent aspect of the product which could not be

10

eliminated without compromising its usefulness.

11

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

12

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack privity

13

with PF.

14

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

15

Plaintiffs are barred from recovering any damages by virtue of the fact that there

16

was no practical or technically feasible alternative design or formulation that would have

17

prevented the harm alleged by plaintiffs without substantially impairing its usefulness or

18

intended purpose of the product.

19

**THIRTIETH AFFIRMATIVE DEFENSE**

20

Plaintiffs' claims violate the due process provisions of the United States

21

Constitution and the correlative provisions of the California Constitution to the extent that they

22

seek to deprive PF of the procedural and substantive safeguards, including traditional defenses to

23

liability.

24

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

25

Plaintiffs' claims for punitive damages violate the Excessive Fines and Penalties

26

clause of the United States Constitution and the correlative provisions of the California

27

Constitution.  These claims also violate PF's due process and equal protection rights guaranteed

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 27 -

LA1 - 114674.01

1  by the Fifth and Fourteenth Amendments to the United States Constitution and the correlative

2  provisions of the California Constitution.

3  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

4          With respect to plaintiffs' demands for punitive damages, PF specifically

5  incorporates by reference any and all standards or limitations regarding the determination and

6  enforceability of such damage awards set forth in the decisions of <u>BMW</u> v. <u>Gore</u>, 517 U.S. 559

7  (1996), <u>State Farm Mut. Auto Ins. Co.</u> v. <u>Campbell</u>, 538 U.S. 408 (2003) and <u>Philip Morris USA</u>

8  v. <u>Williams</u>, 549 U.S.__, 127 S. Ct. 1057 (2007).

9  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

10          Plaintiffs' fraud and misrepresentation-based claims are not stated with

11  particularity as required by Fed. R. Civ. P. 9(b).

12  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

13          While PF denies any liability to plaintiffs whatsoever, to the extent that plaintiffs

14  seek equitable relief, plaintiffs' claims for such relief are barred as plaintiffs have an adequate

15  remedy at law.

16  ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

17          The manufacture, sale and distribution of OxyContin are not unlawful in that

18  express regulatory approval was received therefore and defendants have complied with all

19  statutes and regulations applicable thereto.

20  ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

21          Plaintiffs' claims are barred by virtue of the fact that defendants' conduct is

22  regulated by a detailed and comprehensive enforcement scheme established under federal law,

23  and that plaintiffs' claims purport to establish an impermissible form of state court regulation

24  regarding the manufacture, sale, distribution and promotion of OxyContin.  For the same reasons,

25  to the extent those claims are not barred and plaintiffs seek equitable relief, this Court should

26  abstain from exercising its equitable powers.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of exhaustion, primary jurisdiction, express regulatory approval and compliance with the law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, pursuant to Section 402A, comment k of the Restatement (Second) of Torts and/or Section 6 of the Restatement (Third) of Torts.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, PF invokes each and every constitutional defense available to it under the constitutions (or similar charters) of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States.  This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on damages.

### FORTIETH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, PF invokes each and every statutory and common law defense available to it under the laws of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States with respect to each of the claims alleged in the Amended Complaint that is recognized in that jurisdiction.

### FORTY-FIRST AFFIRMATIVE DEFENSE

PF adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action, to the extent such affirmative defense applies to PF.

PF reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its answer to assert any such defense.

- 29 -

LA1 - 114674.01

1      WHEREFORE, PF respectfully requests that the Court dismiss the Amended Complaint

2   in its entirety with prejudice and award PF its costs and disbursements, including attorneys' fees,

3   incurred in defending this action together with such other relief as this Court deems just and

4   proper.

5

6

7   Dated:    December 10, 2007                CHADBOURNE & PARKE LLP

8

9                                             By:_____/s/ Jay R. Henneberry_____

10                                                    Jay R. Henneberry
                                                        Robin D. Ball
11                                                     Attorneys for
                                              The Purdue Frederick Company Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01

1

## **DEMAND FOR JURY TRIAL**

2

The Purdue Frederick Company Inc. hereby demands a jury trial on all issues so

3

triable.

4

5

Dated:    December 10, 2007                    CHADBOURNE & PARKE LLP

6

7

By:_____/s/ Jay R. Henneberry_____

8

Jay R. Henneberry
Robin D. Ball

9

Attorneys for
The Purdue Frederick Company Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

THE PURDUE FREDERICK COMPANY INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114674.01