1   Jay R. Henneberry (State Bar No. 135065)
    jhenneberry@chadbourne.com
2   Robin D. Ball (State Bar No. 159698)
    rball@chadbourne.com
3   CHADBOURNE & PARKE LLP
    350 South Grand Avenue, Suite 3300
4   Los Angeles, CA  90071
    Telephone:    (213) 892-1000
5   Facsimile:    (213) 622-9865

6   Attorneys for Pharmaceutical Research Associates, Inc.

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  RYAN L. HOBBS and MICHELLE        Case No.  C-07-3854-SC
    HOBBS,
13                                    **ANSWER AND AFFIRMATIVE
                Plaintiffs,           DEFENSES OF PHARMACEUTICAL
14                                    RESEARCH ASSOCIATES, INC. TO
        v.                            FIRST AMENDED COMPLAINT**
15
    PURDUE PHARMA COMPANY et al.,     DEMAND FOR JURY TRIAL
16
                Defendants.
17

18          Pharmaceutical Research Associates, Inc.,  ("PRA"), in answer to plaintiffs' First

19  Amended Complaint for Damages for Fraudulent Representation; Fraudulent Concealment;

20  Products Liability -- Negligence; Strict Products Liability: Failure to Warn; Breach of Implied

21  Warranty of Merchantability; Breach of Implied Warranty of Fitness for Particular Purpose;

22  Breach of Express Warranty of Fitness for Particular Purpose; Strict Liability in Tort; Loss of

23  Consortium (hereinafter, "Amended Complaint")[1], states as follows:

24

25  ───────────────────

26  [1]    PRA states that this answer is filed solely on behalf of PRA.  Other defendants in this lawsuit
        include Abbott Laboratories, Inc.  PRA does not and cannot speak on behalf of Abbott
27      Laboratories, Inc., and this answer pertains solely to this answering defendant, and not to

28                                                  (cont'd on following page)

*(left margin, vertical text)* CHADBOURNE & PARKE LLP · 350 South Grand Avenue, Suite 3300 · Los Angeles, CA  90071 (213) 892-1000

1.     PRA states that paragraph 1 of the Amended Complaint contains plaintiffs' characterization of their claims, to which no answer is required.

### AS TO JURISDICTION

2.     PRA states that paragraph 2 of the Amended Complaint contains legal conclusions and plaintiffs' characterization of their claims, to which no answer is required.

### AS TO INTRADISTRICT ASSIGNMENT

3.     PRA denies the allegations contained in paragraph 3 of the Amended Complaint, in part on the ground that they are vague and ambiguous.

### AS TO PARTIES

4.     PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Amended Complaint.

5.     PRA states that the allegation contained in paragraph 5 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required.  PRA denies the remaining allegations contained in paragraph 5, except admits that The Purdue Pharma Company was a Delaware general partnership.  PRA further states that the successor in interest to The Purdue Pharma Company is Purdue Pharma L.P.

6.     PRA states that the allegation contained in paragraph 6 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PRA denies the remaining allegations contained in paragraph 6, except admits that Purdue Pharma L.P. was and is a Delaware limited partnership.

7.     PRA states that the allegation contained in paragraph 7 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PRA denies the remaining allegations contained in paragraph 7, except admits that Purdue Pharma Inc. was and is a New York corporation.

_____

(cont'd from preceding page)

Abbott Laboratories, Inc.  Plaintiffs' use of the word "defendants" in its allegations does not signal a response by this defendant on behalf of all defendants.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

8.      PRA states that the allegation contained in paragraph 8 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PRA denies the remaining allegations contained in paragraph 8, except admits that The Purdue Frederick Company Inc. was and is a New York corporation with its principal place of business located in Connecticut.

9.      PRA states that the allegation contained in paragraph 9 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PRA denies the remaining allegations contained in paragraph 9, except admits that Purdue Pharmaceuticals L.P. was and is a Delaware limited partnership.

10.      PRA states that the allegation contained in paragraph 10 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PRA denies the remaining allegations contained in paragraph 10, except admits that it was and is a New York corporation.

11.      PRA states that the allegation contained in paragraph 11 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PRA denies the remaining allegations contained in paragraph 11, except states that Purdue Pharma Ltd. was a Delaware corporation.  PRA further states that the successor-in-interest to Purdue Pharma Ltd. is Purdue Pharma L.P.

12.      PRA denies the allegations contained in paragraph 12 of the Amended Complaint, except admits that The P.F. Laboratories, Inc. was and is a New Jersey corporation.

13.      PRA states that the allegation contained in paragraph 13 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13.

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114675.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    14.    PRA denies the allegations contained in paragraph 14 of the Amended

2    Complaint.

3    15.    PRA denies the allegations contained in paragraph 15 of the Amended

4    Complaint, except admits that certain of the Purdue defendants[2] were engaged in the business of

5    manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

6    marketing, distributing or selling OxyContin® Tablets ("OxyContin"), and that OxyContin is an

7    opioid analgesic prescription medication.  PRA further states that OxyContin is only legally

8    available to members of the general public pursuant to a valid prescription from their physician.

9    ## AS TO COUNT ONE

10    16.    PRA repeats and realleges its responses to paragraphs 1 through 15 of the

11    Amended Complaint, as if fully set forth herein.

12    17.    PRA denies knowledge or information sufficient to form a belief as to the

13    truth or falsity of the allegations contained in paragraph 17 of the Amended Complaint.

14    18.    PRA denies knowledge or information sufficient to form a belief as to

15    the truth or falsity of the allegations contained in paragraph 18 of the Amended Complaint.

16    19.    PRA denies knowledge or information sufficient to form a belief as to

17    the truth or falsity of the allegations contained in paragraph 19 of the Amended Complaint.

18    20.    PRA denies knowledge or information sufficient to form a belief as to the

19    truth or falsity of the allegations contained in paragraph 20 of the Amended Complaint.

20    21.    PRA denies knowledge or information sufficient to form a belief as to

21    the truth or falsity of the allegations contained in paragraph 21 of the Amended Complaint.

