1    Jay R. Henneberry (State Bar No. 135065)
     jhenneberry@chadbourne.com
2    Robin D. Ball (State Bar No. 159698)
     rball@chadbourne.com
3    CHADBOURNE & PARKE LLP
     350 South Grand Avenue, Suite 3300
4    Los Angeles, CA 90071
     Telephone:    (213) 892-1000
5    Facsimile:    (213) 622-9865

6    Attorneys for Purdue Pharma Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12   RYAN L. HOBBS and MICHELLE           Case No.  C-07-3854-SC
     HOBBS,
13                                        ANSWER AND AFFIRMATIVE
                 Plaintiffs,              DEFENSES OF PURDUE PHARMA INC.
14                                        TO FIRST AMENDED COMPLAINT
           v.
15                                        DEMAND FOR JURY TRIAL
     PURDUE PHARMA COMPANY et al.,
16
                 Defendants.
17

18         Purdue Pharma Inc., ("PPI"), in answer to plaintiffs' First Amended Complaint for

19   Damages for Fraudulent Representation; Fraudulent Concealment; Products Liability --

20   Negligence; Strict Products Liability: Failure to Warn; Breach of Implied Warranty of

21   Merchantability; Breach of Implied Warranty of Fitness for Particular Purpose; Breach of Express

22   Warranty of Fitness for Particular Purpose; Strict Liability in Tort; Loss of Consortium

23   (hereinafter, "Amended Complaint")[1], states as follows:

24

25   _____

26   [1]    PPI states that this answer is filed solely on behalf of PPI.  Other defendants in this lawsuit
            include Abbott Laboratories, Inc.  PPI does not and cannot speak on behalf of Abbott
27          Laboratories, Inc., and this answer pertains solely to this answering defendant, and not to

28                                                        (cont'd on following page)

---

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL
                                                          CASE NO. C-07-3854-SC
LA1 - 114677.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1.     PPI states that paragraph 1 of the Amended Complaint contains plaintiffs' characterization of their claims, to which no answer is required.

## AS TO JURISDICTION

2.     PPI states that paragraph 2 of the Amended Complaint contains legal conclusions and plaintiffs' characterization of their claims, to which no answer is required.

## AS TO INTRADISTRICT ASSIGNMENT

3.     PPI denies the allegations contained in paragraph 3 of the Amended Complaint, in part on the ground that they are vague and ambiguous.

## AS TO PARTIES

4.     PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Amended Complaint.

5.     PPI states that the allegation contained in paragraph 5 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required.  PPI denies the remaining allegations contained in paragraph 5, except admits that The Purdue Pharma Company was a Delaware general partnership.  PPI further states that the successor in interest to The Purdue Pharma Company is Purdue Pharma L.P.

6.     PPI states that the allegation contained in paragraph 6 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PPI denies the remaining allegations contained in paragraph 6, except admits that Purdue Pharma L.P. was and is a Delaware limited partnership.

7.     PPI states that the allegation contained in paragraph 7 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PPI denies the remaining allegations contained in paragraph 7, except admits that it was and is a New York corporation.

---

(cont'd from preceding page)

Abbott Laboratories, Inc.  Plaintiffs' use of the word "defendants" in its allegations does not signal a response by this defendant on behalf of all defendants.

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC
LA1 - 114677.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1  8.    PPI states that the allegation contained in paragraph 8 of the Amended

2  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

3  PPI denies the remaining allegations contained in paragraph 8, except admits that The Purdue

4  Frederick Company Inc. was and is a New York corporation with its principal place of business

5  located in Connecticut.

6  9.    PPI states that the allegation contained in paragraph 9 of the Amended

7  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

8  PPI denies the remaining allegations contained in paragraph 9, except admits that Purdue

9  Pharmaceuticals L.P. was and is a Delaware limited partnership.

10  10.    PPI states that the allegation contained in paragraph 10 of the Amended

11  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

12  PPI denies the remaining allegations contained in paragraph 10, except admits that

13  Pharmaceutical Research Associates, Inc. was and is a New York corporation.

14  11.    PPI states that the allegation contained in paragraph 11 of the Amended

15  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

16  PPI denies the remaining allegations contained in paragraph 11, except states that Purdue Pharma

17  Ltd. was a Delaware corporation.  PPI further states that the successor-in-interest to Purdue

18  Pharma Ltd. is Purdue Pharma L.P.

19  12.    PPI denies the allegations contained in paragraph 12 of the Amended

20  Complaint, except admits that The P.F. Laboratories, Inc. was and is a New Jersey corporation.

21  13.    PPI states that the allegation contained in paragraph 13 of the Amended

22  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

23  PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the

24  remaining allegations contained in paragraph 13.

25

26

27

28

- 3 -

1 | 14.     PPI denies the allegations contained in paragraph 14 of the Amended

2 | Complaint.

3 | 15.     PPI denies the allegations contained in paragraph 15 of the Amended

4 | Complaint, except admits that certain of the Purdue defendants[2] were engaged in the business of

5 | manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

6 | marketing, distributing or selling OxyContin® Tablets ("OxyContin"), and that OxyContin is an

7 | opioid analgesic prescription medication.  PPI further states that OxyContin is only legally

8 | available to members of the general public pursuant to a valid prescription from their physician.

9 | **AS TO COUNT ONE**

10 | 16.     PPI repeats and realleges its responses to paragraphs 1 through 15 of the

11 | Amended Complaint, as if fully set forth herein.

