1   Jay R. Henneberry (State Bar No. 135065)
    jhenneberry@chadbourne.com
2   Robin D. Ball (State Bar No. 159698)
    rball@chadbourne.com
3   CHADBOURNE & PARKE LLP
    350 South Grand Avenue, Suite 3300
4   Los Angeles, CA  90071
    Telephone:    (213) 892-1000
5   Facsimile:    (213) 622-9865

6   Attorneys for Purdue Pharma L.P.
    (individually, and as successor in interest to the
7   Purdue Pharma Company and Purdue Pharma Ltd.)

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  RYAN L. HOBBS and MICHELLE        Case No.  C-07-3854-SC
    HOBBS,
13                                    **ANSWER AND AFFIRMATIVE**
                Plaintiffs,           **DEFENSES OF PURDUE PHARMA L.P.**
14                                    **(INDIVIDUALLY, AND AS SUCCESSOR**
          v.                          **IN INTEREST TO THE PURDUE**
15                                    **PHARMA COMPANY AND PURDUE**
    PURDUE PHARMA COMPANY et al.,     **PHARMA LTD.) TO FIRST AMENDED**
16                                    **COMPLAINT**
                Defendants.
17                                    DEMAND FOR JURY TRIAL

18
            Purdue Pharma L.P. (individually, and as successor in interest to The Purdue Pharma
19
    Company and Purdue Pharma Ltd.) ("Purdue"), in answer to plaintiffs' First Amended Complaint
20
    for Damages for Fraudulent Representation; Fraudulent Concealment; Products Liability --
21
    Negligence; Strict Products Liability: Failure to Warn; Breach of Implied Warranty of
22
    Merchantability; Breach of Implied Warranty of Fitness for Particular Purpose; Breach of Express
23
    Warranty of Fitness for Particular Purpose; Strict Liability in Tort; Loss of Consortium
24
    (hereinafter, "Amended Complaint")[1], states as follows:
25
    _____

26  [1]   Purdue states that this answer is filed solely on behalf of Purdue.  Other defendants in this
          lawsuit include Abbott Laboratories, Inc.  Purdue does not and cannot speak on behalf of
27
                                                      (cont'd on following page)
28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1    1.    Purdue states that paragraph 1 of the Amended Complaint contains

2    plaintiffs' characterization of their claims, to which no answer is required.

3    **AS TO JURISDICTION**

4    2.    Purdue states that paragraph 2 of the Amended Complaint contains legal

5    conclusions and plaintiffs' characterization of their claims, to which no answer is required.

6    **AS TO INTRADISTRICT ASSIGNMENT**

7    3.    Purdue denies the allegations contained in paragraph 3 of the Amended

8    Complaint, in part on the ground that they are vague and ambiguous.

9    **AS TO PARTIES**

10    4.    Purdue denies knowledge or information sufficient to form a belief as to

11    the truth or falsity of the allegations contained in paragraph 4 of the Amended Complaint.

12    5.    Purdue states that the allegation contained in paragraph 5 of the

13    Amended Complaint regarding service of process asserts a legal conclusion to which no

14    answer is required.  Purdue denies the remaining allegations contained in paragraph 5, except

15    admits that The Purdue Pharma Company was a Delaware general partnership.  Purdue further

16    states that the successor in interest to The Purdue Pharma Company is Purdue.

17    6.    Purdue states that the allegation contained in paragraph 6 of the Amended

18    Complaint regarding service of process asserts a legal conclusion to which no answer is required.

19    Purdue denies the remaining allegations contained in paragraph 6, except admits that it was and

20    is a Delaware limited partnership.

21    7.    Purdue states that the allegation contained in paragraph 7 of the Amended

22    Complaint regarding service of process asserts a legal conclusion to which no answer is required.

23

24    _____

25    (cont'd from preceding page)

26    Abbott Laboratories, Inc., and this answer pertains solely to this answering defendant, and
not to Abbott Laboratories, Inc.  Plaintiffs' use of the word "defendants" in its allegations
does not signal a response by this defendant on behalf of all defendants.

27

28

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114680.01

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1  Purdue denies the remaining allegations contained in paragraph 7, except admits that Purdue

2  Pharma Inc. was and is a New York corporation.

3         8.      Purdue states that the allegation contained in paragraph 8 of the Amended

4  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

5  Purdue denies the remaining allegations contained in paragraph 8, except admits that The Purdue

6  Frederick Company Inc. was and is a New York corporation with its principal place of business

7  located in Connecticut.

8         9.      Purdue states that the allegation contained in paragraph 9 of the Amended

9  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

10  Purdue denies the remaining allegations contained in paragraph 9, except admits that Purdue

11  Pharmaceuticals L.P. was and is a Delaware limited partnership.

12         10.     Purdue states that the allegation contained in paragraph 10 of the Amended

13  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

14  Purdue denies the remaining allegations contained in paragraph 10, except admits that

15  Pharmaceutical Research Associates, Inc. was and is a New York corporation.

16         11.     Purdue states that the allegation contained in paragraph 11 of the Amended

17  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

18  Purdue denies the remaining allegations contained in paragraph 11, except states that Purdue

19  Pharma Ltd. was a Delaware corporation.  Purdue further states that the successor-in-interest to

20  Purdue Pharma Ltd. is Purdue.

21         12.     Purdue denies the allegations contained in paragraph 12 of the Amended

22  Complaint, except admits that The P.F. Laboratories, Inc. was and is a New Jersey corporation.

23         13.     Purdue states that the allegation contained in paragraph 13 of the Amended

24  Complaint regarding service of process asserts a legal conclusion to which no answer is required.

25  Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the

26  remaining allegations contained in paragraph 13.

