1    Jay R. Henneberry (State Bar No. 135065)
     jhenneberry@chadbourne.com
2    Robin D. Ball (State Bar No. 159698)
     rball@chadbourne.com
3    CHADBOURNE & PARKE LLP
     350 South Grand Avenue, Suite 3300
4    Los Angeles, CA  90071
     Telephone:    (213) 892-1000
5    Facsimile:    (213) 622-9865

6    Attorneys for The P.F. Laboratories, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12   RYAN L. HOBBS and MICHELLE          Case No.  C-07-3854-SC
     HOBBS,
13                                       **ANSWER AND AFFIRMATIVE**
                 Plaintiffs,             **DEFENSES OF THE P.F.**
14                                       **LABORATORIES, INC. TO**
           v.                            **FIRST AMENDED COMPLAINT**
15
     PURDUE PHARMA COMPANY et al.,       DEMAND FOR JURY TRIAL
16
                 Defendants.
17

18         The P.F. Laboratories, Inc.,  ("PF Labs"), in answer to plaintiffs' First Amended

19   Complaint for Damages for Fraudulent Representation; Fraudulent Concealment; Products

20   Liability -- Negligence; Strict Products Liability: Failure to Warn; Breach of Implied Warranty of

21   Merchantability; Breach of Implied Warranty of Fitness for Particular Purpose; Breach of Express

22   Warranty of Fitness for Particular Purpose; Strict Liability in Tort; Loss of Consortium

23   (hereinafter, "Amended Complaint")[1], states as follows:

24

25   _____

26   [1]    PF Labs states that this answer is filed solely on behalf of PF Labs.  Other defendants in this
     lawsuit include Abbott Laboratories, Inc.  PF Labs does not and cannot speak on behalf of
27   Abbott Laboratories, Inc., and this answer pertains solely to this answering defendant, and

28                                                (cont'd on following page)

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

_____
LA1 - 114679.01

1.    PF Labs states that paragraph 1 of the Amended Complaint contains plaintiffs' characterization of their claims, to which no answer is required.

## AS TO JURISDICTION

2.    PF Labs states that paragraph 2 of the Amended Complaint contains legal conclusions and plaintiffs' characterization of their claims, to which no answer is required.

## AS TO INTRADISTRICT ASSIGNMENT

3.    PF Labs denies the allegations contained in paragraph 3 of the Amended Complaint, in part on the ground that they are vague and ambiguous.

## AS TO PARTIES

4.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Amended Complaint.

5.    PF Labs states that the allegation contained in paragraph 5 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required.  PF Labs denies the remaining allegations contained in paragraph 5, except admits that The Purdue Pharma Company was a Delaware general partnership.  PF Labs further states that the successor in interest to The Purdue Pharma Company is Purdue Pharma L.P.

6.    PF Labs states that the allegation contained in paragraph 6 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PF Labs denies the remaining allegations contained in paragraph 6, except admits that Purdue Pharma L.P. was and is a Delaware limited partnership.

7.    PF Labs states that the allegation contained in paragraph 7 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required.

(cont'd from preceding page)

not to Abbott Laboratories, Inc.  Plaintiffs' use of the word "defendants" in its allegations does not signal a response by this defendant on behalf of all defendants.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC
LA1 - 114679.01

PF Labs denies the remaining allegations contained in paragraph 7, except admits that Purdue Pharma Inc. was and is a New York corporation.

8.      PF Labs states that the allegation contained in paragraph 8 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PF Labs denies the remaining allegations contained in paragraph 8, except admits that The Purdue Frederick Company Inc. was and is a New York corporation with its principal place of business located in Connecticut.

9.      PF Labs states that the allegation contained in paragraph 9 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PF Labs denies the remaining allegations contained in paragraph 9, except admits that Purdue Pharmaceuticals L.P. was and is a Delaware limited partnership.

10.     PF Labs states that the allegation contained in paragraph 10 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PF Labs denies the remaining allegations contained in paragraph 10, except admits that Pharmaceutical Research Associates, Inc. was and is a New York corporation.

11.     PF Labs states that the allegation contained in paragraph 11 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PF Labs denies the remaining allegations contained in paragraph 11, except states that Purdue Pharma Ltd. was a Delaware corporation. PF Labs further states that the successor-in-interest to Purdue Pharma Ltd. is Purdue Pharma L.P.

12.     PF Labs denies the allegations contained in paragraph 12 of the Amended Complaint, except admits that it was and is a New Jersey corporation.

13.     PF Labs states that the allegation contained in paragraph 13 of the Amended Complaint regarding service of process asserts a legal conclusion to which no answer is required. PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13.

14.     PF Labs denies the allegations contained in paragraph 14 of the Amended Complaint.

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 3 -

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    15.    PF Labs denies the allegations contained in paragraph 15 of the Amended

2  Complaint, except admits that certain of the Purdue defendants[2] were engaged in the business of

3  manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

4  marketing, distributing or selling OxyContin® Tablets ("OxyContin"), and that OxyContin is an

5  opioid analgesic prescription medication.  PF Labs further states that OxyContin is only legally

6  available to members of the general public pursuant to a valid prescription from their physician.

7    **AS TO COUNT ONE**

8    16.    PF Labs repeats and realleges its responses to paragraphs 1 through 15 of

9  the Amended Complaint, as if fully set forth herein.

10    17.    PF Labs denies knowledge or information sufficient to form a belief as to

11  the truth or falsity of the allegations contained in paragraph 17 of the Amended Complaint.

12    18.    PF Labs denies knowledge or information sufficient to form a belief as

13  to the truth or falsity of the allegations contained in paragraph 18 of the Amended Complaint.

14    19.    PF Labs denies knowledge or information sufficient to form a belief as

15  to the truth or falsity of the allegations contained in paragraph 19 of the Amended Complaint.

16    20.    PF Labs denies knowledge or information sufficient to form a belief as to

17  the truth or falsity of the allegations contained in paragraph 20 of the Amended Complaint.