22    22.    PRA denies knowledge or information sufficient to form a belief as to the

23    truth or falsity of the allegations contained in the first and last sentences of paragraph 22 of the

24    

25    [2]    Hereinafter, the "Purdue Defendants" shall refer to The Purdue Frederick Company Inc.,

26    Purdue Pharma L.P. (individually, and as successor in interest to The Purdue Pharma Company and Purdue Pharma Ltd.), Purdue Pharma Inc., Purdue Pharmaceuticals L.P., PRA,

27    and The P.F. Laboratories, Inc.

28    

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC
LA1 - 114675.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1  Amended Complaint and the allegation contained in the second sentence of paragraph 22 that

2  OxyContin was prescribed to plaintiff Ryan L. Hobbs.  PRA denies the remaining allegations

3  contained in paragraph 22, except admits that certain of the Purdue defendants developed or

4  marketed OxyContin, that OxyContin is a brand-name controlled-release opioid analgesic

5  Schedule II prescription medication; and that the active opioid ingredient in OxyContin is

6  oxycodone hydrochloride.  PRA further admits that OxyContin is designed to provide controlled

7  delivery of oxycodone over an extended period of time and is normally taken every twelve hours,

8  and that some strengths of OxyContin contain more oxycodone than many immediate-release

9  formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

10 is released over time if the tablet is taken orally intact.  PRA further admits that, as set forth in

11 the Food and Drug Administration of the United States Department of Health and Human

12 Services ("FDA") - approved professional prescribing information ("package insert") for

13 OxyContin, OxyContin has an abuse liability similar to morphine.

14          23.     With regard to the allegations contained in paragraph 23 of the Amended

15 Complaint that OxyContin is "highly addictive" and "[l]ike morphine, OxyContin is highly

16 addictive, and can produce withdrawal symptoms in patients who use it for only five to seven

17 days," PRA denies such allegations, except states that OxyContin is an opioid agonist and a

18 Schedule II controlled substance with an abuse liability similar to morphine, and that risks from

19 the use of OxyContin are well known to medical providers and are described in the FDA-

20 approved package insert for OxyContin, which speaks for itself as to its content.  PRA denies

21 knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

22 allegations contained in paragraph 23.

23          24.     PRA denies knowledge or information sufficient to form a belief as to the

24 truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint.

25          25.     PRA denies knowledge or information sufficient to form a belief as to the

26 truth or falsity of the allegations contained in paragraph 25 of the Amended Complaint.

27

28

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114675.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

26.    PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Amended Complaint.

27.    PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Amended Complaint, except denies the vague allegation therein that "OxyContin addiction robbed him of his willpower."

28.    PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Amended Complaint.

29.    PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Amended Complaint.

30.    PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint.

31.    PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Amended Complaint.

32.    PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Amended Complaint.

33.    PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Amended Complaint.

34.    PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Amended Complaint, except, with regard to the allegation therein that OxyContin has "highly addictive properties," denies such allegation except states that OxyContin is an opioid agonist and a Schedule II controlled substance, and that risks from the use of OxyContin are well-known to medical providers and are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.  Further, PRA denies that OxyContin is "unsuitab[le] . . . for moderate pain relief," and states that OxyContin is indicated for the management of moderate to severe pain when a continuous, around-the-clock analgesic is needed for an extended period of time.

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114675.01

1   35.    PRA denies knowledge or information sufficient to form a belief as to the
2   truth or falsity of the allegations contained in paragraph 35 of the Amended Complaint.

3   36.    PRA denies knowledge or information sufficient to form a belief as to the
4   truth or falsity of the allegations contained in paragraph 36 of the Amended Complaint.

5   37.    PRA denies knowledge or information sufficient to form a belief as to the
6   truth or falsity of the allegations contained in paragraph 37 of the Amended Complaint.

7   38.    PRA denies the allegations contained in paragraph 38 of the Amended
8   Complaint, except admits that a plea agreement was signed by The Purdue Frederick Company
9   Inc. in the United States District Court for the Western District of Virginia, Abington Division,
10  Case No. 1:07CR00029, which plea agreement speaks for itself as to its content, and pursuant
11  to which plea agreement The Purdue Frederick Company Inc. entered a plea of guilty to 21
12  U.S.C. §§ 331(a) and 333(a)(2) on or about May 10, 2007.  PRA further admits that The
13  Purdue Frederick Company Inc. agreed to pay $600 million in fines and other payments and
14  was sentenced to five years' probation.

15  39.    PRA denies the allegations contained in paragraph 39 of the Amended
16  Complaint, except admits that plea agreements were signed by Howard R. Udell (currently
17  Executive Vice President and Chief Legal Officer of Purdue Pharma L.P. and, formerly,
18  Executive Vice President and Chief Legal Officer of The Purdue Frederick Company Inc.), Paul
19  D. Goldenheim (formerly Executive Vice President of Worldwide Research & Development and
20  Chief Scientific Officer of Purdue Pharma L.P. and The Purdue Frederick Company), and
21  Michael Friedman (formerly President and Chief Executive Officer of Purdue Pharma L.P. and
22  The Purdue Frederick Company Inc.) in the United States District Court for the Western District
23  of Virginia Case No. 1:07CR00029, which plea agreements speak for themselves as to their
24  content and pursuant to which plea agreements each signatory entered a plea of guilty on or
25  about May 10, 2007.  PRA further admits that Howard R. Udell, Paul D. Goldenheim and
26  Michael Friedman agreed to pay a total of $34.5 million in fines, and were sentenced to three

27
28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 7 -

LA1 - 114675.01

1  years' probation and 400 hours of community service in drug treatment programs by the

2  Honorable James P. Jones of the United States District Court for the Western District of Virginia.

3      40.    PRA denies knowledge or information sufficient to form a belief as to the

4  truth or falsity of the allegations contained in the first sentence of paragraph 40 of the Amended

5  Complaint.  PRA denies the allegations contained in the second sentence of paragraph 40.

6      41.    PRA denies the allegations contained in paragraph 41 of the Amended

7  Complaint.

8      42.    PRA denies the allegations contained in paragraph 42 of the Amended

9  Complaint, except admits that OxyContin is a controlled-release opioid analgesic Schedule II

10  prescription medication which is designed to provide controlled delivery of oxycodone over an

11  extended period of time and is normally taken every twelve hours.  PRA further admits that the

12  active opioid ingredient in OxyContin is oxycodone hydrochloride, and that certain other

13  medications, including Percocet, contain oxycodone along with other ingredients, and states that

14  some strengths of OxyContin contain more oxycodone than many immediate-release

15  formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

16  is released over time if the tablet is taken orally intact.