12 | 17.     PPI denies knowledge or information sufficient to form a belief as to the

13 | truth or falsity of the allegations contained in paragraph 17 of the Amended Complaint.

14 | 18.     PPI denies knowledge or information sufficient to form a belief as to the

15 | truth or falsity of the allegations contained in paragraph 18 of the Amended Complaint.

16 | 19.     PPI denies knowledge or information sufficient to form a belief as to the

17 | truth or falsity of the allegations contained in paragraph 19 of the Amended Complaint.

18 | 20.     PPI denies knowledge or information sufficient to form a belief as to the

19 | truth or falsity of the allegations contained in paragraph 20 of the Amended Complaint.

20 | 21.     PPI denies knowledge or information sufficient to form a belief as to the

21 | truth or falsity of the allegations contained in paragraph 21 of the Amended Complaint.

22 | 22.     PPI denies knowledge or information sufficient to form a belief as to the

23 | truth or falsity of the allegations contained in the first and last sentences of paragraph 22 of the

24 | _____

25 | [2]     Hereinafter, the "Purdue Defendants" shall refer to The Purdue Frederick Company Inc.,
Purdue Pharma L.P. (individually, and as successor in interest to The Purdue Pharma

26 | Company and Purdue Pharma Ltd.), PPI, Purdue Pharmaceuticals L.P., Pharmaceutical
Research Associates, Inc., and The P.F. Laboratories, Inc.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 4 -

LA1 - 114677.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    Amended Complaint and the allegation contained in the second sentence of paragraph 22 that

2    OxyContin was prescribed to plaintiff Ryan L. Hobbs.  PPI denies the remaining allegations

3    contained in paragraph 22, except admits that certain of the Purdue defendants developed or

4    marketed OxyContin, that OxyContin is a brand-name controlled-release opioid analgesic

5    Schedule II prescription medication; and that the active opioid ingredient in OxyContin is

6    oxycodone hydrochloride.  PPI further admits that OxyContin is designed to provide controlled

7    delivery of oxycodone over an extended period of time and is normally taken every twelve hours,

8    and that some strengths of OxyContin contain more oxycodone than many immediate-release

9    formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

10   is released over time if the tablet is taken orally intact.  PPI further admits that, as set forth in the

11   Food and Drug Administration of the United States Department of Health and Human Services

12   ("FDA") - approved professional prescribing information ("package insert") for OxyContin,

13   OxyContin has an abuse liability similar to morphine.

14        23.    With regard to the allegations contained in paragraph 23 of the Amended

15   Complaint that OxyContin is "highly addictive" and "[l]ike morphine, OxyContin is highly

16   addictive, and can produce withdrawal symptoms in patients who use it for only five to seven

17   days," PPI denies such allegations, except states that OxyContin is an opioid agonist and a

18   Schedule II controlled substance with an abuse liability similar to morphine, and that risks from

19   the use of OxyContin are well known to medical providers and are described in the FDA-

20   approved package insert for OxyContin, which speaks for itself as to its content.  PPI denies

21   knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

22   allegations contained in paragraph 23.

23        24.    PPI denies knowledge or information sufficient to form a belief as to the

24   truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint.

25        25.    PPI denies knowledge or information sufficient to form a belief as to the

26   truth or falsity of the allegations contained in paragraph 25 of the Amended Complaint.

27

28

- 5 -

1

2

        26.     PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Amended Complaint.

3

4

5

        27.     PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Amended Complaint, except denies the vague allegation therein that "OxyContin addiction robbed him of his willpower."

6

7

        28.     PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Amended Complaint.

8

9

        29.     PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Amended Complaint.

10

11

        30.     PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint.

12

13

        31.     PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Amended Complaint.

14

15

        32.     PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Amended Complaint.

16

17

        33.     PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Amended Complaint.

18

19

20

21

22

23

24

25

26

        34.     PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Amended Complaint, except, with regard to the allegation therein that OxyContin has "highly addictive properties," denies such allegation except states that OxyContin is an opioid agonist and a Schedule II controlled substance, and that risks from the use of OxyContin are well-known to medical providers and are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content. Further, PPI denies that OxyContin is "unsuitab[le] . . . for moderate pain relief," and states that OxyContin is indicated for the management of moderate to severe pain when a continuous, around-the-clock analgesic is needed for an extended period of time.

27

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 6 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

35.    PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Amended Complaint.

36.    PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Amended Complaint.

37.    PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Amended Complaint.

38.    PPI denies the allegations contained in paragraph 38 of the Amended Complaint, except admits that a plea agreement was signed by The Purdue Frederick Company Inc. in the United States District Court for the Western District of Virginia, Abington Division, Case No. 1:07CR00029, which plea agreement speaks for itself as to its content, and pursuant to which plea agreement The Purdue Frederick Company Inc. entered a plea of guilty to 21 U.S.C. §§ 331(a) and 333(a)(2) on or about May 10, 2007.  PPI further admits that The Purdue Frederick Company Inc. agreed to pay $600 million in fines and other payments and was sentenced to five years' probation.