27         14.     Purdue denies the allegations contained in paragraph 14 of the Amended

28  Complaint.

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114680.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    15.    Purdue denies the allegations contained in paragraph 15 of the Amended

2  Complaint, except admits that certain of the Purdue defendants[2] were engaged in the business of

3  manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

4  marketing, distributing or selling OxyContin® Tablets ("OxyContin"), and that OxyContin is an

5  opioid analgesic prescription medication.  Purdue further states that OxyContin is only legally

6  available to members of the general public pursuant to a valid prescription from their physician.

7                              **AS TO COUNT ONE**

8    16.    Purdue repeats and realleges its responses to paragraphs 1 through 15 of

9  the Amended Complaint, as if fully set forth herein.

10    17.    Purdue denies knowledge or information sufficient to form a belief as to

11  the truth or falsity of the allegations contained in paragraph 17 of the Amended Complaint.

12    18.    Purdue denies knowledge or information sufficient to form a belief as to

13  the truth or falsity of the allegations contained in paragraph 18 of the Amended Complaint.

14    19.    Purdue denies knowledge or information sufficient to form a belief as to

15  the truth or falsity of the allegations contained in paragraph 19 of the Amended Complaint.

16    20.    Purdue denies knowledge or information sufficient to form a belief as to

17  the truth or falsity of the allegations contained in paragraph 20 of the Amended Complaint.

18    21.    Purdue denies knowledge or information sufficient to form a belief as to

19  the truth or falsity of the allegations contained in paragraph 21 of the Amended Complaint.

20    22.    Purdue denies knowledge or information sufficient to form a belief as to

21  the truth or falsity of the allegations contained in the first and last sentences of paragraph 22 of

22  the Amended Complaint and the allegation contained in the second sentence of paragraph 22 that

23  OxyContin was prescribed to plaintiff Ryan L. Hobbs.  Purdue denies the remaining allegations

24

25

26  [2]    Hereinafter, the "Purdue Defendants" shall refer to The Purdue Frederick Company Inc.,
Purdue, Purdue Pharma Inc., Purdue Pharmaceuticals L.P., Pharmaceutical Research

27  Associates, Inc., and The P.F. Laboratories, Inc.

28

contained in paragraph 22, except admits that certain of the Purdue defendants developed or marketed OxyContin, that OxyContin is a brand-name controlled-release opioid analgesic Schedule II prescription medication; and that the active opioid ingredient in OxyContin is oxycodone hydrochloride. Purdue further admits that OxyContin is designed to provide controlled delivery of oxycodone over an extended period of time and is normally taken every twelve hours, and that some strengths of OxyContin contain more oxycodone than many immediate-release formulations, which must be taken more frequently, but states that the oxycodone in OxyContin is released over time if the tablet is taken orally intact. Purdue further admits that, as set forth in the Food and Drug Administration of the United States Department of Health and Human Services ("FDA") - approved professional prescribing information ("package insert") for OxyContin, OxyContin has an abuse liability similar to morphine.

23.    With regard to the allegations contained in paragraph 23 of the Amended Complaint that OxyContin is "highly addictive" and "[l]ike morphine, OxyContin is highly addictive, and can produce withdrawal symptoms in patients who use it for only five to seven days," Purdue denies such allegations, except states that OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability similar to morphine, and that risks from the use of OxyContin are well known to medical providers and are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content. Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 23.

24.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint.

25.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Amended Complaint.

26.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Amended Complaint.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114680.01

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

27.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Amended Complaint, except denies the vague allegation therein that "OxyContin addiction robbed him of his willpower."

28.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Amended Complaint.

29.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Amended Complaint.

30.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint.

31.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Amended Complaint.

32.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Amended Complaint.

33.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Amended Complaint.

34.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Amended Complaint, except, with regard to the allegation therein that OxyContin has "highly addictive properties," denies such allegation except states that OxyContin is an opioid agonist and a Schedule II controlled substance, and that risks from the use of OxyContin are well-known to medical providers and are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.  Further, Purdue denies that OxyContin is "unsuitab[le] . . . for moderate pain relief," and states that OxyContin is indicated for the management of moderate to severe pain when a continuous, around-the-clock analgesic is needed for an extended period of time.

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114680.01

1    35.    Purdue denies knowledge or information sufficient to form a belief as to

2  the truth or falsity of the allegations contained in paragraph 35 of the Amended Complaint.

3    36.    Purdue denies knowledge or information sufficient to form a belief as to

4  the truth or falsity of the allegations contained in paragraph 36 of the Amended Complaint.

5    37.    Purdue denies knowledge or information sufficient to form a belief as to

6  the truth or falsity of the allegations contained in paragraph 37 of the Amended Complaint.

7    38.    Purdue denies the allegations contained in paragraph 38 of the Amended

8  Complaint, except admits that a plea agreement was signed by The Purdue Frederick Company

9  Inc. in the United States District Court for the Western District of Virginia, Abington Division,

10  Case No. 1:07CR00029, which plea agreement speaks for itself as to its content, and pursuant

11  to which plea agreement The Purdue Frederick Company Inc. entered a plea of guilty to 21

12  U.S.C. §§ 331(a) and 333(a)(2) on or about May 10, 2007.  Purdue further admits that The

13  Purdue Frederick Company Inc. agreed to pay $600 million in fines and other payments and

14  was sentenced to five years' probation.