18    21.    PF Labs denies knowledge or information sufficient to form a belief as

19  to the truth or falsity of the allegations contained in paragraph 21 of the Amended Complaint.

20    22.    PF Labs denies knowledge or information sufficient to form a belief as to

21  the truth or falsity of the allegations contained in the first and last sentences of paragraph 22 of

22  the Amended Complaint and the allegation contained in the second sentence of paragraph 22 that

23  OxyContin was prescribed to plaintiff Ryan L. Hobbs.  PF Labs denies the remaining allegations

_____

[2] Hereinafter, the "Purdue Defendants" shall refer to The Purdue Frederick Company Inc., Purdue Pharma L.P. (individually, and as successor in interest to The Purdue Pharma Company and Purdue Pharma Ltd.), Purdue Pharma Inc., Purdue Pharmaceuticals L.P., Pharmaceutical Research Associates, Inc., and PF Labs.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1  contained in paragraph 22, except admits that certain of the Purdue defendants developed or

2  marketed OxyContin, that OxyContin is a brand-name controlled-release opioid analgesic

3  Schedule II prescription medication; and that the active opioid ingredient in OxyContin is

4  oxycodone hydrochloride.  PF Labs further admits that OxyContin is designed to provide

5  controlled delivery of oxycodone over an extended period of time and is normally taken every

6  twelve hours, and that some strengths of OxyContin contain more oxycodone than many

7  immediate-release formulations, which must be taken more frequently, but states that the

8  oxycodone in OxyContin is released over time if the tablet is taken orally intact.  PF Labs further

9  admits that, as set forth in the Food and Drug Administration of the United States Department of

10  Health and Human Services ("FDA") - approved professional prescribing information ("package

11  insert") for OxyContin, OxyContin has an abuse liability similar to morphine.

12      23.     With regard to the allegations contained in paragraph 23 of the Amended

13  Complaint that OxyContin is "highly addictive" and "[l]ike morphine, OxyContin is highly

14  addictive, and can produce withdrawal symptoms in patients who use it for only five to seven

15  days," PF Labs denies such allegations, except states that OxyContin is an opioid agonist and a

16  Schedule II controlled substance with an abuse liability similar to morphine, and that risks from

17  the use of OxyContin are well known to medical providers and are described in the FDA-

18  approved package insert for OxyContin, which speaks for itself as to its content.  PF Labs denies

19  knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

20  allegations contained in paragraph 23.

21      24.     PF Labs denies knowledge or information sufficient to form a belief as to

22  the truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint.

23      25.     PF Labs denies knowledge or information sufficient to form a belief as to

24  the truth or falsity of the allegations contained in paragraph 25 of the Amended Complaint.

25      26.     PF Labs denies knowledge or information sufficient to form a belief as to

26  the truth or falsity of the allegations contained in paragraph 26 of the Amended Complaint.

27

28

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

27.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Amended Complaint, except denies the vague allegation therein that "OxyContin addiction robbed him of his willpower."

28.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Amended Complaint.

29.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Amended Complaint.

30.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint.

31.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Amended Complaint.

32.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Amended Complaint.

33.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Amended Complaint.

34.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Amended Complaint, except, with regard to the allegation therein that OxyContin has "highly addictive properties," denies such allegation except states that OxyContin is an opioid agonist and a Schedule II controlled substance, and that risks from the use of OxyContin are well-known to medical providers and are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.  Further, PF Labs denies that OxyContin is "unsuitab[le] . . . for moderate pain relief," and states that OxyContin is indicated for the management of moderate to severe pain when a continuous, around-the-clock analgesic is needed for an extended period of time.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

35.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Amended Complaint.

36.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Amended Complaint.

37.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Amended Complaint.

38.    PF Labs denies the allegations contained in paragraph 38 of the Amended Complaint, except admits that a plea agreement was signed by The Purdue Frederick Company Inc. in the United States District Court for the Western District of Virginia, Abington Division, Case No. 1:07CR00029, which plea agreement speaks for itself as to its content, and pursuant to which plea agreement The Purdue Frederick Company Inc. entered a plea of guilty to 21 U.S.C. §§ 331(a) and 333(a)(2) on or about May 10, 2007.  PF Labs further admits that The Purdue Frederick Company Inc. agreed to pay $600 million in fines and other payments and was sentenced to five years' probation.

39.    PF Labs denies the allegations contained in paragraph 39 of the Amended Complaint, except admits that plea agreements were signed by Howard R. Udell (currently Executive Vice President and Chief Legal Officer of Purdue Pharma L.P. and, formerly, Executive Vice President and Chief Legal Officer of The Purdue Frederick Company Inc.), Paul D. Goldenheim (formerly Executive Vice President of Worldwide Research & Development and Chief Scientific Officer of Purdue Pharma L.P. and The Purdue Frederick Company), and Michael Friedman (formerly President and Chief Executive Officer of Purdue Pharma L.P. and The Purdue Frederick Company Inc.) in the United States District Court for the Western District of Virginia Case No. 1:07CR00029, which plea agreements speak for themselves as to their content and pursuant to which plea agreements each signatory entered a plea of guilty on or about May 10, 2007.  PF Labs further admits that Howard R. Udell, Paul D. Goldenheim and Michael Friedman agreed to pay a total of $34.5 million in fines, and were sentenced to three

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114679.01

years' probation and 400 hours of community service in drug treatment programs by the Honorable James P. Jones of the United States District Court for the Western District of Virginia.

40. PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 40 of the Amended Complaint. PF Labs denies the allegations contained in the second sentence of paragraph 40.

41. PF Labs denies the allegations contained in paragraph 41 of the Amended Complaint.

42. PF Labs denies the allegations contained in paragraph 42 of the Amended Complaint, except admits that OxyContin is a controlled-release opioid analgesic Schedule II prescription medication which is designed to provide controlled delivery of oxycodone over an extended period of time and is normally taken every twelve hours. PF Labs further admits that the active opioid ingredient in OxyContin is oxycodone hydrochloride, and that certain other medications, including Percocet, contain oxycodone along with other ingredients, and states that some strengths of OxyContin contain more oxycodone than many immediate-release formulations, which must be taken more frequently, but states that the oxycodone in OxyContin is released over time if the tablet is taken orally intact.