17      43.    PRA denies the allegations contained in paragraph 43 of the Amended

18  Complaint, except admits that certain of the Purdue defendants applied for patents covering

19  OxyContin, a controlled-release opioid analgesic prescription medication, and states that the

20  patent applications for OxyContin speak for themselves as to their content.  PRA further admits

21  that titration of a pain medication can involve adjusting a patient's dosage to provide adequate

22  pain relief, and that the level of side effects experienced by the patient, if any, can be a factor in

23  such titration.

24      44.    PRA denies the allegations contained in paragraph 44 of the Amended

25  Complaint, except states that any statements made in connection with the patent applications for

26  OxyContin speak for themselves as to their content.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 8 -

LA1 - 114675.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    45.    PRA denies the allegations contained in paragraph 45 of the Amended

2    Complaint, except admits that OxyContin was approved by the FDA on December 12, 1995, and

3    states that the original FDA-approved package insert for OxyContin speaks for itself as to its

4    content, and that the insert stated that "[d]elayed absorption, as provided by OxyContin tablets, is

5    believed to reduce the abuse liability of the drug."

6    46.    PRA denies the allegations contained in paragraph 46 of the Amended

7    Complaint, except, with regard to the allegation that OxyContin is "highly addictive, and can

8    produce withdrawal symptoms in patients who use it for only five to seven days," states that

9    OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability

10    similar to morphine, and that risks from the use of OxyContin are described in the FDA -

11    approved package insert for OxyContin, which speaks for itself as to its content.

12    47.    PRA denies the allegations contained in paragraph 47 of the Amended

13    Complaint, except admits that from January 1996 through June 30, 2001, the sale of OxyContin

14    generated approximately $2.8 billion in revenue.  PRA further admits that, for certain years,

15    OxyContin has been the best selling and most profitable product of certain of the Purdue

16    defendants.

17    48.    PRA denies the allegations contained in paragraph 48 of the Amended

18    Complaint, except admits that Purdue Pharma L.P. and Abbott Laboratories entered into a Co-

19    Promotion Agreement, which speaks for itself as to its content.

20    49.    PRA denies the allegations contained in paragraph 49 of the Amended

21    Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

22    the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

23    the Purdue defendants made, or told other employees of certain of the Purdue defendants to

24    make, certain statements about OxyContin to some healthcare professionals that were

25    inconsistent with the package insert for OxyContin and the express warnings it contained about

26    risks associated with the medicine, which statements violated written company policies requiring

27    adherence to the prescribing information.

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

50.     PRA denies the allegations contained in paragraph 50 of the Amended Complaint, and states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content, and that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

51.     PRA denies the allegations contained in paragraph 51 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

52.     PRA denies the allegations contained in the first sentence of paragraph 52 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.  PRA denies the allegations contained in the second sentence of paragraph 52.  PRA denies the allegations contained in the third sentence of paragraph 52, except admits that the marketing of OxyContin included

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114675.01

1  marketing to general practitioners, among other physicians.  PRA denies the allegations

2  contained in the fourth sentence of paragraph 52, and states that risks from the use of OxyContin

3  are described in the FDA-approved package insert for OxyContin, which speaks for itself as to

4  its content.

5          53.    PRA denies the allegations contained in paragraph 53 of the Amended

6  Complaint.

7          54.    PRA denies the allegations contained in paragraph 54 of the Amended

8  Complaint.

9          55.    PRA denies knowledge or information sufficient to form a belief as to the

10 truth or falsity of the allegations contained in the second sentence of paragraph 55 of the

11 Amended Complaint.  PRA denies the remaining allegations contained in paragraph 55, except

12 states that risks from the use of OxyContin are described in the FDA-approved package insert for

13 OxyContin, which speaks for itself as to its content.

14         56.    PRA denies knowledge or information sufficient to form a belief as to the

15 truth or falsity of the allegations contained in paragraph 56 of the Amended Complaint.

16         57.    PRA denies the allegations contained in paragraph 57 of the Amended

17 Complaint.

18         58.    PRA denies the allegations contained in paragraph 58 of the Amended

19 Complaint.

20         59.    PRA denies the allegations contained in paragraph 59 of the Amended

21 Complaint.

22         60.    PRA denies the allegations contained in paragraph 60 of the Amended

23 Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

24                              **AS TO COUNT TWO**

25         61.    PRA repeats and realleges its responses to paragraphs 1 through 60 of the

26 Amended Complaint, as if fully set forth herein

27         62.    PRA denies the allegations contained in paragraph 62 of the Amended

28 Complaint.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 11 -

1      63.    PRA denies the allegations contained in paragraph 63 of the Amended

2  Complaint.

3      64.    PRA denies the vague allegation contained in paragraph 64 of the

4  Amended Complaint that OxyContin is a "powerful prescription drug," except admits that

5  OxyContin is a Schedule II opioid agonist prescription medication.  PRA denies knowledge or

6  information sufficient to form a belief as to the truth or falsity of the remaining allegations

7  contained in paragraph 64, except admits that certain of the Purdue defendants developed,

8  marketed or manufactured OxyContin.

9      65.    With regard to the allegation contained in paragraph 65 of the Amended

10  Complaint that OxyContin "was highly addictive," PRA denies such allegation except states that

11  risks from the use of OxyContin are well known to medical providers and are described in the

12  FDA-approved package insert for OxyContin, which speaks for itself as to its content.  PRA

13  denies knowledge or information sufficient to form a belief as to the truth or falsity of the

14  remaining allegations contained in paragraph 65.