39.    PPI denies the allegations contained in paragraph 39 of the Amended Complaint, except admits that plea agreements were signed by Howard R. Udell (currently Executive Vice President and Chief Legal Officer of Purdue Pharma L.P. and, formerly, Executive Vice President and Chief Legal Officer of The Purdue Frederick Company Inc.), Paul D. Goldenheim (formerly Executive Vice President of Worldwide Research & Development and Chief Scientific Officer of Purdue Pharma L.P. and The Purdue Frederick Company), and Michael Friedman (formerly President and Chief Executive Officer of Purdue Pharma L.P. and The Purdue Frederick Company Inc.) in the United States District Court for the Western District of Virginia Case No. 1:07CR00029, which plea agreements speak for themselves as to their content and pursuant to which plea agreements each signatory entered a plea of guilty on or about May 10, 2007.  PPI further admits that Howard R. Udell, Paul D. Goldenheim and Michael Friedman agreed to pay a total of $34.5 million in fines, and were sentenced to three years'

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114677.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1  probation and 400 hours of community service in drug treatment programs by the Honorable

2  James P. Jones of the United States District Court for the Western District of Virginia.

3       40.    PPI denies knowledge or information sufficient to form a belief as to the

4  truth or falsity of the allegations contained in the first sentence of paragraph 40 of the Amended

5  Complaint.  PPI denies the allegations contained in the second sentence of paragraph 40.

6       41.    PPI denies the allegations contained in paragraph 41 of the Amended

7  Complaint.

8       42.    PPI denies the allegations contained in paragraph 42 of the Amended

9  Complaint, except admits that OxyContin is a controlled-release opioid analgesic Schedule II

10  prescription medication which is designed to provide controlled delivery of oxycodone over an

11  extended period of time and is normally taken every twelve hours.  PPI further admits that the

12  active opioid ingredient in OxyContin is oxycodone hydrochloride, and that certain other

13  medications, including Percocet, contain oxycodone along with other ingredients, and states that

14  some strengths of OxyContin contain more oxycodone than many immediate-release

15  formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

16  is released over time if the tablet is taken orally intact.

17       43.    PPI denies the allegations contained in paragraph 43 of the Amended

18  Complaint, except admits that certain of the Purdue defendants applied for patents covering

19  OxyContin, a controlled-release opioid analgesic prescription medication, and states that the

20  patent applications for OxyContin speak for themselves as to their content.  PPI further admits

21  that titration of a pain medication can involve adjusting a patient's dosage to provide adequate

22  pain relief, and that the level of side effects experienced by the patient, if any, can be a factor in

23  such titration.

24       44.    PPI denies the allegations contained in paragraph 44 of the Amended

25  Complaint, except states that any statements made in connection with the patent applications for

26  OxyContin speak for themselves as to their content.

27

28

- 8 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

45.     PPI denies the allegations contained in paragraph 45 of the Amended Complaint, except admits that OxyContin was approved by the FDA on December 12, 1995, and states that the original FDA-approved package insert for OxyContin speaks for itself as to its content, and that the insert stated that "[d]elayed absorption, as provided by OxyContin tablets, is believed to reduce the abuse liability of the drug."

46.     PPI denies the allegations contained in paragraph 46 of the Amended Complaint, except, with regard to the allegation that OxyContin is "highly addictive, and can produce withdrawal symptoms in patients who use it for only five to seven days," states that OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability similar to morphine, and that risks from the use of OxyContin are described in the FDA - approved package insert for OxyContin, which speaks for itself as to its content.

47.     PPI denies the allegations contained in paragraph 47 of the Amended Complaint, except admits that from January 1996 through June 30, 2001, the sale of OxyContin generated approximately $2.8 billion in revenue.  PPI further admits that, for certain years, OxyContin has been the best selling and most profitable product of certain of the Purdue defendants.

48.     PPI denies the allegations contained in paragraph 48 of the Amended Complaint, except admits that Purdue Pharma L.P. and Abbott Laboratories entered into a Co-Promotion Agreement, which speaks for itself as to its content.

49.     PPI denies the allegations contained in paragraph 49 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

- 9 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

50.    PPI denies the allegations contained in paragraph 50 of the Amended Complaint, and states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content, and that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

51.    PPI denies the allegations contained in paragraph 51 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

52.    PPI denies the allegations contained in the first sentence of paragraph 52 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.  PPI denies the allegations contained in the second sentence of paragraph 52.  PPI denies the allegations contained in the third sentence of paragraph 52, except admits that the marketing of OxyContin included marketing to

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC
LA1 - 114677.01

general practitioners, among other physicians.  PPI denies the allegations contained in the fourth sentence of paragraph 52, and states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.

53.    PPI denies the allegations contained in paragraph 53 of the Amended Complaint.

54.    PPI denies the allegations contained in paragraph 54 of the Amended Complaint.

55.    PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 55 of the Amended Complaint.  PPI denies the remaining allegations contained in paragraph 55, except states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.

56.    PPI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Amended Complaint.

57.    PPI denies the allegations contained in paragraph 57 of the Amended Complaint.

58.    PPI denies the allegations contained in paragraph 58 of the Amended Complaint.

59.    PPI denies the allegations contained in paragraph 59 of the Amended Complaint.

60.    PPI denies the allegations contained in paragraph 60 of the Amended Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

### AS TO COUNT TWO

61.    PPI repeats and realleges its responses to paragraphs 1 through 60 of the Amended Complaint, as if fully set forth herein

62.    PPI denies the allegations contained in paragraph 62 of the Amended Complaint.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114677.01

1    63.     PPI denies the allegations contained in paragraph 63 of the Amended

2 Complaint.

3    64.     PPI denies the vague allegation contained in paragraph 64 of the Amended

4 Complaint that OxyContin is a "powerful prescription drug," except admits that OxyContin is a

5 Schedule II opioid agonist prescription medication.  PPI denies knowledge or information

6 sufficient to form a belief as to the truth or falsity of the remaining allegations contained in

7 paragraph 64, except admits that certain of the Purdue defendants developed, marketed or

8 manufactured OxyContin.