15    39.    Purdue denies the allegations contained in paragraph 39 of the Amended

16  Complaint, except admits that plea agreements were signed by Howard R. Udell (currently

17  Executive Vice President and Chief Legal Officer of Purdue and, formerly, Executive Vice

18  President and Chief Legal Officer of The Purdue Frederick Company Inc.), Paul D. Goldenheim

19  (formerly Executive Vice President of Worldwide Research & Development and Chief Scientific

20  Officer of Purdue and The Purdue Frederick Company), and Michael Friedman (formerly

21  President and Chief Executive Officer of Purdue and The Purdue Frederick Company Inc.) in the

22  United States District Court for the Western District of Virginia Case No. 1:07CR00029, which

23  plea agreements speak for themselves as to their content and pursuant to which plea agreements

24  each signatory entered a plea of guilty on or about May 10, 2007.  Purdue further admits that

25  Howard R. Udell, Paul D. Goldenheim and Michael Friedman agreed to pay a total of $34.5

26  million in fines, and were sentenced to three years' probation and 400 hours of community

27  service in drug treatment programs by the Honorable James P. Jones of the United States District

28  Court for the Western District of Virginia.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 7 -

1      40.     Purdue denies knowledge or information sufficient to form a belief as to

2  the truth or falsity of the allegations contained in the first sentence of paragraph 40 of the

3  Amended Complaint.  Purdue denies the allegations contained in the second sentence of

4  paragraph 40.

5      41.     Purdue denies the allegations contained in paragraph 41 of the Amended

6  Complaint.

7      42.     Purdue denies the allegations contained in paragraph 42 of the Amended

8  Complaint, except admits that OxyContin is a controlled-release opioid analgesic Schedule II

9  prescription medication which is designed to provide controlled delivery of oxycodone over an

10  extended period of time and is normally taken every twelve hours.  Purdue further admits that the

11  active opioid ingredient in OxyContin is oxycodone hydrochloride, and that certain other

12  medications, including Percocet, contain oxycodone along with other ingredients, and states that

13  some strengths of OxyContin contain more oxycodone than many immediate-release

14  formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

15  is released over time if the tablet is taken orally intact.

16      43.     Purdue denies the allegations contained in paragraph 43 of the Amended

17  Complaint, except admits that certain of the Purdue defendants applied for patents covering

18  OxyContin, a controlled-release opioid analgesic prescription medication, and states that the

19  patent applications for OxyContin speak for themselves as to their content.  Purdue further

20  admits that titration of a pain medication can involve adjusting a patient's dosage to provide

21  adequate pain relief, and that the level of side effects experienced by the patient, if any, can be a

22  factor in such titration.

23      44.     Purdue denies the allegations contained in paragraph 44 of the Amended

24  Complaint, except states that any statements made in connection with the patent applications for

25  OxyContin speak for themselves as to their content.

26      45.     Purdue denies the allegations contained in paragraph 45 of the Amended

27  Complaint, except admits that OxyContin was approved by the FDA on December 12, 1995, and

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 8 -

states that the original FDA-approved package insert for OxyContin speaks for itself as to its content, and that the insert stated that "[d]elayed absorption, as provided by OxyContin tablets, is believed to reduce the abuse liability of the drug."

46.    Purdue denies the allegations contained in paragraph 46 of the Amended Complaint, except, with regard to the allegation that OxyContin is "highly addictive, and can produce withdrawal symptoms in patients who use it for only five to seven days," states that OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability similar to morphine, and that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.

47.    Purdue denies the allegations contained in paragraph 47 of the Amended Complaint, except admits that from January 1996 through June 30, 2001, the sale of OxyContin generated approximately $2.8 billion in revenue. Purdue further admits that, for certain years, OxyContin has been the best selling and most profitable product of certain of the Purdue defendants.

48.    Purdue denies the allegations contained in paragraph 48 of the Amended Complaint, except admits that Purdue and Abbott Laboratories entered into a Co-Promotion Agreement, which speaks for itself as to its content.

49.    Purdue denies the allegations contained in paragraph 49 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

50.    Purdue denies the allegations contained in paragraph 50 of the Amended Complaint, and states that risks from the use of OxyContin are described in the FDA-approved

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 9 -

1    package insert for OxyContin, which speaks for itself as to its content, and that OxyContin is,

2    and generally has been, marketed in accordance with the package insert for OxyContin, except

3    that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other

4    employees of certain of the Purdue defendants to make, certain statements about OxyContin to

5    some healthcare professionals that were inconsistent with the package insert for OxyContin and

6    the express warnings it contained about risks associated with the medicine, which statements

7    violated written company policies requiring adherence to the prescribing information.

8            51.     Purdue denies the allegations contained in paragraph 51 of the Amended

9    Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

10   the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

11   the Purdue defendants made, or told other employees of certain of the Purdue defendants to

12   make, certain statements about OxyContin to some healthcare professionals that were

13   inconsistent with the package insert for OxyContin and the express warnings it contained about

14   risks associated with the medicine, which statements violated written company policies requiring

15   adherence to the prescribing information.

16           52.     Purdue denies the allegations contained in the first sentence of paragraph

17   52 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in

18   accordance with the package insert for OxyContin, except that, prior to July 2001, some

19   employees of certain of the Purdue defendants made, or told other employees of certain of the

20   Purdue defendants to make, certain statements about OxyContin to some healthcare professionals

21   that were inconsistent with the package insert for OxyContin and the express warnings it

22   contained about risks associated with the medicine, which statements violated written company

23   policies requiring adherence to the prescribing information.  Purdue denies the allegations

24   contained in the second sentence of paragraph 52.  Purdue denies the allegations contained in the

25   third sentence of paragraph 52, except admits that the marketing of OxyContin included

26   marketing to general practitioners, among other physicians.  Purdue denies the allegations

27   contained in the fourth sentence of paragraph 52, and states that risks from the use of OxyContin

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

LA1 - 114680.01

1    are described in the FDA-approved package insert for OxyContin, which speaks for itself as to

2    its content.