43. PF Labs denies the allegations contained in paragraph 43 of the Amended Complaint, except admits that certain of the Purdue defendants applied for patents covering OxyContin, a controlled-release opioid analgesic prescription medication, and states that the patent applications for OxyContin speak for themselves as to their content. PF Labs further admits that titration of a pain medication can involve adjusting a patient's dosage to provide adequate pain relief, and that the level of side effects experienced by the patient, if any, can be a factor in such titration.

44. PF Labs denies the allegations contained in paragraph 44 of the Amended Complaint, except states that any statements made in connection with the patent applications for OxyContin speak for themselves as to their content.

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

LA1 - 114679.01

1          45.    PF Labs denies the allegations contained in paragraph 45 of the Amended

2   Complaint, except admits that OxyContin was approved by the FDA on December 12, 1995, and

3   states that the original FDA-approved package insert for OxyContin speaks for itself as to its

4   content, and that the insert stated that "[d]elayed absorption, as provided by OxyContin tablets, is

5   believed to reduce the abuse liability of the drug."

6          46.    PF Labs denies the allegations contained in paragraph 46 of the Amended

7   Complaint, except, with regard to the allegation that OxyContin is "highly addictive, and can

8   produce withdrawal symptoms in patients who use it for only five to seven days," states that

9   OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability

10  similar to morphine, and that risks from the use of OxyContin are described in the FDA -

11  approved package insert for OxyContin, which speaks for itself as to its content.

12         47.    PF Labs denies the allegations contained in paragraph 47 of the Amended

13  Complaint, except admits that from January 1996 through June 30, 2001, the sale of OxyContin

14  generated approximately $2.8 billion in revenue.  PF Labs further admits that, for certain years,

15  OxyContin has been the best selling and most profitable product of certain of the Purdue

16  defendants.

17         48.    PF Labs denies the allegations contained in paragraph 48 of the Amended

18  Complaint, except admits that Purdue Pharma L.P. and Abbott Laboratories entered into a Co-

19  Promotion Agreement, which speaks for itself as to its content.

20         49.    PF Labs denies the allegations contained in paragraph 49 of the Amended

21  Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

22  the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

23  the Purdue defendants made, or told other employees of certain of the Purdue defendants to

24  make, certain statements about OxyContin to some healthcare professionals that were

25  inconsistent with the package insert for OxyContin and the express warnings it contained about

26  risks associated with the medicine, which statements violated written company policies requiring

27  adherence to the prescribing information.

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1    50.    PF Labs denies the allegations contained in paragraph 50 of the Amended

2    Complaint, and states that risks from the use of OxyContin are described in the FDA-approved

3    package insert for OxyContin, which speaks for itself as to its content, and that OxyContin is,

4    and generally has been, marketed in accordance with the package insert for OxyContin, except

5    that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other

6    employees of certain of the Purdue defendants to make, certain statements about OxyContin to

7    some healthcare professionals that were inconsistent with the package insert for OxyContin and

8    the express warnings it contained about risks associated with the medicine, which statements

9    violated written company policies requiring adherence to the prescribing information.

10    51.    PF Labs denies the allegations contained in paragraph 51 of the Amended

11    Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

12    the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

13    the Purdue defendants made, or told other employees of certain of the Purdue defendants to

14    make, certain statements about OxyContin to some healthcare professionals that were

15    inconsistent with the package insert for OxyContin and the express warnings it contained about

16    risks associated with the medicine, which statements violated written company policies requiring

17    adherence to the prescribing information.

18    52.    PF Labs denies the allegations contained in the first sentence of paragraph

19    52 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in

20    accordance with the package insert for OxyContin, except that, prior to July 2001, some

21    employees of certain of the Purdue defendants made, or told other employees of certain of the

22    Purdue defendants to make, certain statements about OxyContin to some healthcare professionals

23    that were inconsistent with the package insert for OxyContin and the express warnings it

24    contained about risks associated with the medicine, which statements violated written company

25    policies requiring adherence to the prescribing information.  PF Labs denies the allegations

26    contained in the second sentence of paragraph 52.  PF Labs denies the allegations contained in

27    the third sentence of paragraph 52, except admits that the marketing of OxyContin included

28

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114679.01

1  marketing to general practitioners, among other physicians.  PF Labs denies the allegations

2  contained in the fourth sentence of paragraph 52, and states that risks from the use of OxyContin

3  are described in the FDA-approved package insert for OxyContin, which speaks for itself as to

4  its content.

5          53.     PF Labs denies the allegations contained in paragraph 53 of the Amended

6  Complaint.

7          54.     PF Labs denies the allegations contained in paragraph 54 of the Amended

8  Complaint.

9          55.     PF Labs denies knowledge or information sufficient to form a belief as to

10 the truth or falsity of the allegations contained in the second sentence of paragraph 55 of the

11 Amended Complaint.  PF Labs denies the remaining allegations contained in paragraph 55,

12 except states that risks from the use of OxyContin are described in the FDA-approved package

13 insert for OxyContin, which speaks for itself as to its content.

14         56.     PF Labs denies knowledge or information sufficient to form a belief as to

15 the truth or falsity of the allegations contained in paragraph 56 of the Amended Complaint.

16         57.     PF Labs denies the allegations contained in paragraph 57 of the Amended

17 Complaint.

18         58.     PF Labs denies the allegations contained in paragraph 58 of the Amended

19 Complaint.

20         59.     PF Labs denies the allegations contained in paragraph 59 of the Amended

21 Complaint.

22         60.     PF Labs denies the allegations contained in paragraph 60 of the Amended

23 Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

24                         **AS TO COUNT TWO**

25         61.     PF Labs repeats and realleges its responses to paragraphs 1 through 60 of

26 the Amended Complaint, as if fully set forth herein

27         62.     PF Labs denies the allegations contained in paragraph 62 of the Amended

28 Complaint.

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 11 -

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

1    63.    PF Labs denies the allegations contained in paragraph 63 of the Amended
2    Complaint.