15      66.    PRA denies knowledge or information sufficient to form a belief as to the

16  truth or falsity of the allegations contained in paragraph 66 of the Amended Complaint.

17      67.    PRA denies knowledge or information sufficient to form a belief as to the

18  truth or falsity of the allegations contained in paragraph 67 of the Amended Complaint.

19      68.    PRA denies knowledge or information sufficient to form a belief as to the

20  truth or falsity of the allegations contained in paragraph 68 of the Amended Complaint.

21      69.    PRA denies knowledge or information sufficient to form a belief as to the

22  truth or falsity of the allegations contained in paragraph 69 of the Amended Complaint except

23  denies the vague allegation therein that "OxyContin addiction robbed him of his willpower."

24      70.    With regard to the allegation contained in paragraph 70 of the Amended

25  Complaint that OxyContin has "highly addictive properties," PRA denies such allegation except

26  states that OxyContin is an opioid agonist and a Schedule II controlled substance and that risks

27  from the use of OxyContin are well-known to medical providers and are described in the FDA-

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 12 -

1   approved package insert for OxyContin, which speaks for itself as to its content.  Further, PRA

2   denies that OxyContin is "unsuitab[le] . . .  for moderate pain relief," and states that OxyContin is

3   indicated for the management of moderate to severe pain when a continuous, around-the-clock

4   analgesic is needed for an extended period of time.  PRA denies knowledge or information

5   sufficient to form a belief as to the truth or falsity of the remaining allegations contained in

6   paragraph 70.

7            71.    PRA denies the allegations contained in paragraph 71 of the Amended

8   Complaint, except admits that a plea agreement was signed by The Purdue Frederick Company

9   Inc. in the United States District Court for the Western District of Virginia, Abington Division,

10  Case No. 1:07CR00029, which plea agreement speaks for itself as to its content, and pursuant to

11  which plea agreement The Purdue Frederick Company Inc. entered a plea of guilty to 21 U.S.C.

12  §§ 331(a) and 333(a)(2) on or about May 10, 2007.  PRA further admits that The Purdue

13  Frederick Company Inc. agreed to pay $600 million in fines and other payments and was

14  sentenced to five years' probation.

15           72.    PRA denies the allegations contained in paragraph 72 of the Amended

16  Complaint, except admits that plea agreements were signed by Howard R. Udell (currently

17  Executive Vice President and Chief Legal Officer of Purdue Pharma L.P. and, formerly,

18  Executive Vice President and Chief Legal Officer of The Purdue Frederick Company Inc.), Paul

19  D. Goldenheim (formerly Executive Vice President of Worldwide Research & Development and

20  Chief Scientific Officer of Purdue Pharma L.P. and The Purdue Frederick Company), and

21  Michael Friedman (formerly President and Chief Executive Officer of Purdue Pharma L.P. and

22  The Purdue Frederick Company Inc.) in the United States District Court for the Western District

23  of Virginia, Case No. 1:07CR00029, which plea agreements speak for themselves as to their

24  content and pursuant to which plea agreements each signatory entered a plea of guilty on or

25  about May 10, 2007.  PRA further admits that Howard R. Udell. Paul D. Goldenheim, and

26  Michael Friedman agreed to pay a total of $34.5 million in fines, and were sentenced to three

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 13 -

1    years' probation and 400 hours of community service in drug treatment programs by the

2    Honorable James P. Jones of the United States District Court for the Western District of Virginia.

3            73.     PRA denies knowledge or information sufficient to form a belief as to the

4    truth or falsity of the allegations contained in the first sentence of paragraph 73 of the Amended

5    Complaint.  PRA denies the allegations contained in the second sentence of paragraph 73.

6            74.     PRA denies the allegations contained in paragraph 74 of the Amended

7    Complaint, except admits that OxyContin is a controlled-release opioid analgesic Schedule II

8    prescription medication which is designed to provide controlled delivery of oxycodone over an

9    extended period of time and is normally taken every twelve hours.  PRA further admits that the

10   active opioid ingredient in OxyContin is oxycodone hydrochloride, and that certain other

11   medications, including Percocet, contain oxycodone along with other ingredients, and states that

12   some strengths of OxyContin contain more oxycodone than many immediate-release

13   formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

14   is released over time if the tablet is taken orally intact.

15           75.     PRA denies the allegations contained in paragraph 75 of the Amended

16   Complaint, except admits that certain of the Purdue defendants applied for patents covering

17   OxyContin, a controlled-release opioid analgesic prescription medication, and states that the

18   patent applications for OxyContin speak for themselves as to their content.  PRA further admits

19   that titration of a pain medication can involve adjusting a patient's dosage to provide adequate

20   pain relief, and that the level of side effects experienced by the patient, if any, can be a factor in

21   such titration.

22           76.     PRA denies the allegations contained in paragraph 76 of the Amended

23   Complaint, except states that any statements made in connection with the patent applications for

24   OxyContin speak for themselves as to their content, admits that OxyContin was approved by the

25   FDA on December 12, 1995, and states that the original FDA-approved package insert for

26   OxyContin speaks for itself as to its content.

27

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114675.01

1       77.    PRA denies the allegations contained in paragraph 77 of the Amended

2  Complaint, except, with regard to the allegation that OxyContin is "highly addictive, and can

3  produce withdrawal symptoms in patients who use it for only five to seven days," states that

4  OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability

5  similar to morphine, and that risks from the use of OxyContin are described in the FDA -

6  approved package insert for OxyContin, which speaks for itself as to its content.

7       78.    PRA denies the allegations contained in paragraph 78 of the Amended

8  Complaint, except admits that from January 1996 through June 30, 2001, the sale of OxyContin

9  generated approximately $2.8 billion in revenue.  PRA further admits that, for certain years,

10  OxyContin has been the best selling and most profitable product of certain of the Purdue

11  defendants.