9    65.     With regard to the allegation contained in paragraph 65 of the Amended

10 Complaint that OxyContin "was highly addictive," PPI denies such allegation except states that

11 risks from the use of OxyContin are well known to medical providers and are described in the

12 FDA-approved package insert for OxyContin, which speaks for itself as to its content.  PPI

13 denies knowledge or information sufficient to form a belief as to the truth or falsity of the

14 remaining allegations contained in paragraph 65.

15    66.     PPI denies knowledge or information sufficient to form a belief as to the

16 truth or falsity of the allegations contained in paragraph 66 of the Amended Complaint.

17    67.     PPI denies knowledge or information sufficient to form a belief as to the

18 truth or falsity of the allegations contained in paragraph 67 of the Amended Complaint.

19    68.     PPI denies knowledge or information sufficient to form a belief as to the

20 truth or falsity of the allegations contained in paragraph 68 of the Amended Complaint.

21    69.     PPI denies knowledge or information sufficient to form a belief as to the

22 truth or falsity of the allegations contained in paragraph 69 of the Amended Complaint except

23 denies the vague allegation therein that "OxyContin addiction robbed him of his willpower."

24    70.     With regard to the allegation contained in paragraph 70 of the Amended

25 Complaint that OxyContin has "highly addictive properties," PPI denies such allegation except

26 states that OxyContin is an opioid agonist and a Schedule II controlled substance and that risks

27 from the use of OxyContin are well-known to medical providers and are described in the FDA-

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114677.01

approved package insert for OxyContin, which speaks for itself as to its content.  Further, PPI

denies that OxyContin is "unsuitab[le] . . .  for moderate pain relief," and states that OxyContin is

indicated for the management of moderate to severe pain when a continuous, around-the-clock

analgesic is needed for an extended period of time.  PPI denies knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations contained in

paragraph 70.

71.    PPI denies the allegations contained in paragraph 71 of the Amended

Complaint, except admits that a plea agreement was signed by The Purdue Frederick Company

Inc. in the United States District Court for the Western District of Virginia, Abington Division,

Case No. 1:07CR00029, which plea agreement speaks for itself as to its content, and pursuant to

which plea agreement The Purdue Frederick Company Inc. entered a plea of guilty to 21 U.S.C.

§§ 331(a) and 333(a)(2) on or about May 10, 2007.  PPI further admits that The Purdue Frederick

Company Inc. agreed to pay $600 million in fines and other payments and was sentenced to five

years' probation.

72.    PPI denies the allegations contained in paragraph 72 of the Amended

Complaint, except admits that plea agreements were signed by Howard R. Udell (currently

Executive Vice President and Chief Legal Officer of Purdue Pharma L.P. and, formerly,

Executive Vice President and Chief Legal Officer of The Purdue Frederick Company Inc.), Paul

D. Goldenheim (formerly Executive Vice President of Worldwide Research & Development and

Chief Scientific Officer of Purdue Pharma L.P. and The Purdue Frederick Company), and

Michael Friedman (formerly President and Chief Executive Officer of Purdue Pharma L.P. and

The Purdue Frederick Company Inc.) in the United States District Court for the Western District

of Virginia, Case No. 1:07CR00029, which plea agreements speak for themselves as to their

content and pursuant to which plea agreements each signatory entered a plea of guilty on or

about May 10, 2007.  PPI further admits that Howard R. Udell. Paul D. Goldenheim, and

Michael Friedman agreed to pay a total of $34.5 million in fines, and were sentenced to three

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 13 -

1  years' probation and 400 hours of community service in drug treatment programs by the

2  Honorable James P. Jones of the United States District Court for the Western District of Virginia.

3       73.    PPI denies knowledge or information sufficient to form a belief as to the

4  truth or falsity of the allegations contained in the first sentence of paragraph 73 of the Amended

5  Complaint.  PPI denies the allegations contained in the second sentence of paragraph 73.

6       74.    PPI denies the allegations contained in paragraph 74 of the Amended

7  Complaint, except admits that OxyContin is a controlled-release opioid analgesic Schedule II

8  prescription medication which is designed to provide controlled delivery of oxycodone over an

9  extended period of time and is normally taken every twelve hours.  PPI further admits that the

10  active opioid ingredient in OxyContin is oxycodone hydrochloride, and that certain other

11  medications, including Percocet, contain oxycodone along with other ingredients, and states that

12  some strengths of OxyContin contain more oxycodone than many immediate-release

13  formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

14  is released over time if the tablet is taken orally intact.

15       75.    PPI denies the allegations contained in paragraph 75 of the Amended

16  Complaint, except admits that certain of the Purdue defendants applied for patents covering

17  OxyContin, a controlled-release opioid analgesic prescription medication, and states that the

18  patent applications for OxyContin speak for themselves as to their content.  PPI further admits

19  that titration of a pain medication can involve adjusting a patient's dosage to provide adequate

20  pain relief, and that the level of side effects experienced by the patient, if any, can be a factor in

21  such titration.

22       76.    PPI denies the allegations contained in paragraph 76 of the Amended

23  Complaint, except states that any statements made in connection with the patent applications for

24  OxyContin speak for themselves as to their content, admits that OxyContin was approved by the

25  FDA on December 12, 1995, and states that the original FDA-approved package insert for

26  OxyContin speaks for itself as to its content.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114677.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

77.     PPI denies the allegations contained in paragraph 77 of the Amended Complaint, except, with regard to the allegation that OxyContin is "highly addictive, and can produce withdrawal symptoms in patients who use it for only five to seven days," states that OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability similar to morphine, and that risks from the use of OxyContin are described in the FDA - approved package insert for OxyContin, which speaks for itself as to its content.