3        53.    Purdue denies the allegations contained in paragraph 53 of the Amended

4    Complaint.

5        54.    Purdue denies the allegations contained in paragraph 54 of the Amended

6    Complaint.

7        55.    Purdue denies knowledge or information sufficient to form a belief as to

8    the truth or falsity of the allegations contained in the second sentence of paragraph 55 of the

9    Amended Complaint.  Purdue denies the remaining allegations contained in paragraph 55, except

10    states that risks from the use of OxyContin are described in the FDA-approved package insert for

11    OxyContin, which speaks for itself as to its content.

12        56.    Purdue denies knowledge or information sufficient to form a belief as to

13    the truth or falsity of the allegations contained in paragraph 56 of the Amended Complaint.

14        57.    Purdue denies the allegations contained in paragraph 57 of the Amended

15    Complaint.

16        58.    Purdue denies the allegations contained in paragraph 58 of the Amended

17    Complaint.

18        59.    Purdue denies the allegations contained in paragraph 59 of the Amended

19    Complaint.

20        60.    Purdue denies the allegations contained in paragraph 60 of the Amended

21    Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

<div align="center">

**AS TO COUNT TWO**

</div>

23        61.    Purdue repeats and realleges its responses to paragraphs 1 through 60 of

24    the Amended Complaint, as if fully set forth herein

25        62.    Purdue denies the allegations contained in paragraph 62 of the Amended

26    Complaint.

27        63.    Purdue denies the allegations contained in paragraph 63 of the Amended

28    Complaint.

<div style="text-align: left; writing-mode: vertical;">

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

</div>

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114680.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

64.    Purdue denies the vague allegation contained in paragraph 64 of the Amended Complaint that OxyContin is a "powerful prescription drug," except admits that OxyContin is a Schedule II opioid agonist prescription medication.  Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 64, except admits that certain of the Purdue defendants developed, marketed or manufactured OxyContin.

65.    With regard to the allegation contained in paragraph 65 of the Amended Complaint that OxyContin "was highly addictive," Purdue denies such allegation except states that risks from the use of OxyContin are well known to medical providers and are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content. Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 65.

66.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Amended Complaint.

67.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Amended Complaint.

68.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Amended Complaint.

69.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Amended Complaint except denies the vague allegation therein that "OxyContin addiction robbed him of his willpower.".

70.    With regard to the allegation contained in paragraph 70 of the Amended Complaint that OxyContin has "highly addictive properties," Purdue denies such allegation except states that OxyContin is an opioid agonist and a Schedule II controlled substance and that risks from the use of OxyContin are well-known to medical providers and are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.  Further, Purdue denies that OxyContin is "unsuitab[le] . . .  for moderate pain relief," and states that

- 12 -

LA1 - 114680.01

1  OxyContin is indicated for the management of moderate to severe pain when a continuous,

2  around-the-clock analgesic is needed for an extended period of time.  Purdue denies knowledge

3  or information sufficient to form a belief as to the truth or falsity of the remaining allegations

4  contained in paragraph 70.

5         71.     Purdue denies the allegations contained in paragraph 71 of the Amended

6  Complaint, except admits that a plea agreement was signed by The Purdue Frederick Company

7  Inc. in the United States District Court for the Western District of Virginia, Abington Division,

8  Case No. 1:07CR00029, which plea agreement speaks for itself as to its content, and pursuant to

9  which plea agreement The Purdue Frederick Company Inc. entered a plea of guilty to 21 U.S.C.

10  §§ 331(a) and 333(a)(2) on or about May 10, 2007.  Purdue further admits that The Purdue

11  Frederick Company Inc. agreed to pay $600 million in fines and other payments and was

12  sentenced to five years' probation.

13         72.     Purdue denies the allegations contained in paragraph 72 of the Amended

14  Complaint, except admits that plea agreements were signed by Howard R. Udell (currently

15  Executive Vice President and Chief Legal Officer of Purdue and, formerly, Executive Vice

16  President and Chief Legal Officer of The Purdue Frederick Company Inc.), Paul D. Goldenheim

17  (formerly Executive Vice President of Worldwide Research & Development and Chief Scientific

18  Officer of Purdue and The Purdue Frederick Company), and Michael Friedman (formerly

19  President and Chief Executive Officer of Purdue and The Purdue Frederick Company Inc.) in the

20  United States District Court for the Western District of Virginia, Case No. 1:07CR00029, which

21  plea agreements speak for themselves as to their content and pursuant to which plea agreements

22  each signatory entered a plea of guilty on or about May 10, 2007.  Purdue further admits that

23  Howard R. Udell. Paul D. Goldenheim, and Michael Friedman agreed to pay a total of $34.5

24  million in fines, and were sentenced to three years' probation and 400 hours of community

25  service in drug treatment programs by the Honorable James P. Jones of the United States District

26  Court for the Western District of Virginia.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 13 -

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

73.     Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 73 of the Amended Complaint.  Purdue denies the allegations contained in the second sentence of paragraph 73.