3    64.    PF Labs denies the vague allegation contained in paragraph 64 of the
4    Amended Complaint that OxyContin is a "powerful prescription drug," except admits that
5    OxyContin is a Schedule II opioid agonist prescription medication.  PF Labs denies knowledge
6    or information sufficient to form a belief as to the truth or falsity of the remaining allegations
7    contained in paragraph 64, except admits that certain of the Purdue defendants developed,
8    marketed or manufactured OxyContin.

9    65.    With regard to the allegation contained in paragraph 65 of the Amended
10   Complaint that OxyContin "was highly addictive," PF Labs denies such allegation except states
11   that risks from the use of OxyContin are well known to medical providers and are described in
12   the FDA-approved package insert for OxyContin, which speaks for itself as to its content.  PF
13   Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the
14   remaining allegations contained in paragraph 65.

15   66.    PF Labs denies knowledge or information sufficient to form a belief as to
16   the truth or falsity of the allegations contained in paragraph 66 of the Amended Complaint.

17   67.    PF Labs denies knowledge or information sufficient to form a belief as to
18   the truth or falsity of the allegations contained in paragraph 67 of the Amended Complaint.

19   68.    PF Labs denies knowledge or information sufficient to form a belief as to
20   the truth or falsity of the allegations contained in paragraph 68 of the Amended Complaint.

21   69.    PF Labs denies knowledge or information sufficient to form a belief as to
22   the truth or falsity of the allegations contained in paragraph 69 of the Amended Complaint except
23   denies the vague allegation therein that "OxyContin addiction robbed him of his willpower."

24   70.    With regard to the allegation contained in paragraph 70 of the Amended
25   Complaint that OxyContin has "highly addictive properties," PF Labs denies such allegation
26   except states that OxyContin is an opioid agonist and a Schedule II controlled substance and that
27   risks from the use of OxyContin are well-known to medical providers and are described in the

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

FDA-approved package insert for OxyContin, which speaks for itself as to its content.  Further, PF Labs denies that OxyContin is "unsuitab[le] . . . for moderate pain relief," and states that OxyContin is indicated for the management of moderate to severe pain when a continuous, around-the-clock analgesic is needed for an extended period of time.  PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 70.

71.    PF Labs denies the allegations contained in paragraph 71 of the Amended Complaint, except admits that a plea agreement was signed by The Purdue Frederick Company Inc. in the United States District Court for the Western District of Virginia, Abington Division, Case No. 1:07CR00029, which plea agreement speaks for itself as to its content, and pursuant to which plea agreement The Purdue Frederick Company Inc. entered a plea of guilty to 21 U.S.C. §§ 331(a) and 333(a)(2) on or about May 10, 2007.  PF Labs further admits that The Purdue Frederick Company Inc. agreed to pay $600 million in fines and other payments and was sentenced to five years' probation.

72.    PF Labs denies the allegations contained in paragraph 72 of the Amended Complaint, except admits that plea agreements were signed by Howard R. Udell (currently Executive Vice President and Chief Legal Officer of Purdue Pharma L.P. and, formerly, Executive Vice President and Chief Legal Officer of The Purdue Frederick Company Inc.), Paul D. Goldenheim (formerly Executive Vice President of Worldwide Research & Development and Chief Scientific Officer of Purdue Pharma L.P. and The Purdue Frederick Company), and Michael Friedman (formerly President and Chief Executive Officer of Purdue Pharma L.P. and The Purdue Frederick Company Inc.) in the United States District Court for the Western District of Virginia, Case No. 1:07CR00029, which plea agreements speak for themselves as to their content and pursuant to which plea agreements each signatory entered a plea of guilty on or about May 10, 2007.  PF Labs further admits that Howard R. Udell. Paul D. Goldenheim, and Michael Friedman agreed to pay a total of $34.5 million in fines, and were sentenced to three

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

1   years' probation and 400 hours of community service in drug treatment programs by the

2   Honorable James P. Jones of the United States District Court for the Western District of Virginia.

3         73.    PF Labs denies knowledge or information sufficient to form a belief as to

4   the truth or falsity of the allegations contained in the first sentence of paragraph 73 of the

5   Amended Complaint.  PF Labs denies the allegations contained in the second sentence of

6   paragraph 73.

7         74.    PF Labs denies the allegations contained in paragraph 74 of the Amended

8   Complaint, except admits that OxyContin is a controlled-release opioid analgesic Schedule II

9   prescription medication which is designed to provide controlled delivery of oxycodone over an

10  extended period of time and is normally taken every twelve hours.  PF Labs further admits that

11  the active opioid ingredient in OxyContin is oxycodone hydrochloride, and that certain other

12  medications, including Percocet, contain oxycodone along with other ingredients, and states that

13  some strengths of OxyContin contain more oxycodone than many immediate-release

14  formulations, which must be taken more frequently, but states that the oxycodone in OxyContin

15  is released over time if the tablet is taken orally intact.

16        75.    PF Labs denies the allegations contained in paragraph 75 of the Amended

17  Complaint, except admits that certain of the Purdue defendants applied for patents covering

18  OxyContin, a controlled-release opioid analgesic prescription medication, and states that the

19  patent applications for OxyContin speak for themselves as to their content.  PF Labs further

20  admits that titration of a pain medication can involve adjusting a patient's dosage to provide

21  adequate pain relief, and that the level of side effects experienced by the patient, if any, can be a

22  factor in such titration.