12       79.    PRA denies the allegations contained in paragraph 79 of the Amended

13  Complaint, except admits that Purdue Pharma L.P. and Abbott Laboratories entered into a Co-

14  Promotion Agreement, which speaks for itself as to its content.

15       80.    PRA denies the allegations contained in paragraph 80 of the Amended

16  Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

17  the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

18  the Purdue defendants made, or told other employees of certain of the Purdue defendants to

19  make, certain statements about OxyContin to some healthcare professionals that were

20  inconsistent with the package insert for OxyContin and the express warnings it contained about

21  risks associated with the medicine, which statements violated written company policies requiring

22  adherence to the prescribing information.

23       81.    PRA denies the allegations contained in paragraph 81 of the Amended

24  Complaint, and states that risks from the use of OxyContin are described in the FDA-approved

25  package insert for OxyContin which speaks for itself as to its content, and that OxyContin is, and

26  generally has been, marketed in accordance with the package insert for OxyContin, except that,

27  prior to July 2001, some employees of certain of the Purdue defendants made, or told other

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 15 -

1    employees of certain of the Purdue defendants to make, certain statements about OxyContin to

2    some healthcare professionals that were inconsistent with the package insert for OxyContin and

3    the express warnings it contained about risks associated with the medicine, which statements

4    violated written company policies requiring adherence to the prescribing information.

5             82.    PRA denies the allegations contained in paragraph 82 of the Amended

6    Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

7    the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

8    the Purdue defendants made, or told other employees of certain of the Purdue defendants to

9    make, certain statements about OxyContin to some healthcare professionals that were

10   inconsistent with the package insert for OxyContin and the express warnings it contained about

11   risks associated with the medicine, which statements violated written company policies requiring

12   adherence to the prescribing information.

13            83.    PRA denies the allegations contained in the first sentence of paragraph 83

14   of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in

15   accordance with the package insert for OxyContin, except that, prior to July 2001, some

16   employees of certain of the Purdue defendants made, or told other employees of certain of the

17   Purdue defendants to make, certain statements about OxyContin to some healthcare professionals

18   that were inconsistent with the package insert for OxyContin and the express warnings it

19   contained about risks associated with the medicine, which statements violated written company

20   policies requiring adherence to the prescribing information.  PRA denies the allegations

21   contained in the second sentence of paragraph 83.  PRA denies the allegations contained in the

22   third sentence of paragraph 83, except admits that the marketing of OxyContin included

23   marketing to general practitioners, among other physicians.  PRA denies the allegations

24   contained in the fourth sentence of paragraph 83, and states that risks from the use of OxyContin

25   are described in the FDA-approved package insert for OxyContin, which speaks for itself as to

26   its content.

27            84.    PRA denies the allegations contained in paragraph 84 of the Amended

28   Complaint.

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

LA1 - 114675.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1
2

85.     PRA denies the allegations contained in paragraph 85 of the Amended Complaint.

3
4

86.     PRA denies the allegations contained in paragraph 86 of the Amended Complaint on the grounds that plaintiffs' use of the term "true facts" is vague and ambiguous.

5
6

87.     PRA denies the allegations contained in paragraph 87 of the Amended Complaint.

7
8

88.     PRA denies the allegations contained in paragraph 88 of the Amended Complaint.

9
10
11
12
13

89.     PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 89 of the Amended Complaint.  PRA denies the remaining allegations contained in paragraph 89, except states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.

14
15

90.     PRA denies the allegations contained in paragraph 90 of the Amended Complaint.

16
17

91.     PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Amended Complaint.

18
19

92.     PRA denies the allegations contained in paragraph 92 of the Amended Complaint.

20
21

93.     PRA denies the allegations contained in paragraph 93 of the Amended Complaint.

22
23

94.     PRA denies the allegations contained in paragraph 94 of the Amended Complaint.

24
25

95.     PRA denies the allegations contained in paragraph 95 of the Amended Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

26
27
28

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114675.01

1

## AS TO COUNT THREE

2      96.      PRA repeats and realleges its responses to paragraphs 1 through 95 of the

3    Amended Complaint, as if fully set forth herein.

4      97.      PRA denies the allegations contained in paragraph 97 of the Amended

5    Complaint, except admits that certain of the Purdue defendants were engaged in the business of

6    manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

7    marketing, distributing or selling of OxyContin, and that OxyContin is an opioid analgesic

8    prescription medication.  PRA further states that OxyContin is only legally available to members

9    of the general public pursuant to a valid prescription from their physician.

10      98.      PRA denies the allegations contained in paragraph 98 of the Amended

11    Complaint.

12      99.      PRA denies the allegations contained in paragraph 99 of the Amended

13    Complaint.

14      100.     PRA denies the allegations contained in paragraph 100 of the Amended

15    Complaint.

16      101.     PRA denies the allegations contained in the first sentence of paragraph 101

17    of the Amended Complaint.  PRA denies knowledge or information sufficient to form a belief as

18    to the truth or falsity of the allegations contained in the second sentence of paragraph 101.

19      102.     PRA denies the allegations contained in the first and fourth sentences of

20    paragraph 102 of the Amended Complaint.  PRA denies knowledge or information sufficient to

21    form a belief as to the truth or falsity of the allegations contained in the second, third and fifth

22    sentences of paragraph 102.

23      103.     PRA denies the allegations contained in paragraph 103 of the Amended

24    Complaint.

25      104.     PRA denies knowledge or information sufficient to form a belief as to the

26    truth or falsity of the allegations contained in paragraph 104 of the Amended Complaint.

27      105.     PRA denies the allegations contained in paragraph 105 of the Amended

28    Complaint.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 18 -

1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

## AS TO COUNT FOUR

106.    PRA repeats and realleges its responses to paragraphs 1 through 105 of the Amended Complaint, as if fully set forth herein.

107.    PRA denies the allegations contained in paragraph 107 of the Amended Complaint, except admits that certain of the Purdue defendants were engaged in the business of manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting, marketing, distributing or selling of OxyContin, and that OxyContin is an opioid analgesic prescription medication.  PRA further states that OxyContin is only legally available to members of the general public pursuant to a valid prescription from their physician.