78.     PPI denies the allegations contained in paragraph 78 of the Amended Complaint, except admits that from January 1996 through June 30, 2001, the sale of OxyContin generated approximately $2.8 billion in revenue.  PPI further admits that, for certain years, OxyContin has been the best selling and most profitable product of certain of the Purdue defendants.

79.     PPI denies the allegations contained in paragraph 79 of the Amended Complaint, except admits that Purdue Pharma L.P. and Abbott Laboratories entered into a Co-Promotion Agreement, which speaks for itself as to its content.

80.     PPI denies the allegations contained in paragraph 80 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

81.     PPI denies the allegations contained in paragraph 81 of the Amended Complaint, and states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin which speaks for itself as to its content, and that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other

1  employees of certain of the Purdue defendants to make, certain statements about OxyContin to

2  some healthcare professionals that were inconsistent with the package insert for OxyContin and

3  the express warnings it contained about risks associated with the medicine, which statements

4  violated written company policies requiring adherence to the prescribing information.

5          82.     PPI denies the allegations contained in paragraph 82 of the Amended

6  Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

7  the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

8  the Purdue defendants made, or told other employees of certain of the Purdue defendants to

9  make, certain statements about OxyContin to some healthcare professionals that were

10 inconsistent with the package insert for OxyContin and the express warnings it contained about

11 risks associated with the medicine, which statements violated written company policies requiring

12 adherence to the prescribing information.

13         83.     PPI denies the allegations contained in the first sentence of paragraph 83 of

14 the Amended Complaint, and states that OxyContin is, and generally has been, marketed in

15 accordance with the package insert for OxyContin, except that, prior to July 2001, some

16 employees of certain of the Purdue defendants made, or told other employees of certain of the

17 Purdue defendants to make, certain statements about OxyContin to some healthcare professionals

18 that were inconsistent with the package insert for OxyContin and the express warnings it

19 contained about risks associated with the medicine, which statements violated written company

20 policies requiring adherence to the prescribing information.  PPI denies the allegations contained

21 in the second sentence of paragraph 83.  PPI denies the allegations contained in the third

22 sentence of paragraph 83, except admits that the marketing of OxyContin included marketing to

23 general practitioners, among other physicians.  PPI denies the allegations contained in the fourth

24 sentence of paragraph 83, and states that risks from the use of OxyContin are described in the

25 FDA-approved package insert for OxyContin, which speaks for itself as to its content.

26         84.     PPI denies the allegations contained in paragraph 84 of the Amended

27 Complaint.

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071  (213) 892-1000

- 16 -

1    85.    PPI denies the allegations contained in paragraph 85 of the Amended

2    Complaint.

3    86.    PPI denies the allegations contained in paragraph 86 of the Amended

4    Complaint on the grounds that plaintiffs' use of the term "true facts" is vague and ambiguous.

5    87.    PPI denies the allegations contained in paragraph 87 of the Amended

6    Complaint.

7    88.    PPI denies the allegations contained in paragraph 88 of the Amended

8    Complaint.

9    89.    PPI denies knowledge or information sufficient to form a belief as to the

10    truth or falsity of the allegations contained in the second sentence of paragraph 89 of the

11    Amended Complaint.  PPI denies the remaining allegations contained in paragraph 89, except

12    states that risks from the use of OxyContin are described in the FDA-approved package insert for

13    OxyContin, which speaks for itself as to its content.

14    90.    PPI denies the allegations contained in paragraph 90 of the Amended

15    Complaint.

16    91.    PPI denies knowledge or information sufficient to form a belief as to the

17    truth or falsity of the allegations contained in paragraph 91 of the Amended Complaint.

18    92.    PPI denies the allegations contained in paragraph 92 of the Amended

19    Complaint.

20    93.    PPI denies the allegations contained in paragraph 93 of the Amended

21    Complaint.

22    94.    PPI denies the allegations contained in paragraph 94 of the Amended

23    Complaint.

24    95.    PPI denies the allegations contained in paragraph 95 of the Amended

25    Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

26

27

28

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114677.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1

**AS TO COUNT THREE**

2        96.    PPI repeats and realleges its responses to paragraphs 1 through 95 of the

3    Amended Complaint, as if fully set forth herein.

4        97.    PPI denies the allegations contained in paragraph 97 of the Amended

5    Complaint, except admits that certain of the Purdue defendants were engaged in the business of

6    manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

7    marketing, distributing or selling of OxyContin, and that OxyContin is an opioid analgesic

8    prescription medication.  PPI further states that OxyContin is only legally available to members

9    of the general public pursuant to a valid prescription from their physician.

10        98.    PPI denies the allegations contained in paragraph 98 of the Amended

11    Complaint.

12        99.    PPI denies the allegations contained in paragraph 99 of the Amended

13    Complaint.

14        100.    PPI denies the allegations contained in paragraph 100 of the Amended

15    Complaint.

16        101.    PPI denies the allegations contained in the first sentence of paragraph 101

17    of the Amended Complaint.  PPI denies knowledge or information sufficient to form a belief as

18    to the truth or falsity of the allegations contained in the second sentence of paragraph 101.

19        102.    PPI denies the allegations contained in the first and fourth sentences of

20    paragraph 102 of the Amended Complaint.  PPI denies knowledge or information sufficient to

21    form a belief as to the truth or falsity of the allegations contained in the second, third and fifth

22    sentences of paragraph 102.