74.     Purdue denies the allegations contained in paragraph 74 of the Amended Complaint, except admits that OxyContin is a controlled-release opioid analgesic Schedule II prescription medication which is designed to provide controlled delivery of oxycodone over an extended period of time and is normally taken every twelve hours.  Purdue further admits that the active opioid ingredient in OxyContin is oxycodone hydrochloride, and that certain other medications, including Percocet, contain oxycodone along with other ingredients, and states that some strengths of OxyContin contain more oxycodone than many immediate-release formulations, which must be taken more frequently, but states that the oxycodone in OxyContin is released over time if the tablet is taken orally intact.

75.     Purdue denies the allegations contained in paragraph 75 of the Amended Complaint, except admits that certain of the Purdue defendants applied for patents covering OxyContin, a controlled-release opioid analgesic prescription medication, and states that the patent applications for OxyContin speak for themselves as to their content.  Purdue further admits that titration of a pain medication can involve adjusting a patient's dosage to provide adequate pain relief, and that the level of side effects experienced by the patient, if any, can be a factor in such titration.

76.     Purdue denies the allegations contained in paragraph 76 of the Amended Complaint, except states that any statements made in connection with the patent applications for OxyContin speak for themselves as to their content, admits that OxyContin was approved by the FDA on December 12, 1995, and states that the original FDA-approved package insert for OxyContin speaks for itself as to its content.

77.     Purdue denies the allegations contained in paragraph 77 of the Amended Complaint, except, with regard to the allegation that OxyContin is "highly addictive, and can

- 14 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    produce withdrawal symptoms in patients who use it for only five to seven days," states that

2    OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability

3    similar to morphine, and that risks from the use of OxyContin are described in the FDA -

4    approved package insert for OxyContin, which speaks for itself as to its content.

5           78.    Purdue denies the allegations contained in paragraph 78 of the Amended

6    Complaint, except admits that from January 1996 through June 30, 2001, the sale of OxyContin

7    generated approximately $2.8 billion in revenue.  Purdue further admits that, for certain years,

8    OxyContin has been the best selling and most profitable product of certain of the Purdue

9    defendants.

10          79.    Purdue denies the allegations contained in paragraph 79 of the Amended

11   Complaint, except admits that Purdue and Abbott Laboratories entered into a Co-Promotion

12   Agreement, which speaks for itself as to its content.

13          80.    Purdue denies the allegations contained in paragraph 80 of the Amended

14   Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

15   the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

16   the Purdue defendants made, or told other employees of certain of the Purdue defendants to

17   make, certain statements about OxyContin to some healthcare professionals that were

18   inconsistent with the package insert for OxyContin and the express warnings it contained about

19   risks associated with the medicine, which statements violated written company policies requiring

20   adherence to the prescribing information.

21          81.    Purdue denies the allegations contained in paragraph 81 of the Amended

22   Complaint, and states that risks from the use of OxyContin are described in the FDA-approved

23   package insert for OxyContin which speaks for itself as to its content, and that OxyContin is, and

24   generally has been, marketed in accordance with the package insert for OxyContin, except that,

25   prior to July 2001, some employees of certain of the Purdue defendants made, or told other

26   employees of certain of the Purdue defendants to make, certain statements about OxyContin to

27   some healthcare professionals that were inconsistent with the package insert for OxyContin and

28

- 15 -
PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

82.     Purdue denies the allegations contained in paragraph 82 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

83.     Purdue denies the allegations contained in the first sentence of paragraph 83 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information. Purdue denies the allegations contained in the second sentence of paragraph 83. Purdue denies the allegations contained in the third sentence of paragraph 83, except admits that the marketing of OxyContin included marketing to general practitioners, among other physicians. Purdue denies the allegations contained in the fourth sentence of paragraph 83, and states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.

84.     Purdue denies the allegations contained in paragraph 84 of the Amended Complaint.

85.     Purdue denies the allegations contained in paragraph 85 of the Amended Complaint.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 16 -

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114680.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

86.     Purdue denies the allegations contained in paragraph 86 of the Amended Complaint on the grounds that plaintiffs' use of the term "true facts" is vague and ambiguous.

87.     Purdue denies the allegations contained in paragraph 87 of the Amended Complaint.

88.     Purdue denies the allegations contained in paragraph 88 of the Amended Complaint.

89.     Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 89 of the Amended Complaint.  Purdue denies the remaining allegations contained in paragraph 89, except states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.

90.     Purdue denies the allegations contained in paragraph 90 of the Amended Complaint.

91.     Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Amended Complaint.

92.     Purdue denies the allegations contained in paragraph 92 of the Amended Complaint.

93.     Purdue denies the allegations contained in paragraph 93 of the Amended Complaint.

94.     Purdue denies the allegations contained in paragraph 94 of the Amended Complaint.

95.     Purdue denies the allegations contained in paragraph 95 of the Amended Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

## AS TO COUNT THREE

96.     Purdue repeats and realleges its responses to paragraphs 1 through 95 of the Amended Complaint, as if fully set forth herein.

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114680.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1    97.    Purdue denies the allegations contained in paragraph 97 of the Amended

2  Complaint, except admits that certain of the Purdue defendants were engaged in the business of

3  manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

4  marketing, distributing or selling of OxyContin, and that OxyContin is an opioid analgesic

5  prescription medication.  Purdue further states that OxyContin is only legally available to

6  members of the general public pursuant to a valid prescription from their physician.

7    98.    Purdue denies the allegations contained in paragraph 98 of the Amended

8  Complaint.

9    99.    Purdue denies the allegations contained in paragraph 99 of the Amended

10  Complaint.

11    100.    Purdue denies the allegations contained in paragraph 100 of the Amended

12  Complaint.

13    101.    Purdue denies the allegations contained in the first sentence of paragraph

14  101 of the Amended Complaint.  Purdue denies knowledge or information sufficient to form a

15  belief as to the truth or falsity of the allegations contained in the second sentence of paragraph

16  101.