23        76.    PF Labs denies the allegations contained in paragraph 76 of the Amended

24  Complaint, except states that any statements made in connection with the patent applications for

25  OxyContin speak for themselves as to their content, admits that OxyContin was approved by the

26  FDA on December 12, 1995, and states that the original FDA-approved package insert for

27  OxyContin speaks for itself as to its content.

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

77.     PF Labs denies the allegations contained in paragraph 77 of the Amended Complaint, except, with regard to the allegation that OxyContin is "highly addictive, and can produce withdrawal symptoms in patients who use it for only five to seven days," states that OxyContin is an opioid agonist and a Schedule II controlled substance with an abuse liability similar to morphine, and that risks from the use of OxyContin are described in the FDA - approved package insert for OxyContin, which speaks for itself as to its content.

78.     PF Labs denies the allegations contained in paragraph 78 of the Amended Complaint, except admits that from January 1996 through June 30, 2001, the sale of OxyContin generated approximately $2.8 billion in revenue.  PF Labs further admits that, for certain years, OxyContin has been the best selling and most profitable product of certain of the Purdue defendants.

79.     PF Labs denies the allegations contained in paragraph 79 of the Amended Complaint, except admits that Purdue Pharma L.P. and Abbott Laboratories entered into a Co-Promotion Agreement, which speaks for itself as to its content.

80.     PF Labs denies the allegations contained in paragraph 80 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other employees of certain of the Purdue defendants to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

81.     PF Labs denies the allegations contained in paragraph 81 of the Amended Complaint, and states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin which speaks for itself as to its content, and that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that, prior to July 2001, some employees of certain of the Purdue defendants made, or told other

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

1   employees of certain of the Purdue defendants to make, certain statements about OxyContin to

2   some healthcare professionals that were inconsistent with the package insert for OxyContin and

3   the express warnings it contained about risks associated with the medicine, which statements

4   violated written company policies requiring adherence to the prescribing information.

5           82.    PF Labs denies the allegations contained in paragraph 82 of the Amended

6   Complaint, and states that OxyContin is, and generally has been, marketed in accordance with

7   the package insert for OxyContin, except that, prior to July 2001, some employees of certain of

8   the Purdue defendants made, or told other employees of certain of the Purdue defendants to

9   make, certain statements about OxyContin to some healthcare professionals that were

10   inconsistent with the package insert for OxyContin and the express warnings it contained about

11   risks associated with the medicine, which statements violated written company policies requiring

12   adherence to the prescribing information.

13           83.    PF Labs denies the allegations contained in the first sentence of paragraph

14   83 of the Amended Complaint, and states that OxyContin is, and generally has been, marketed in

15   accordance with the package insert for OxyContin, except that, prior to July 2001, some

16   employees of certain of the Purdue defendants made, or told other employees of certain of the

17   Purdue defendants to make, certain statements about OxyContin to some healthcare professionals

18   that were inconsistent with the package insert for OxyContin and the express warnings it

19   contained about risks associated with the medicine, which statements violated written company

20   policies requiring adherence to the prescribing information.  PF Labs denies the allegations

21   contained in the second sentence of paragraph 83.  PF Labs denies the allegations contained in

22   the third sentence of paragraph 83, except admits that the marketing of OxyContin included

23   marketing to general practitioners, among other physicians.  PF Labs denies the allegations

24   contained in the fourth sentence of paragraph 83, and states that risks from the use of OxyContin

25   are described in the FDA-approved package insert for OxyContin, which speaks for itself as to

26   its content.

27           84.    PF Labs denies the allegations contained in paragraph 84 of the Amended

28   Complaint.

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

LA1 - 114679.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

85.     PF Labs denies the allegations contained in paragraph 85 of the Amended Complaint.

86.     PF Labs denies the allegations contained in paragraph 86 of the Amended Complaint on the grounds that plaintiffs' use of the term "true facts" is vague and ambiguous.

87.     PF Labs denies the allegations contained in paragraph 87 of the Amended Complaint.

88.     PF Labs denies the allegations contained in paragraph 88 of the Amended Complaint.

89.     PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 89 of the Amended Complaint.  PF Labs denies the remaining allegations contained in paragraph 89, except states that risks from the use of OxyContin are described in the FDA-approved package insert for OxyContin, which speaks for itself as to its content.

90.     PF Labs denies the allegations contained in paragraph 90 of the Amended Complaint.

91.     PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Amended Complaint.

92.     PF Labs denies the allegations contained in paragraph 92 of the Amended Complaint.

93.     PF Labs denies the allegations contained in paragraph 93 of the Amended Complaint.

94.     PF Labs denies the allegations contained in paragraph 94 of the Amended Complaint.

95.     PF Labs denies the allegations contained in paragraph 95 of the Amended Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

### AS TO COUNT THREE

96.    PF Labs repeats and realleges its responses to paragraphs 1 through 95 of the Amended Complaint, as if fully set forth herein.

97.    PF Labs denies the allegations contained in paragraph 97 of the Amended Complaint, except admits that certain of the Purdue defendants were engaged in the business of manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting, marketing, distributing or selling of OxyContin, and that OxyContin is an opioid analgesic prescription medication.  PF Labs further states that OxyContin is only legally available to members of the general public pursuant to a valid prescription from their physician.

98.    PF Labs denies the allegations contained in paragraph 98 of the Amended Complaint.

99.    PF Labs denies the allegations contained in paragraph 99 of the Amended Complaint.

100.    PF Labs denies the allegations contained in paragraph 100 of the Amended Complaint.

101.    PF Labs denies the allegations contained in the first sentence of paragraph 101 of the Amended Complaint.  PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 101.

102.    PF Labs denies the allegations contained in the first and fourth sentences of paragraph 102 of the Amended Complaint.  PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second, third and fifth sentences of paragraph 102.

103.    PF Labs denies the allegations contained in paragraph 103 of the Amended Complaint.

104.    PF Labs denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104 of the Amended Complaint.

- 18 -

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

105.    PF Labs denies the allegations contained in paragraph 105 of the Amended Complaint.

## AS TO COUNT FOUR

106.    PF Labs repeats and realleges its responses to paragraphs 1 through 105 of the Amended Complaint, as if fully set forth herein.