108.    PRA denies the allegations contained in paragraph 108 of the Amended Complaint.

109.    PRA denies the allegations contained in paragraph 109 of the Amended Complaint, except states that risks from the use of OxyContin are described in the package insert for OxyContin, which speaks for itself as to its content.

110.    PRA denies the allegations contained in paragraph 110 of the Amended Complaint.

111.    PRA denies the allegations contained in paragraph 111 of the Amended Complaint, and specifically denies that OxyContin contains "defects."

112.    PRA denies the allegations contained in paragraph 112 of the Amended Complaint.

113.    PRA denies the allegations contained in paragraph 113 of the Amended Complaint.

114.    PRA denies the allegations contained in paragraph 114 of the Amended Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

## AS TO COUNT FIVE

115.    PRA repeats and realleges its responses to paragraphs 1 through 114 of the Amended Complaint, as if fully set forth herein.

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114675.01

1    116.    PRA denies the allegations contained in paragraph 116 of the Amended
2  Complaint.

3    117.    PRA denies the allegations contained in paragraph 117 of the Amended
4  Complaint.

5    118.    PRA denies the allegations contained in paragraph 118 of the Amended
6  Complaint.

7    119.    PRA denies the allegations contained in paragraph 119 of the Amended
8  Complaint, and specifically denies that there was or is any "defective condition" of OxyContin.

9    120.    PRA denies the allegations contained in paragraph 120 of the Amended
10  Complaint.

11    121.    PRA denies the allegations contained in paragraph 121 of the Amended
12  Complaint.

13    122.    PRA denies the allegations contained in paragraph 122 of the Amended
14  Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

15    **AS TO COUNT SIX**

16    123.    PRA repeats and realleges its responses to paragraphs 1 through 122 of the
17  Amended Complaint, as if fully set forth herein.

18    124.    PRA denies the allegations contained in paragraph 124 of the Amended
19  Complaint.

20    125.    PRA denies the allegations contained in paragraph 125 of the Amended
21  Complaint.

22    126.    PRA denies the allegations contained in paragraph 126 of the Amended
23  Complaint.

24    127.    PRA denies the allegations contained in paragraph 127 of the Amended
25  Complaint, and specifically denies that there was or is any "defective condition" of OxyContin.

26    128.    PRA denies the allegations contained in paragraph 128 of the Amended
27  Complaint.

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 20 -

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114675.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

129.    PRA denies the allegations contained in paragraph 129 of the Amended Complaint.

130.    PRA denies the allegations contained in paragraph 130 of the Amended Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

### AS TO COUNT SEVEN

131.    PRA repeats and realleges its responses to paragraphs 1 through 130 of the Amended Complaint, as if fully set forth herein.

132.    PRA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 132 of the Amended Complaint that plaintiff Ryan L. Hobbs used OxyContin.  PRA denies the remaining allegations contained in paragraph 132, except admits that certain of the Purdue defendants promoted OxyContin to medical professionals, including by advertisements in certain medical or professional publications, and that employee sales representatives of certain of the Purdue defendants called upon physicians in connection with the promotion of OxyContin.

133.    PRA denies the allegations contained in paragraph 133 of the Amended Complaint.

134.    PRA denies the allegations contained in paragraph 134 of the Amended Complaint.

135.    PRA denies the allegations contained in paragraph 135 of the Amended Complaint, and specifically denies that OxyContin was or is "defective and unsafe for its intended use."

136.    PRA denies the allegations contained in paragraph 136 of the Amended Complaint.

137.    PRA denies the allegations contained in paragraph 137 of the Amended Complaint.

138.    PRA denies the allegations contained in paragraph 138 of the Amended Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

- 21 -

LA1 - 114675.01

1

## AS TO COUNT EIGHT

2        139.    PRA repeats and realleges its responses to paragraphs 1 through 138 of the

3  Amended Complaint, as if fully set forth herein.

4        140.    PRA denies the allegations contained in paragraph 140 of the Amended

5  Complaint, except admits that certain of the Purdue defendants were engaged in the business of

6  manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

7  marketing, distributing or selling OxyContin, and that OxyContin is an opioid analgesic

8  prescription medication indicated for the management of moderate to severe pain when a

9  continuous, around-the-clock analgesic is needed for an extended period of time.

10        141.    PRA denies the allegations contained in paragraph 141 of the Amended

11  Complaint.

12        142.    PRA denies the allegations contained in paragraph 142 of the Amended

13  Complaint.

14        143.    PRA denies the allegations contained in paragraph 143 of the Amended

15  Complaint, and specifically denies that OxyContin contains "defects."

16        144.    PRA denies the allegations contained in paragraph 144 of the Amended

17  Complaint.

18        145.    PRA denies the allegations contained in paragraph 145 of the Amended

19  Complaint.

20        146.    PRA denies the allegations contained in paragraph 146 of the Amended

21  Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

22

## AS TO COUNT NINE

23        147.    PRA repeats and realleges its responses to paragraphs 1 through 146 of the

24  Amended Complaint, as if fully set forth herein.

25        148.    PRA denies knowledge or information sufficient to form a belief as to the

26  truth or falsity of the allegations contained in paragraph 148 of the Amended Complaint.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114675.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1       149.    PRA denies the allegation contained in paragraph 149 of the Amended

2  Complaint that "Defendants are liable in tort for the injury to Plaintiffs," and repeats and

3  realleges its responses to the allegations contained in any "Preliminary Allegations" and the First

4  through Eighth Causes of Action of the Amended Complaint, as if fully set forth herein.

5       150.    PRA denies knowledge or information sufficient to form a belief as to truth

6  or falsity of the allegations contained in paragraph 150 of the Amended Complaint.

7       151.    PRA denies the allegations contained in paragraph 151 of the Amended

8  Complaint.

9     In response to the WHEREFORE clause located on pages 30 through 34 of the Amended

10  Complaint, PRA denies the allegations contained therein, and specifically denies that plaintiffs

11  are entitled to any relief whatsoever.