23        103.    PPI denies the allegations contained in paragraph 103 of the Amended

24    Complaint.

25        104.    PPI denies knowledge or information sufficient to form a belief as to the

26    truth or falsity of the allegations contained in paragraph 104 of the Amended Complaint.

27        105.    PPI denies the allegations contained in paragraph 105 of the Amended

28    Complaint.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 18 -

1

**AS TO COUNT FOUR**

2      106.    PPI repeats and realleges its responses to paragraphs 1 through 105 of the

3  Amended Complaint, as if fully set forth herein.

4      107.    PPI denies the allegations contained in paragraph 107 of the Amended

5  Complaint, except admits that certain of the Purdue defendants were engaged in the business of

6  manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

7  marketing, distributing or selling of OxyContin, and that OxyContin is an opioid analgesic

8  prescription medication.  PPI further states that OxyContin is only legally available to members

9  of the general public pursuant to a valid prescription from their physician.

10      108.    PPI denies the allegations contained in paragraph 108 of the Amended

11  Complaint.

12      109.    PPI denies the allegations contained in paragraph 109 of the Amended

13  Complaint, except states that risks from the use of OxyContin are described in the package insert

14  for OxyContin, which speaks for itself as to its content.

15      110.    PPI denies the allegations contained in paragraph 110 of the Amended

16  Complaint.

17      111.    PPI denies the allegations contained in paragraph 111 of the Amended

18  Complaint, and specifically denies that OxyContin contains "defects."

19      112.    PPI denies the allegations contained in paragraph 112 of the Amended

20  Complaint.

21      113.    PPI denies the allegations contained in paragraph 113 of the Amended

22  Complaint.

23      114.    PPI denies the allegations contained in paragraph 114 of the Amended

24  Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

25

**AS TO COUNT FIVE**

26      115.    PPI repeats and realleges its responses to paragraphs 1 through 114 of the

27  Amended Complaint, as if fully set forth herein.

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 19 -

1    116.    PPI denies the allegations contained in paragraph 116 of the Amended

2    Complaint.

3    117.    PPI denies the allegations contained in paragraph 117 of the Amended

4    Complaint.

5    118.    PPI denies the allegations contained in paragraph 118 of the Amended

6    Complaint.

7    119.    PPI denies the allegations contained in paragraph 119 of the Amended

8    Complaint, and specifically denies that there was or is any "defective condition" of OxyContin.

9    120.    PPI denies the allegations contained in paragraph 120 of the Amended

10   Complaint.

11   121.    PPI denies the allegations contained in paragraph 121 of the Amended

12   Complaint.

13   122.    PPI denies the allegations contained in paragraph 122 of the Amended

14   Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

15                              <u>**AS TO COUNT SIX**</u>

16   123.    PPI repeats and realleges its responses to paragraphs 1 through 122 of the

17   Amended Complaint, as if fully set forth herein.

18   124.    PPI denies the allegations contained in paragraph 124 of the Amended

19   Complaint.

20   125.    PPI denies the allegations contained in paragraph 125 of the Amended

21   Complaint.

22   126.    PPI denies the allegations contained in paragraph 126 of the Amended

23   Complaint.

24   127.    PPI denies the allegations contained in paragraph 127 of the Amended

25   Complaint, and specifically denies that there was or is any "defective condition" of OxyContin.

26   128.    PPI denies the allegations contained in paragraph 128 of the Amended

27   Complaint.

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 20 -

LA1 - 114677.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1            129.    PPI denies the allegations contained in paragraph 129 of the Amended

2 Complaint.

3            130.    PPI denies the allegations contained in paragraph 130 of the Amended

4 Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

5                       **AS TO COUNT SEVEN**

6            131.    PPI repeats and realleges its responses to paragraphs 1 through 130 of the

7 Amended Complaint, as if fully set forth herein.

8            132.    PPI denies knowledge or information sufficient to form a belief as to the

9 truth or falsity of the allegations contained in paragraph 132 of the Amended Complaint that

10 plaintiff Ryan L. Hobbs used OxyContin.  PPI denies the remaining allegations contained in

11 paragraph 132, except admits that certain of the Purdue defendants promoted OxyContin to

12 medical professionals, including by advertisements in certain medical or professional

13 publications, and that employee sales representatives of certain of the Purdue defendants called

14 upon physicians in connection with the promotion of OxyContin.

15           133.    PPI denies the allegations contained in paragraph 133 of the Amended

16 Complaint.

17           134.    PPI denies the allegations contained in paragraph 134 of the Amended

18 Complaint.

19           135.    PPI denies the allegations contained in paragraph 135 of the Amended

20 Complaint, and specifically denies that OxyContin was or is "defective and unsafe for its

21 intended use."

22           136.    PPI denies the allegations contained in paragraph 136 of the Amended

23 Complaint.

24           137.    PPI denies the allegations contained in paragraph 137 of the Amended

25 Complaint.

26           138.    PPI denies the allegations contained in paragraph 138 of the Amended

27 Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

28

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114677.01

1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

### AS TO COUNT EIGHT

2        139.    PPI repeats and realleges its responses to paragraphs 1 through 138 of the

3 Amended Complaint, as if fully set forth herein.

4        140.    PPI denies the allegations contained in paragraph 140 of the Amended

5 Complaint, except admits that certain of the Purdue defendants were engaged in the business of

6 manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

7 marketing, distributing or selling OxyContin, and that OxyContin is an opioid analgesic

8 prescription medication indicated for the management of moderate to severe pain when a

9 continuous, around-the-clock analgesic is needed for an extended period of time.