17    102.    Purdue denies the allegations contained in the first and fourth sentences of

18  paragraph 102 of the Amended Complaint.  Purdue denies knowledge or information sufficient

19  to form a belief as to the truth or falsity of the allegations contained in the second, third and fifth

20  sentences of paragraph 102.

21    103.    Purdue denies the allegations contained in paragraph 103 of the Amended

22  Complaint.

23    104.    Purdue denies knowledge or information sufficient to form a belief as to

24  the truth or falsity of the allegations contained in paragraph 104 of the Amended Complaint.

25    105.    Purdue denies the allegations contained in paragraph 105 of the Amended

26  Complaint.

27

28

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114680.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1

## AS TO COUNT FOUR

2    106.    Purdue repeats and realleges its responses to paragraphs 1 through 105 of

3    the Amended Complaint, as if fully set forth herein.

4    107.    Purdue denies the allegations contained in paragraph 107 of the Amended

5    Complaint, except admits that certain of the Purdue defendants were engaged in the business of

6    manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

7    marketing, distributing or selling of OxyContin, and that OxyContin is an opioid analgesic

8    prescription medication.  Purdue further states that OxyContin is only legally available to

9    members of the general public pursuant to a valid prescription from their physician.

10    108.    Purdue denies the allegations contained in paragraph 108 of the Amended

11    Complaint.

12    109.    Purdue the allegations contained in paragraph 109 of the Amended

13    Complaint, except states that risks from the use of OxyContin are described in the package insert

14    for OxyContin, which speaks for itself as to its content.

15    110.    Purdue denies the allegations contained in paragraph 110 of the Amended

16    Complaint.

17    111.    Purdue denies the allegations contained in paragraph 111 of the Amended

18    Complaint, and specifically denies that OxyContin contains "defects."

19    112.    Purdue denies the allegations contained in paragraph 112 of the Amended

20    Complaint.

21    113.    Purdue denies the allegations contained in paragraph 113 of the Amended

22    Complaint.

23    114.    Purdue denies the allegations contained in paragraph 114 of the Amended

24    Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

25    ## AS TO COUNT FIVE

26    115.    Purdue repeats and realleges its responses to paragraphs 1 through 114 of

27    the Amended Complaint, as if fully set forth herein.

28

- 19 -

LA1 - 114680.01

1    116.    Purdue denies the allegations contained in paragraph 116 of the Amended

2    Complaint.

3    117.    Purdue denies the allegations contained in paragraph 117 of the Amended

4    Complaint.

5    118.    Purdue denies the allegations contained in paragraph 118 of the Amended

6    Complaint.

7    119.    Purdue denies the allegations contained in paragraph 119 of the Amended

8    Complaint, and specifically denies that there was or is any "defective condition" of OxyContin.

9    120.    Purdue denies the allegations contained in paragraph 120 of the Amended

10   Complaint.

11   121.    Purdue denies the allegations contained in paragraph 121 of the Amended

12   Complaint.

13   122.    Purdue denies the allegations contained in paragraph 122 of the Amended

14   Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

15                          **AS TO COUNT SIX**

16   123.    Purdue repeats and realleges its responses to paragraphs 1 through 122 of

17   the Amended Complaint, as if fully set forth herein.

18   124.    Purdue denies the allegations contained in paragraph 124 of the Amended

19   Complaint.

20   125.    Purdue denies the allegations contained in paragraph 125 of the Amended

21   Complaint.

22   126.    Purdue denies the allegations contained in paragraph 126 of the Amended

23   Complaint.

24   127.    Purdue denies the allegations contained in paragraph 127 of the Amended

25   Complaint, and specifically denies that there was or is any "defective condition" of OxyContin.

26   128.    Purdue denies the allegations contained in paragraph 128 of the Amended

27   Complaint.

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114680.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    129.    Purdue denies the allegations contained in paragraph 129 of the Amended

2    Complaint.

3    130.    Purdue denies the allegations contained in paragraph 130 of the Amended

4    Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

5    **AS TO COUNT SEVEN**

6    131.    Purdue repeats and realleges its responses to paragraphs 1 through 130 of

7    the Amended Complaint, as if fully set forth herein.

8    132.    Purdue denies knowledge or information sufficient to form a belief as to

9    the truth or falsity of the allegations contained in paragraph 132 of the Amended Complaint that

10    plaintiff Ryan L. Hobbs used OxyContin.  Purdue denies the remaining allegations contained in

11    paragraph 132, except admits that certain of the Purdue defendants promoted OxyContin to

12    medical professionals, including by advertisements in certain medical or professional

13    publications, and that employee sales representatives of certain of the Purdue defendants called

14    upon physicians in connection with the promotion of OxyContin.

15    133.    Purdue denies the allegations contained in paragraph 133 of the Amended

16    Complaint.

17    134.    Purdue denies the allegations contained in paragraph 134 of the Amended

18    Complaint.

19    135.    Purdue denies the allegations contained in paragraph 135 of the Amended

20    Complaint, and specifically denies that OxyContin was or is "defective and unsafe for its

21    intended use."

22    136.    Purdue denies the allegations contained in paragraph 136 of the Amended

23    Complaint.

24    137.    Purdue denies the allegations contained in paragraph 137 of the Amended

25    Complaint.

26    138.    Purdue denies the allegations contained in paragraph 138 of the Amended

27    Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

28

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114680.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

## AS TO COUNT EIGHT

139.    Purdue repeats and realleges its responses to paragraphs 1 through 138 of the Amended Complaint, as if fully set forth herein.