107.    PF Labs denies the allegations contained in paragraph 107 of the Amended Complaint, except admits that certain of the Purdue defendants were engaged in the business of manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting, marketing, distributing or selling of OxyContin, and that OxyContin is an opioid analgesic prescription medication.  PF Labs further states that OxyContin is only legally available to members of the general public pursuant to a valid prescription from their physician.

108.    PF Labs denies the allegations contained in paragraph 108 of the Amended Complaint.

109.    PF Labs denies the allegations contained in paragraph 109 of the Amended Complaint, except states that risks from the use of OxyContin are described in the package insert for OxyContin, which speaks for itself as to its content.

110.    PF Labs denies the allegations contained in paragraph 110 of the Amended Complaint.

111.    PF Labs denies the allegations contained in paragraph 111 of the Amended Complaint, and specifically denies that OxyContin contains "defects."

112.    PF Labs denies the allegations contained in paragraph 112 of the Amended Complaint.

113.    PF Labs denies the allegations contained in paragraph 113 of the Amended Complaint.

114.    PF Labs denies the allegations contained in paragraph 114 of the Amended Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071  (213) 892-1000

1

## AS TO COUNT FIVE

2    115.    PF Labs repeats and realleges its responses to paragraphs 1 through 114 of

3    the Amended Complaint, as if fully set forth herein.

4    116.    PF Labs denies the allegations contained in paragraph 116 of the Amended

5    Complaint.

6    117.    PF Labs denies the allegations contained in paragraph 117 of the Amended

7    Complaint.

8    118.    PF Labs denies the allegations contained in paragraph 118 of the Amended

9    Complaint.

10    119.    PF Labs denies the allegations contained in paragraph 119 of the Amended

11    Complaint, and specifically denies that there was or is any "defective condition" of OxyContin.

12    120.    PF Labs denies the allegations contained in paragraph 120 of the Amended

13    Complaint.

14    121.    PF Labs denies the allegations contained in paragraph 121 of the Amended

15    Complaint.

16    122.    PF Labs denies the allegations contained in paragraph 122 of the Amended

17    Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

18

## AS TO COUNT SIX

19    123.    PF Labs repeats and realleges its responses to paragraphs 1 through 122 of

20    the Amended Complaint, as if fully set forth herein.

21    124.    PF Labs denies the allegations contained in paragraph 124 of the Amended

22    Complaint.

23    125.    PF Labs denies the allegations contained in paragraph 125 of the Amended

24    Complaint.

25    126.    PF Labs denies the allegations contained in paragraph 126 of the Amended

26    Complaint.

27

28

- 20 -

LA1 - 114679.01

1    127.    PF Labs denies the allegations contained in paragraph 127 of the Amended

2  Complaint, and specifically denies that there was or is any "defective condition" of OxyContin.

3    128.    PF Labs denies the allegations contained in paragraph 128 of the Amended

4  Complaint.

5    129.    PF Labs denies the allegations contained in paragraph 129 of the Amended

6  Complaint.

7    130.    PF Labs denies the allegations contained in paragraph 130 of the Amended

8  Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

9                    <u>**AS TO COUNT SEVEN**</u>

10    131.    PF Labs repeats and realleges its responses to paragraphs 1 through 130 of

11  the Amended Complaint, as if fully set forth herein.

12    132.    PF Labs denies knowledge or information sufficient to form a belief as to

13  the truth or falsity of the allegations contained in paragraph 132 of the Amended Complaint that

14  plaintiff Ryan L. Hobbs used OxyContin.  PF Labs denies the remaining allegations contained in

15  paragraph 132, except admits that certain of the Purdue defendants promoted OxyContin to

16  medical professionals, including by advertisements in certain medical or professional

17  publications, and that employee sales representatives of certain of the Purdue defendants called

18  upon physicians in connection with the promotion of OxyContin.

19    133.    PF Labs denies the allegations contained in paragraph 133 of the Amended

20  Complaint.

21    134.    PF Labs denies the allegations contained in paragraph 134 of the Amended

22  Complaint.

23    135.    PF Labs denies the allegations contained in paragraph 135 of the Amended

24  Complaint, and specifically denies that OxyContin was or is "defective and unsafe for its

25  intended use."

26    136.    PF Labs denies the allegations contained in paragraph 136 of the Amended

27  Complaint.

28

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1    137.    PF Labs denies the allegations contained in paragraph 137 of the Amended

2    Complaint.

3    138.    PF Labs denies the allegations contained in paragraph 138 of the Amended

4    Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

5    **AS TO COUNT EIGHT**

6    139.    PF Labs repeats and realleges its responses to paragraphs 1 through 138 of

7    the Amended Complaint, as if fully set forth herein.

8    140.    PF Labs denies the allegations contained in paragraph 140 of the Amended

9    Complaint, except admits that certain of the Purdue defendants were engaged in the business of

10   manufacturing, designing, testing, inspecting, packaging, labeling, advertising, promoting,

11   marketing, distributing or selling OxyContin, and that OxyContin is an opioid analgesic

12   prescription medication indicated for the management of moderate to severe pain when a

13   continuous, around-the-clock analgesic is needed for an extended period of time.

14   141.    PF Labs denies the allegations contained in paragraph 141 of the Amended

15   Complaint.

16   142.    PF Labs denies the allegations contained in paragraph 142 of the Amended

17   Complaint.

18   143.    PF Labs denies the allegations contained in paragraph 143 of the Amended

19   Complaint, and specifically denies that OxyContin contains "defects."

20   144.    PF Labs denies the allegations contained in paragraph 144 of the Amended

21   Complaint.

22   145.    PF Labs denies the allegations contained in paragraph 145 of the Amended

23   Complaint.

24   146.    PF Labs denies the allegations contained in paragraph 146 of the Amended

25   Complaint, and specifically denies that plaintiffs are entitled to any relief whatsoever.

26

27

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 22 -

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114679.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1

## AS TO COUNT NINE

2    147.    PF Labs repeats and realleges its responses to paragraphs 1 through 146 of

3    the Amended Complaint, as if fully set forth herein.