12
## AFFIRMATIVE DEFENSES

13
### FIRST AFFIRMATIVE DEFENSE

14     The Amended Complaint fails to state a claim upon which relief can be granted.

15
### SECOND AFFIRMATIVE DEFENSE

16     The injuries and damages claimed by plaintiffs were caused, in whole or in part,

17  by actions or omissions of others for whose conduct PRA is not responsible.

18
### THIRD AFFIRMATIVE DEFENSE

19     Plaintiffs' claims are barred, in whole or in part, to the extent that the proximate

20  cause of any alleged injury was plaintiff Ryan Hobbs' choice to use, misuse or abuse OxyContin

21  in a manner other than that recommended.  The intervening or superseding cause of any injury

22  allegedly sustained by plaintiffs accordingly would be plaintiff Ryan Hobbs' own conduct.

23
### FOURTH AFFIRMATIVE DEFENSE

24     The intervening or superseding cause of any injury allegedly sustained by

25  plaintiffs may be conduct which is illicit, criminal, or otherwise improper, and for which PRA

26  cannot be held responsible.

27

28

- 23 -

1

### FIFTH AFFIRMATIVE DEFENSE

2

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver,

3

estoppel and unclean hands.

4

### SIXTH AFFIRMATIVE DEFENSE

5

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of

6

risk.

7

### SEVENTH AFFIRMATIVE DEFENSE

8

Plaintiffs' claims are barred, in whole or in part, to the extent plaintiff Ryan Hobbs

9

was prescribed OxyContin for medical purposes other than those for which OxyContin has been

10

approved by the FDA.

11

### EIGHTH AFFIRMATIVE DEFENSE

12

The product at issue, OxyContin, was approved pursuant to the applicable statutes

13

and regulations.  The labeling for OxyContin was also approved by the FDA.  Such actions and

14

federal regulations and statutes preempt plaintiffs' claims under state law.

15

### NINTH AFFIRMATIVE DEFENSE

16

The doctrine of primary jurisdiction bars plaintiffs' claims.  The FDA has primary

17

jurisdiction over the issues raised in the Amended Complaint.  The FDA, pursuant to federal law,

18

has exclusive regulatory control of products such as the product at issue here.  Therefore, this

19

Court should defer any consideration of the issues raised in the Amended Complaint which are

20

properly within the purview of the FDA and refer such issues to that agency for determination.

21

### TENTH AFFIRMATIVE DEFENSE

22

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of

23

limitation.

24

### ELEVENTH AFFIRMATIVE DEFENSE

25

Plaintiffs' claims are barred, in whole or in part, by the contributory negligence of

26

plaintiffs.

27

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 24 -

LA1 - 114675.01

1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

### TWELFTH AFFIRMATIVE DEFENSE

2       Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs failed

3   to mitigate the alleged injuries or damages.

4

### THIRTEENTH AFFIRMATIVE DEFENSE

5       Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs

6   consented to the acts alleged in the Amended Complaint.

7

### FOURTEENTH AFFIRMATIVE DEFENSE

8       Plaintiffs' claims are barred to the extent that those claims are based on an alleged

9   duty to warn of risks associated with the use of OxyContin, inasmuch as plaintiff Ryan L. Hobbs

10  was warned or was otherwise made aware of alleged dangers of the product, and further, any

11  such alleged dangers were not beyond that which would have been contemplated by the ordinary

12  consumer of the product with the ordinary knowledge common to the community.

13

### FIFTEENTH AFFIRMATIVE DEFENSE

14      Plaintiffs' claims are barred, in whole or in part, because the design, inspection,

15  packaging, and/or labeling of OxyContin are, and have always been, consistent with the

16  generally recognized technological, medical, scientific, and industrial state-of-the-art.

17

### SIXTEENTH AFFIRMATIVE DEFENSE

18      Plaintiffs' claims are barred because statements, promotions and advertisements of

19  OxyContin are protected by the First Amendment of the United States Constitution and the

20  correlative provisions of the California Constitution.

21

### SEVENTEENTH AFFIRMATIVE DEFENSE

22      While denying any and all allegations of negligence, wrongdoing, fault, or

23  liability, PRA states that it would be entitled to a full credit, offset, *pro-rata* reduction, or

24  percentage reduction, based on the percentage of fault attributable to each settling defendant, in

25  the event plaintiffs settle with any defendant, pursuant to the applicable statutes.

26

27

28

- 25 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovering any damages by virtue of the fact that the dangers, if any, claimed by plaintiffs were open and obvious.

**NINETEENTH AFFIRMATIVE DEFENSE**

If the product allegedly involved in this action was defective or unreasonably dangerous, which PRA denies, plaintiff Ryan L. Hobbs was aware thereof and unreasonably proceeded to make use of the product in that condition.

**TWENTIETH AFFIRMATIVE DEFENSE**

PRA states that all OxyContin lawfully sold or distributed in the United States carries warnings which adequately informed plaintiff Ryan L. Hobbs of any alleged health risks of using OxyContin.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

PRA states that plaintiffs did not justifiably rely on the activities attributed by plaintiffs to PRA in the Amended Complaint, and that any injuries or damages complained of in the Amended Complaint were not caused by PRA's alleged actions.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent the injuries alleged in the Amended Complaint resulted from a pre-existing and/or unrelated medical or psychiatric condition and/or idiosyncratic reaction to OxyContin and not from any act or omission by any of the defendants or by any defect in OxyContin.  PRA further states that the damages and injuries alleged, if any, may have been caused or enhanced by a preexisting medical or psychiatric condition of plaintiffs that were not related to the distribution, sale or use of OxyContin.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claimed damages are too speculative to form the basis for relief.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

While denying that plaintiffs suffered any injury for which PRA is liable, PRA avers that any injuries suffered by plaintiffs have been mitigated, in whole or in part, by reimbursement from collateral sources.