10        141.    PPI denies the allegations contained in paragraph 141 of the Amended

11 Complaint.

12        142.    PPI denies the allegations contained in paragraph 142 of the Amended

13 Complaint.

14        143.    PPI denies the allegations contained in paragraph 143 of the Amended

15 Complaint, and specifically denies that OxyContin contains "defects."

16        144.    PPI denies the allegations contained in paragraph 144 of the Amended

17 Complaint.

18        145.    PPI denies the allegations contained in paragraph 145 of the Amended

19 Complaint.

20        146.    PPI denies the allegations contained in paragraph 146 of the Amended

21 Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

22

### AS TO COUNT NINE

23        147.    PPI repeats and realleges its responses to paragraphs 1 through 146 of the

24 Amended Complaint, as if fully set forth herein.

25        148.    PPI denies knowledge or information sufficient to form a belief as to the

26 truth or falsity of the allegations contained in paragraph 148 of the Amended Complaint.

27

28

LA1 - 114677.01

149.    PPI denies the allegation contained in paragraph 149 of the Amended Complaint that "Defendants are liable in tort for the injury to Plaintiffs," and repeats and realleges its responses to the allegations contained in any "Preliminary Allegations" and the First through Eighth Causes of Action of the Amended Complaint, as if fully set forth herein.

150.    PPI denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations contained in paragraph 150 of the Amended Complaint.

151.    PPI denies the allegations contained in paragraph 151 of the Amended Complaint.

In response to the WHEREFORE clause located on pages 30 through 34 of the Amended Complaint, PPI denies the allegations contained therein, and specifically denies that plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The injuries and damages claimed by plaintiffs were caused, in whole or in part, by actions or omissions of others for whose conduct PPI is not responsible.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the proximate cause of any alleged injury was plaintiff Ryan Hobbs' choice to use, misuse or abuse OxyContin in a manner other than that recommended.  The intervening or superseding cause of any injury allegedly sustained by plaintiffs accordingly would be plaintiff Ryan Hobbs' own conduct.

### FOURTH AFFIRMATIVE DEFENSE

The intervening or superseding cause of any injury allegedly sustained by plaintiffs may be conduct which is illicit, criminal, or otherwise improper, and for which PPI cannot be held responsible.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

LA1 - 114677.01

1

### FIFTH AFFIRMATIVE DEFENSE

2      Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver,

3   estoppel and unclean hands.

4

### SIXTH AFFIRMATIVE DEFENSE

5      Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of

6   risk.

7

### SEVENTH AFFIRMATIVE DEFENSE

8      Plaintiffs' claims are barred, in whole or in part, to the extent plaintiff Ryan Hobbs

9   was prescribed OxyContin for medical purposes other than those for which OxyContin has been

10  approved by the FDA.

11

### EIGHTH AFFIRMATIVE DEFENSE

12      The product at issue, OxyContin, was approved pursuant to the applicable statutes

13  and regulations.  The labeling for OxyContin was also approved by the FDA.  Such actions and

14  federal regulations and statutes preempt plaintiffs' claims under state law.

15

### NINTH AFFIRMATIVE DEFENSE

16      The doctrine of primary jurisdiction bars plaintiffs' claims.  The FDA has primary

17  jurisdiction over the issues raised in the Amended Complaint.  The FDA, pursuant to federal law,

18  has exclusive regulatory control of products such as the product at issue here.  Therefore, this

19  Court should defer any consideration of the issues raised in the Amended Complaint which are

20  properly within the purview of the FDA and refer such issues to that agency for determination.

21

### TENTH AFFIRMATIVE DEFENSE

22      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of

23  limitation.

24

### ELEVENTH AFFIRMATIVE DEFENSE

25      Plaintiffs' claims are barred, in whole or in part, by the contributory negligence of

26  plaintiffs.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 24 -

LA1 - 114677.01

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs failed to mitigate the alleged injuries or damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs consented to the acts alleged in the Amended Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that those claims are based on an alleged duty to warn of risks associated with the use of OxyContin, inasmuch as plaintiff Ryan L. Hobbs was warned or was otherwise made aware of alleged dangers of the product, and further, any such alleged dangers were not beyond that which would have been contemplated by the ordinary consumer of the product with the ordinary knowledge common to the community.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the design, inspection, packaging, and/or labeling of OxyContin are, and have always been, consistent with the generally recognized technological, medical, scientific, and industrial state-of-the-art.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because statements, promotions and advertisements of OxyContin are protected by the First Amendment of the United States Constitution and the correlative provisions of the California Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault, or liability, PPI states that it would be entitled to a full credit, offset, *pro-rata* reduction, or percentage reduction, based on the percentage of fault attributable to each settling defendant, in the event plaintiffs settle with any defendant, pursuant to the applicable statutes.

- 25 -

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114677.01

1

### EIGHTEENTH AFFIRMATIVE DEFENSE

2      Plaintiffs are barred from recovering any damages by virtue of the fact that the

3 dangers, if any, claimed by plaintiffs were open and obvious.

4

### NINETEENTH AFFIRMATIVE DEFENSE

5      If the product allegedly involved in this action was defective or unreasonably

6 dangerous, which PPI denies, plaintiff Ryan L. Hobbs was aware thereof and unreasonably

7 proceeded to make use of the product in that condition.

8

### TWENTIETH AFFIRMATIVE DEFENSE

9      PPI states that all OxyContin lawfully sold or distributed in the United States

10 carries warnings which adequately informed plaintiff Ryan L. Hobbs of any alleged health risks

11 of using OxyContin.