140.    Purdue denies the allegations contained in paragraph 140 of the Amended Complaint, except admits that certain of the Purdue defendants were engaged in the business of manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting, marketing, distributing or selling OxyContin, and that OxyContin is an opioid analgesic prescription medication indicated for the management of moderate to severe pain when a continuous, around-the-clock analgesic is needed for an extended period of time.

141.    Purdue denies the allegations contained in paragraph 141 of the Amended Complaint.

142.    Purdue denies the allegations contained in paragraph 142 of the Amended Complaint.

143.    Purdue denies the allegations contained in paragraph 143 of the Amended Complaint, and specifically denies that OxyContin contains "defects."

144.    Purdue denies the allegations contained in paragraph 144 of the Amended Complaint.

145.    Purdue denies the allegations contained in paragraph 145 of the Amended Complaint.

146.    Purdue denies the allegations contained in paragraph 146 of the Amended Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

## AS TO COUNT NINE

147.    Purdue repeats and realleges its responses to paragraphs 1 through 146 of the Amended Complaint, as if fully set forth herein.

148.    Purdue denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 148 of the Amended Complaint.

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114680.01

1   149.    Purdue denies the allegation contained in paragraph 149 of the Amended

2   Complaint that "Defendants are liable in tort for the injury to Plaintiffs," and repeats and

3   realleges its responses to the allegations contained in any "Preliminary Allegations" and the First

4   through Eighth Causes of Action of the Amended Complaint, as if fully set forth herein.

5   150.    Purdue denies knowledge or information sufficient to form a belief as to

6   truth or falsity of the allegations contained in paragraph 150 of the Amended Complaint.

7   151.    Purdue denies the allegations contained in paragraph 151 of the Amended

8   Complaint.

9   In response to the WHEREFORE clause located on pages 30 through 34 of the Amended

10  Complaint, Purdue denies the allegations contained therein, and specifically denies that plaintiffs

11  are entitled to any relief whatsoever.

12  ## AFFIRMATIVE DEFENSES

13  ## FIRST AFFIRMATIVE DEFENSE

14  The Amended Complaint fails to state a claim upon which relief can be granted.

15  ## SECOND AFFIRMATIVE DEFENSE

16  The injuries and damages claimed by plaintiffs were caused, in whole or in part,

17  by actions or omissions of others for whose conduct Purdue is not responsible.

18  ## THIRD AFFIRMATIVE DEFENSE

19  Plaintiffs' claims are barred, in whole or in part, to the extent that the proximate

20  cause of any alleged injury was plaintiff Ryan Hobbs' choice to use, misuse or abuse OxyContin

21  in a manner other than that recommended.  The intervening or superseding cause of any injury

22  allegedly sustained by plaintiffs accordingly would be plaintiff Ryan Hobbs' own conduct.

23  ## FOURTH AFFIRMATIVE DEFENSE

24  The intervening or superseding cause of any injury allegedly sustained by

25  plaintiffs may be conduct which is illicit, criminal, or otherwise improper, and for which Purdue

26  cannot be held responsible.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 23 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent plaintiff Ryan Hobbs was prescribed OxyContin for medical purposes other than those for which OxyContin has been approved by the FDA.

### EIGHTH AFFIRMATIVE DEFENSE

The product at issue, OxyContin, was approved pursuant to the applicable statutes and regulations. The labeling for OxyContin was also approved by the FDA. Such actions and federal regulations and statutes preempt plaintiffs' claims under state law.

### NINTH AFFIRMATIVE DEFENSE

The doctrine of primary jurisdiction bars plaintiffs' claims. The FDA has primary jurisdiction over the issues raised in the Amended Complaint. The FDA, pursuant to federal law, has exclusive regulatory control of products such as the product at issue here. Therefore, this Court should defer any consideration of the issues raised in the Amended Complaint which are properly within the purview of the FDA and refer such issues to that agency for determination.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the contributory negligence of plaintiffs.

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114680.01

1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs failed to mitigate the alleged injuries or damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs consented to the acts alleged in the Amended Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that those claims are based on an alleged duty to warn of risks associated with the use of OxyContin, inasmuch as plaintiff Ryan L. Hobbs was warned or was otherwise made aware of alleged dangers of the product, and further, any such alleged dangers were not beyond that which would have been contemplated by the ordinary consumer of the product with the ordinary knowledge common to the community.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the design, inspection, packaging, and/or labeling of OxyContin are, and have always been, consistent with the generally recognized technological, medical, scientific, and industrial state-of-the-art.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because statements, promotions and advertisements of OxyContin are protected by the First Amendment of the United States Constitution and the correlative provisions of the California Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault, or liability, Purdue states that it would be entitled to a full credit, offset, *pro-rata* reduction, or percentage reduction, based on the percentage of fault attributable to each settling defendant, in the event plaintiffs settle with any defendant, pursuant to the applicable statutes.

- 25 -

LA1 - 114680.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that the dangers, if any, claimed by plaintiffs were open and obvious.

### NINETEENTH AFFIRMATIVE DEFENSE

If the product allegedly involved in this action was defective or unreasonably dangerous, which Purdue denies, plaintiff Ryan L. Hobbs was aware thereof and unreasonably proceeded to make use of the product in that condition.