4    148.    PF Labs denies knowledge or information sufficient to form a belief as to

5    the truth or falsity of the allegations contained in paragraph 148 of the Amended Complaint.

6    149.    PF Labs denies the allegation contained in paragraph 149 of the Amended

7    Complaint that "Defendants are liable in tort for the injury to Plaintiffs," and repeats and

8    realleges its responses to the allegations contained in any "Preliminary Allegations" and the First

9    through Eighth Causes of Action of the Amended Complaint, as if fully set forth herein.

10    150.    PF Labs denies knowledge or information sufficient to form a belief as to

11    truth or falsity of the allegations contained in paragraph 150 of the Amended Complaint.

12    151.    PF Labs denies the allegations contained in paragraph 151 of the Amended

13    Complaint.

14    In response to the WHEREFORE clause located on pages 30 through 34 of the Amended

15    Complaint, PF Labs denies the allegations contained therein, and specifically denies that

16    plaintiffs are entitled to any relief whatsoever.

17    ## AFFIRMATIVE DEFENSES

18    ## FIRST AFFIRMATIVE DEFENSE

19    The Amended Complaint fails to state a claim upon which relief can be granted.

20    ## SECOND AFFIRMATIVE DEFENSE

21    The injuries and damages claimed by plaintiffs were caused, in whole or in part,

22    by actions or omissions of others for whose conduct PF Labs is not responsible.

23    ## THIRD AFFIRMATIVE DEFENSE

24    Plaintiffs' claims are barred, in whole or in part, to the extent that the proximate

25    cause of any alleged injury was plaintiff Ryan Hobbs' choice to use, misuse or abuse OxyContin

26    in a manner other than that recommended.  The intervening or superseding cause of any injury

27    allegedly sustained by plaintiffs accordingly would be plaintiff Ryan Hobbs' own conduct.

28

- 23 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1

### FOURTH AFFIRMATIVE DEFENSE

2      The intervening or superseding cause of any injury allegedly sustained by

3   plaintiffs may be conduct which is illicit, criminal, or otherwise improper, and for which PF Labs

4   cannot be held responsible.

5

### FIFTH AFFIRMATIVE DEFENSE

6      Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver,

7   estoppel and unclean hands.

8

### SIXTH AFFIRMATIVE DEFENSE

9      Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of

10  risk.

11

### SEVENTH AFFIRMATIVE DEFENSE

12     Plaintiffs' claims are barred, in whole or in part, to the extent plaintiff Ryan Hobbs

13  was prescribed OxyContin for medical purposes other than those for which OxyContin has been

14  approved by the FDA.

15

### EIGHTH AFFIRMATIVE DEFENSE

16     The product at issue, OxyContin, was approved pursuant to the applicable statutes

17  and regulations.  The labeling for OxyContin was also approved by the FDA.  Such actions and

18  federal regulations and statutes preempt plaintiffs' claims under state law.

19

### NINTH AFFIRMATIVE DEFENSE

20     The doctrine of primary jurisdiction bars plaintiffs' claims.  The FDA has primary

21  jurisdiction over the issues raised in the Amended Complaint.  The FDA, pursuant to federal law,

22  has exclusive regulatory control of products such as the product at issue here.  Therefore, this

23  Court should defer any consideration of the issues raised in the Amended Complaint which are

24  properly within the purview of the FDA and refer such issues to that agency for determination.

25

### TENTH AFFIRMATIVE DEFENSE

26     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of

27  limitation.

28

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the contributory negligence of plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs failed to mitigate the alleged injuries or damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs consented to the acts alleged in the Amended Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that those claims are based on an alleged duty to warn of risks associated with the use of OxyContin, inasmuch as plaintiff Ryan L. Hobbs was warned or was otherwise made aware of alleged dangers of the product, and further, any such alleged dangers were not beyond that which would have been contemplated by the ordinary consumer of the product with the ordinary knowledge common to the community.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the design, inspection, packaging, and/or labeling of OxyContin are, and have always been, consistent with the generally recognized technological, medical, scientific, and industrial state-of-the-art.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because statements, promotions and advertisements of OxyContin are protected by the First Amendment of the United States Constitution and the correlative provisions of the California Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault, or liability, PF Labs states that it would be entitled to a full credit, offset, *pro-rata* reduction, or

- 25 -

LA1 - 114679.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1   percentage reduction, based on the percentage of fault attributable to each settling defendant, in

2   the event plaintiffs settle with any defendant, pursuant to the applicable statutes.

3                          **EIGHTEENTH AFFIRMATIVE DEFENSE**

4           Plaintiffs are barred from recovering any damages by virtue of the fact that the

5   dangers, if any, claimed by plaintiffs were open and obvious.

6                          **NINETEENTH AFFIRMATIVE DEFENSE**

7           If the product allegedly involved in this action was defective or unreasonably

8   dangerous, which PF Labs denies, plaintiff Ryan L. Hobbs was aware thereof and unreasonably

9   proceeded to make use of the product in that condition.

10                          **TWENTIETH AFFIRMATIVE DEFENSE**

11          PF Labs states that all OxyContin lawfully sold or distributed in the United States

12  carries warnings which adequately informed plaintiff Ryan L. Hobbs of any alleged health risks

13  of using OxyContin.

14                      **TWENTY-FIRST AFFIRMATIVE DEFENSE**

15          PF Labs states that plaintiffs did not justifiably rely on the activities attributed by

16  plaintiffs to PF Labs in the Amended Complaint, and that any injuries or damages complained of

17  in the Amended Complaint were not caused by PF Labs's alleged actions.

18                     **TWENTY-SECOND AFFIRMATIVE DEFENSE**

19          Plaintiffs' claims are barred to the extent the injuries alleged in the Amended

20  Complaint resulted from a pre-existing and/or unrelated medical or psychiatric condition and/or

21  idiosyncratic reaction to OxyContin and not from any act or omission by any of the defendants or

22  by any defect in OxyContin.  PF Labs further states that the damages and injuries alleged, if any,

23  may have been caused or enhanced by a preexisting medical or psychiatric condition of plaintiffs

24  that were not related to the distribution, sale or use of OxyContin.