- 26 -

LA1 - 114675.01

1

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

2        Plaintiffs' claims are barred by the learned intermediary doctrine.

3

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

4        Plaintiffs' claims are barred, in whole or in part, if plaintiff Ryan L. Hobbs altered

5    the OxyContin tablets and ingested them in a manner other than that described in OxyContin's

6    instructions for use.

7

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

8        Plaintiffs are barred from recovering any damages by virtue of the fact that any

9    harm caused by OxyContin was caused by an inherent aspect of the product which could not be

10   eliminated without compromising its usefulness.

11

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

12       Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack privity

13   with PRA.

14

### TWENTY-NINTH AFFIRMATIVE DEFENSE

15       Plaintiffs are barred from recovering any damages by virtue of the fact that there

16   was no practical or technically feasible alternative design or formulation that would have

17   prevented the harm alleged by plaintiffs without substantially impairing its usefulness or

18   intended purpose of the product.

19

### THIRTIETH AFFIRMATIVE DEFENSE

20       Plaintiffs' claims violate the due process provisions of the United States

21   Constitution and the correlative provisions of the California Constitution to the extent that they

22   seek to deprive PRA of the procedural and substantive safeguards, including traditional defenses

23   to liability.

24

### THIRTY-FIRST AFFIRMATIVE DEFENSE

25       Plaintiffs' claims for punitive damages violate the Excessive Fines and Penalties

26   clause of the United States Constitution and the correlative provisions of the California

27   Constitution.  These claims also violate PRA's due process and equal protection rights

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 27 -

1   guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the

2   correlative provisions of the California Constitution.

3                          **THIRTY-SECOND AFFIRMATIVE DEFENSE**

4          With respect to plaintiffs' demands for punitive damages, PRA specifically

5   incorporates by reference any and all standards or limitations regarding the determination and

6   enforceability of such damage awards set forth in the decisions of <u>BMW</u> v. <u>Gore</u>, 517 U.S. 559

7   (1996), <u>State Farm Mut. Auto Ins. Co.</u> v. <u>Campbell</u>, 538 U.S. 408 (2003) and <u>Philip Morris USA</u>

8   v. <u>Williams</u>, 549 U.S.__, 127 S. Ct. 1057 (2007).

9                          **THIRTY-THIRD AFFIRMATIVE DEFENSE**

10          Plaintiffs' fraud and misrepresentation-based claims are not stated with

11   particularity as required by Fed. R. Civ. P. 9(b).

12                          **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

13          While PRA denies any liability to plaintiffs whatsoever, to the extent that

14   plaintiffs seek equitable relief, plaintiffs' claims for such relief are barred as plaintiffs have an

15   adequate remedy at law.

16                          **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

17          The manufacture, sale and distribution of OxyContin are not unlawful in that

18   express regulatory approval was received therefore and defendants have complied with all

19   statutes and regulations applicable thereto.

20                          **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

21          Plaintiffs' claims are barred by virtue of the fact that defendants' conduct is

22   regulated by a detailed and comprehensive enforcement scheme established under federal law,

23   and that plaintiffs' claims purport to establish an impermissible form of state court regulation

24   regarding the manufacture, sale, distribution and promotion of OxyContin.  For the same reasons,

25   to the extent those claims are not barred and plaintiffs seek equitable relief, this Court should

26   abstain from exercising its equitable powers.

27

28

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114675.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2                    Plaintiffs' claims are barred by the doctrines of exhaustion, primary jurisdiction,

3  express regulatory approval and compliance with the law.

4

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

5                    Plaintiffs' claims may be barred, in whole or in part, pursuant to Section 402A,

6  comment k of the Restatement (Second) of Torts and/or Section 6 of the Restatement (Third) of

7  Torts.

8

### THIRTY-NINTH AFFIRMATIVE DEFENSE

9                    To the extent that the laws of other jurisdictions apply, PRA invokes each and

10  every constitutional defense available to it under the constitutions (or similar charters) of each of

11  the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the

12  territories and possessions of the United States.  This specifically includes, but is not limited to,

13  provisions relating to due process, access to the courts, freedom of speech, freedom of

14  association, freedom to petition the government for redress of grievances, and limitations on

15  damages.

16

### FORTIETH AFFIRMATIVE DEFENSE

17                    To the extent that the laws of other jurisdictions apply, PRA invokes each and

18  every statutory and common law defense available to it under the laws of each of the other forty-

19  nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and

20  possessions of the United States with respect to each of the claims alleged in the Amended

21  Complaint that is recognized in that jurisdiction.

22

### FORTY-FIRST AFFIRMATIVE DEFENSE

23                    PRA adopts and incorporates by reference any affirmative defense asserted by any

24  other defendant to this action, to the extent such affirmative defense applies to PRA.

25                    PRA reserves the right to assert, and hereby gives notice that it intends to rely

26  upon, any other defense that may become available or appear during discovery proceedings or

27  otherwise in this case and hereby reserves the right to amend its answer to assert any such

28  defense.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 29 -

1    WHEREFORE, PRA respectfully requests that the Court dismiss the Amended

2    Complaint in its entirety with prejudice and award PRA its costs and disbursements, including

3    attorneys' fees, incurred in defending this action together with such other relief as this Court

4    deems just and proper.

5

6    Dated:    December 10, 2007                CHADBOURNE & PARKE LLP

7

8                                             By:_____/s/ Jay R. Henneberry_____

9                                                  Jay R. Henneberry
                                                     Robin D. Ball
10                                                   Attorneys for
                                        Pharmaceutical Research Associates, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 30 -

1

**DEMAND FOR JURY TRIAL**

2

Pharmaceutical Research Associates, Inc. hereby demands a jury trial on all issues so

3

triable.

4

5

Dated:    December 10, 2007                          CHADBOURNE & PARKE LLP

6

7

By:_____/s/ Jay R. Henneberry_____

8

Jay R. Henneberry
Robin D. Ball

9

Attorneys for
Pharmaceutical Research Associates, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

PHARMACEUTICAL RESEARCH ASSOCIATES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114675.01