12

### TWENTY-FIRST AFFIRMATIVE DEFENSE

13      PPI states that plaintiffs did not justifiably rely on the activities attributed by

14 plaintiffs to PPI in the Amended Complaint, and that any injuries or damages complained of in

15 the Amended Complaint were not caused by PPI's alleged actions.

16

### TWENTY-SECOND AFFIRMATIVE DEFENSE

17      Plaintiffs' claims are barred to the extent the injuries alleged in the Amended

18 Complaint resulted from a pre-existing and/or unrelated medical or psychiatric condition and/or

19 idiosyncratic reaction to OxyContin and not from any act or omission by any of the defendants or

20 by any defect in OxyContin.  PPI further states that the damages and injuries alleged, if any, may

21 have been caused or enhanced by a preexisting medical or psychiatric condition of plaintiffs that

22 were not related to the distribution, sale or use of OxyContin.

23

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24      Plaintiffs' claimed damages are too speculative to form the basis for relief.

25

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

26      While denying that plaintiffs suffered any injury for which PPI is liable, PPI avers

27 that any injuries suffered by plaintiffs have been mitigated, in whole or in part, by reimbursement

28 from collateral sources.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 26 -

LA1 - 114677.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the learned intermediary doctrine.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, if plaintiff Ryan L. Hobbs altered the OxyContin tablets and ingested them in a manner other than that described in OxyContin's instructions for use.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovering any damages by virtue of the fact that any harm caused by OxyContin was caused by an inherent aspect of the product which could not be eliminated without compromising its usefulness.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack privity with PPI.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by plaintiffs without substantially impairing its usefulness or intended purpose of the product.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims violate the due process provisions of the United States Constitution and the correlative provisions of the California Constitution to the extent that they seek to deprive PPI of the procedural and substantive safeguards, including traditional defenses to liability.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages violate the Excessive Fines and Penalties clause of the United States Constitution and the correlative provisions of the California Constitution.  These claims also violate PPI's due process and equal protection rights guaranteed

- 27 -

LA1 - 114677.01

1  by the Fifth and Fourteenth Amendments to the United States Constitution and the correlative

2  provisions of the California Constitution.

3  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

4        With respect to plaintiffs' demands for punitive damages, PPI specifically

5  incorporates by reference any and all standards or limitations regarding the determination and

6  enforceability of such damage awards set forth in the decisions of <u>BMW</u> v. <u>Gore</u>, 517 U.S. 559

7  (1996), <u>State Farm Mut. Auto Ins. Co.</u> v. <u>Campbell</u>, 538 U.S. 408 (2003) and <u>Philip Morris USA</u>

8  v. <u>Williams</u>, 549 U.S.__, 127 S. Ct. 1057 (2007).

9  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

10        Plaintiffs' fraud and misrepresentation-based claims are not stated with

11  particularity as required by Fed. R. Civ. P. 9(b).

12  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

13        While PPI denies any liability to plaintiffs whatsoever, to the extent that plaintiffs

14  seek equitable relief, plaintiffs' claims for such relief are barred as plaintiffs have an adequate

15  remedy at law.

16  ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

17        The manufacture, sale and distribution of OxyContin are not unlawful in that

18  express regulatory approval was received therefore and defendants have complied with all

19  statutes and regulations applicable thereto.

20  ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

21        Plaintiffs' claims are barred by virtue of the fact that defendants' conduct is

22  regulated by a detailed and comprehensive enforcement scheme established under federal law,

23  and that plaintiffs' claims purport to establish an impermissible form of state court regulation

24  regarding the manufacture, sale, distribution and promotion of OxyContin.  For the same reasons,

25  to the extent those claims are not barred and plaintiffs seek equitable relief, this Court should

26  abstain from exercising its equitable powers.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114677.01

1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of exhaustion, primary jurisdiction, express regulatory approval and compliance with the law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, pursuant to Section 402A, comment k of the Restatement (Second) of Torts and/or Section 6 of the Restatement (Third) of Torts.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, PPI invokes each and every constitutional defense available to it under the constitutions (or similar charters) of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States. This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on damages.

### FORTIETH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, PPI invokes each and every statutory and common law defense available to it under the laws of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States with respect to each of the claims alleged in the Amended Complaint that is recognized in that jurisdiction.

### FORTY-FIRST AFFIRMATIVE DEFENSE

PPI adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action, to the extent such affirmative defense applies to PPI.

PPI reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its answer to assert any such defense.

- 29 -

1             WHEREFORE, PPI respectfully requests that the Court dismiss the Amended

2  Complaint in its entirety with prejudice and award PPI its costs and disbursements, including

3  attorneys' fees, incurred in defending this action together with such other relief as this Court

4  deems just and proper.

5

6  Dated:    December 10, 2007           CHADBOURNE & PARKE LLP

7

8                             By:           /s/ Jay R. Henneberry

9                                   Jay R. Henneberry

10                                 Robin D. Ball

                             Attorneys for Purdue Pharma Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114677.01

1

## DEMAND FOR JURY TRIAL

2

Purdue Pharma Inc. hereby demands a jury trial on all issues so triable.

3

4    Dated:    December 10, 2007                    CHADBOURNE & PARKE LLP

5

6                                            By:_____/s/ Jay R. Henneberry_____

7                                                    Jay R. Henneberry
                                                       Robin D. Ball
8                                              Attorneys for Purdue Pharma Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

PURDUE PHARMA INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114677.01