### TWENTIETH AFFIRMATIVE DEFENSE

Purdue states that all OxyContin lawfully sold or distributed in the United States carries warnings which adequately informed plaintiff Ryan L. Hobbs of any alleged health risks of using OxyContin.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Purdue states that plaintiffs did not justifiably rely on the activities attributed by plaintiffs to Purdue in the Amended Complaint, and that any injuries or damages complained of in the Amended Complaint were not caused by Purdue's alleged actions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent the injuries alleged in the Amended Complaint resulted from a pre-existing and/or unrelated medical or psychiatric condition and/or idiosyncratic reaction to OxyContin and not from any act or omission by any of the defendants or by any defect in OxyContin. Purdue further states that the damages and injuries alleged, if any, may have been caused or enhanced by a preexisting medical or psychiatric condition of plaintiffs that were not related to the distribution, sale or use of OxyContin.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages are too speculative to form the basis for relief.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

While denying that plaintiffs suffered any injury for which Purdue is liable, Purdue avers that any injuries suffered by plaintiffs have been mitigated, in whole or in part, by reimbursement from collateral sources.

LA1 - 114680.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the learned intermediary doctrine.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, if plaintiff Ryan L. Hobbs altered the OxyContin tablets and ingested them in a manner other than that described in OxyContin's instructions for use.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that any harm caused by OxyContin was caused by an inherent aspect of the product which could not be eliminated without compromising its usefulness.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack privity with Purdue.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by plaintiffs without substantially impairing its usefulness or intended purpose of the product.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims violate the due process provisions of the United States Constitution and the correlative provisions of the California Constitution to the extent that they seek to deprive Purdue of the procedural and substantive safeguards, including traditional defenses to liability.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate the Excessive Fines and Penalties clause of the United States Constitution and the correlative provisions of the California Constitution.  These claims also violate Purdue's due process and equal protection rights

- 27 -

1    guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the

2    correlative provisions of the California Constitution.

3                          **THIRTY-SECOND AFFIRMATIVE DEFENSE**

4              With respect to plaintiffs' demands for punitive damages, Purdue specifically

5    incorporates by reference any and all standards or limitations regarding the determination and

6    enforceability of such damage awards set forth in the decisions of <u>BMW</u> v. <u>Gore</u>, 517 U.S. 559

7    (1996), <u>State Farm Mut. Auto Ins. Co.</u> v. <u>Campbell</u>, 538 U.S. 408 (2003) and <u>Philip Morris USA</u>

8    v. <u>Williams</u>, 549 U.S.__, 127 S. Ct. 1057 (2007).

9                          **THIRTY-THIRD AFFIRMATIVE DEFENSE**

10             Plaintiffs' fraud and misrepresentation-based claims are not stated with

11   particularity as required by Fed. R. Civ. P. 9(b).

12                         **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

13             While Purdue denies any liability to plaintiffs whatsoever, to the extent that

14   plaintiffs seek equitable relief, plaintiffs' claims for such relief are barred as plaintiffs have an

15   adequate remedy at law.

16                         **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

17             The manufacture, sale and distribution of OxyContin are not unlawful in that

18   express regulatory approval was received therefore and defendants have complied with all

19   statutes and regulations applicable thereto.

20                         **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

21             Plaintiffs' claims are barred by virtue of the fact that defendants' conduct is

22   regulated by a detailed and comprehensive enforcement scheme established under federal law,

23   and that plaintiffs' claims purport to establish an impermissible form of state court regulation

24   regarding the manufacture, sale, distribution and promotion of OxyContin.  For the same reasons,

25   to the extent those claims are not barred and plaintiffs seek equitable relief, this Court should

26   abstain from exercising its equitable powers.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 28 -

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of exhaustion, primary jurisdiction, express regulatory approval and compliance with the law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, pursuant to Section 402A, comment k of the Restatement (Second) of Torts and/or Section 6 of the Restatement (Third) of Torts.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Purdue invokes each and every constitutional defense available to it under the constitutions (or similar charters) of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States.  This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on damages.

### FORTIETH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Purdue invokes each and every statutory and common law defense available to it under the laws of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States with respect to each of the claims alleged in the Amended Complaint that is recognized in that jurisdiction.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Purdue adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action, to the extent such affirmative defense applies to Purdue.

Purdue reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its answer to assert any such defense.

- 29 -

1          WHEREFORE, Purdue respectfully requests that the Court dismiss the Amended

2  Complaint in its entirety with prejudice and award Purdue its costs and disbursements, including

3  attorneys' fees, incurred in defending this action together with such other relief as this Court

4  deems just and proper.

5

6  Dated:    December 10, 2007                CHADBOURNE & PARKE LLP

7

8                                          By:_____/s/ Jay R. Henneberry_____

9                                               Jay R. Henneberry
                                                 Robin D. Ball
10                                                Attorneys for
                                               Purdue Pharma L.P.
11                                         (individually, and as successor in
                                            interest to The Purdue Pharma
12                                        Company and Purdue Pharma Ltd.)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 30 -

LA1 - 114680.01

# DEMAND FOR JURY TRIAL

Purdue Pharma L.P. (individually, and as successor in interest to The Purdue Pharma Company and Purdue Pharma Ltd.). hereby demands a jury trial on all issues so triable.


Dated:    December 10, 2007                         CHADBOURNE & PARKE LLP


By:_____/s/ Jay R. Henneberry_____

Jay R. Henneberry
Robin D. Ball
Attorneys for
Purdue Pharma L.P.
(individually, and as successor in
interest to The Purdue Pharma
Company and Purdue Pharma Ltd.)

PURDUE PHARMA L.P.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114680.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000