25                      **TWENTY-THIRD AFFIRMATIVE DEFENSE**

26          Plaintiffs' claimed damages are too speculative to form the basis for relief.

27

28
                                    - 26 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071  (213) 892-1000

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

While denying that plaintiffs suffered any injury for which PF Labs is liable, PF Labs avers that any injuries suffered by plaintiffs have been mitigated, in whole or in part, by reimbursement from collateral sources.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the learned intermediary doctrine.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, if plaintiff Ryan L. Hobbs altered the OxyContin tablets and ingested them in a manner other than that described in OxyContin's instructions for use.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that any harm caused by OxyContin was caused by an inherent aspect of the product which could not be eliminated without compromising its usefulness.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack privity with PF Labs.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by plaintiffs without substantially impairing its usefulness or intended purpose of the product.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims violate the due process provisions of the United States Constitution and the correlative provisions of the California Constitution to the extent that they seek to deprive PF Labs of the procedural and substantive safeguards, including traditional defenses to liability.

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

1

### THIRTY-FIRST AFFIRMATIVE DEFENSE

2      Plaintiffs' claims for punitive damages violate the Excessive Fines and Penalties

3  clause of the United States Constitution and the correlative provisions of the California

4  Constitution.  These claims also violate PF Labs's due process and equal protection rights

5  guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the

6  correlative provisions of the California Constitution.

7

### THIRTY-SECOND AFFIRMATIVE DEFENSE

8      With respect to plaintiffs' demands for punitive damages, PF Labs specifically

9  incorporates by reference any and all standards or limitations regarding the determination and

10  enforceability of such damage awards set forth in the decisions of BMW v. Gore, 517 U.S. 559

11  (1996), State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408 (2003) and Philip Morris USA

12  v. Williams, 549 U.S.__, 127 S. Ct. 1057 (2007).

13

### THIRTY-THIRD AFFIRMATIVE DEFENSE

14      Plaintiffs' fraud and misrepresentation-based claims are not stated with

15  particularity as required by Fed. R. Civ. P. 9(b).

16

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

17      While PF Labs denies any liability to plaintiffs whatsoever, to the extent that

18  plaintiffs seek equitable relief, plaintiffs' claims for such relief are barred as plaintiffs have an

19  adequate remedy at law.

20

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

21      The manufacture, sale and distribution of OxyContin are not unlawful in that

22  express regulatory approval was received therefore and defendants have complied with all

23  statutes and regulations applicable thereto.

24

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

25      Plaintiffs' claims are barred by virtue of the fact that defendants' conduct is

26  regulated by a detailed and comprehensive enforcement scheme established under federal law,

27  and that plaintiffs' claims purport to establish an impermissible form of state court regulation

28

- 28 -

LA1 - 114679.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1  regarding the manufacture, sale, distribution and promotion of OxyContin.  For the same reasons,

2  to the extent those claims are not barred and plaintiffs seek equitable relief, this Court should

3  abstain from exercising its equitable powers.

4  ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

5  Plaintiffs' claims are barred by the doctrines of exhaustion, primary jurisdiction,

6  express regulatory approval and compliance with the law.

7  ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

8  Plaintiffs' claims may be barred, in whole or in part, pursuant to Section 402A,

9  comment k of the Restatement (Second) of Torts and/or Section 6 of the Restatement (Third) of

10  Torts.

11  ### THIRTY-NINTH AFFIRMATIVE DEFENSE

12  To the extent that the laws of other jurisdictions apply, PF Labs invokes each and

13  every constitutional defense available to it under the constitutions (or similar charters) of each of

14  the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the

15  territories and possessions of the United States.  This specifically includes, but is not limited to,

16  provisions relating to due process, access to the courts, freedom of speech, freedom of

17  association, freedom to petition the government for redress of grievances, and limitations on

18  damages.

19  ### FORTIETH AFFIRMATIVE DEFENSE

20  To the extent that the laws of other jurisdictions apply, PF Labs invokes each and

21  every statutory and common law defense available to it under the laws of each of the other forty-

22  nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and

23  possessions of the United States with respect to each of the claims alleged in the Amended

24  Complaint that is recognized in that jurisdiction.

25  ### FORTY-FIRST AFFIRMATIVE DEFENSE

26  PF Labs adopts and incorporates by reference any affirmative defense asserted by

27  any other defendant to this action, to the extent such affirmative defense applies to PF Labs.

28

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL

CASE NO. C-07-3854-SC

LA1 - 114679.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1    PF Labs reserves the right to assert, and hereby gives notice that it intends to rely

2    upon, any other defense that may become available or appear during discovery proceedings or

3    otherwise in this case and hereby reserves the right to amend its answer to assert any such

4    defense.

5

6    WHEREFORE, PF Labs respectfully requests that the Court dismiss the Amended

7    Complaint in its entirety with prejudice and award PF Labs its costs and disbursements,

8    including attorneys' fees, incurred in defending this action together with such other relief as this

9    Court deems just and proper.

10

11    Dated:    December 10, 2007            CHADBOURNE & PARKE LLP

12

13                                          By:_____/s/ Jay R. Henneberry_____

14                                              Jay R. Henneberry
                                                Robin D. Ball
15                                          Attorneys for The P.F. Laboratories, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 30 -
THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

**DEMAND FOR JURY TRIAL**

The P.F. Laboratories, Inc. hereby demands a jury trial on all issues so triable.

Dated:    December 10, 2007                    CHADBOURNE & PARKE LLP


                                               By:_____/s/ Jay R. Henneberry_____

                                                      Jay R. Henneberry
                                                      Robin D. Ball
                                          Attorneys for The P.F. Laboratories, Inc.

THE P.F. LABORATORIES, INC.'S ANSWER AND DEMAND FOR JURY TRIAL
CASE NO. C-07-3854-SC

LA1 - 114679.01

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000