Richard Sax (State Bar No. 80632)
Richard@rsaxlaw.com
LAW OFFICES OF RICHARD SAX
448 Sebastopol Avenue
Santa Rosa, CA 95401
Telephone:      (707) 525-1824
Facsimile:       (707) 525-8119

Attorneys for Plaintiffs Ryan L. Hobbs and
Michelle Hobbs

Jay R. Henneberry (State Bar No. 135065)
jhenneberry@chadbourne.com
Robin D. Ball (State Bar No. 159698)
rball@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071
Telephone:      (213) 892-1000
Facsimile:       (213) 622-9865

Attorneys for Purdue Defendants

Jeffrey M. Tanzer (State Bar No. 129437)
jtanzer@venable.com
Douglas C. Emhoff (State Bar No. 151049)
demhoff@venable.com
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:      (310) 229-9000
Facsimile:       (310) 229-9901

Attorneys for Defendant Abbott Laboratories, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN L. HOBBS and MICHELLE HOBBS,<br><br>            Plaintiffs,<br><br>     v.<br><br>PURDUE PHARMA COMPANY, et al.,<br><br>            Defendants. | Case No. C-07-3854-SC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Management Conference:   Jan. 11, 2008<br>                                                            10:00 a.m. |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement, Plaintiffs Ryan L. Hobbs and Michelle Hobbs (collectively, "Plaintiffs"); Defendants Purdue Pharma L.P. (individually, and as successor-in-interest to The Purdue Pharma Company and Purdue Pharma Ltd.); Purdue Pharma Inc.; The Purdue Frederick Company Inc. (d/b/a The Purdue Frederick Company); Purdue Pharmaceuticals L.P.; Pharmaceutical Research Associates, Inc.; and The P.F. Laboratories, Inc. (collectively, the "Purdue Defendants"); and Defendant Abbott Laboratories, Inc. ("Abbott") hereby submit the following Joint Case Management Statement:

1. <u>Jurisdiction and Service</u>: The Court's subject matter jurisdiction over Plaintiffs' claims is diversity jurisdiction under 28 U.S.C. § 1332(a)(1). At this time, neither the Purdue Defendants nor Abbott have asserted any counterclaims. The parties do not believe that any issues exist regarding personal jurisdiction or venue. Abbott and the Purdue Defendants were served with the First Amended Complaint on November 20, 2007. No parties remain to be served.

2. <u>Facts</u>: **Plaintiffs** allege that, as a result of the acts, omissions, and false representations of Purdue, Ryan developed a dependence upon OxyContin® ("OxyContin"), and suffered tremendous physical, mental, and emotional damage. Ryan's addiction to OxyContin made him increasingly dysfunctional and unreliable, resulting in his spending the better part of on or about five years all but immobilized in bed. Ryan's addiction to OxyContin caused suffering in his life and in the life of his family, caused estrangement between Ryan and his wife and children, and caused estrangement between Ryan and his church.

In the treatment of these injuries, Ryan has incurred, is presently incurring, and will incur liability for the services of physicians and other medical treatment.

As a direct and proximate result of the negligence and carelessness of Purdue, Ryan has incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

are not yet known to Ryan.

Prior to his addiction, Ryan was able to perform his duties as owner of "Rent a Man," a handyman and maintenance business at which he averaged $2,000 to $3,000 per month at $20 per hour. Subsequent to his addiction, Ryan was unable to contribute to the income, care, maintenance, and management of the family and the family home.

In addition, Michelle lost the loss of the love, companionship, comfort, affection, and support of Ryan. She had to drive Ryan to medical appointments, run errands, shop for groceries, do all of the cooking and cleaning, manage the home, and care for Ryan and their children, while he slept up to eighteen hours a day.

Ryan further contends that Purdue's acts and omissions were malicious. The fraudulent misrepresentations, misbranding, and failure to warn on the part of Defendants was done with gross negligence, which evidenced a willful, wanton, and reckless disregard for the safety of others, justifying an award of punitive damages in addition to compensatory damages in this matter.

Defendants deny these allegations.

**The Purdue Defendants** state that OxyContin is an opioid analgesic that was approved by the federal Food and Drug Administration ("FDA") in 1995. OxyContin is indicated for the treatment of moderate to severe pain when use of a continuous, around-the-clock opioid analgesic is appropriate for an extended period of time. The active ingredient in OxyContin is oxycodone, a synthetic opioid that has been marketed in the United States since the 1930's and which is present in other pain medications such as Percocet® and Percodan®. When taken properly and as directed, OxyContin has brought relief to millions of patients suffering from debilitating pain. The Purdue Defendants further state that OxyContin is not a defective product and is safe and effective when used as prescribed, consistent with the FDA-approved package insert; that the Purdue Defendants adequately warned of the risks associated with taking OxyContin; that as a Schedule II controlled substance, OxyContin is legally available only by prescription; that OxyContin is marketed only to physicians, hospitals and pharmacies; and that, to the extent Plaintiffs have suffered any damages, they were not caused by the Purdue

Defendants. In addition, the Purdue Defendants rely on all other defenses asserted in their Answers.

**Abbott** states that its role with respect to OxyContin was limited to co-promoting the medication to limited and specific categories of physicians; that it did not promote OxyContin directly to consumers, including Plaintiffs; that it did not develop or otherwise design, formulate, undertake clinical trials or present any application for approval to the FDA for OxyContin; that it did not manufacture, package, label, distribute, supply or sell OxyContin nor has Abbott ever been part of the chain of distribution through which OxyContin leaves the manufacturer and is distributed to pharmacies which actually dispense the medications pursuant to prescription; that any negligence claim thus fails due to lack of proximate cause; and that plaintiffs' product liability claims cannot be asserted against a co-promoter.

Without the benefit of discovery, the parties cannot further identify the principal factual issues in dispute at this time.

3.  Legal Issues: The parties dispute the following: (i) whether the Purdue Defendants and Abbott misrepresented or concealed material information concerning OxyContin; (ii) whether the Purdue Defendants and Abbott were negligent; (iii) whether the Purdue Defendants and Abbott made or breached implied and express warranties; (iv) whether OxyContin was defective; (v) whether Plaintiff Michelle Hobbs is entitled to relief for loss of consortium; (vi) whether Plaintiffs are entitled to any punitive or other damages or any other form of relief; and (vii) the legal issues raised by Defendants' affirmative defenses.

4.  Motions: There are no prior or pending motions. The Purdue Defendants and Abbott reserve their rights to bring motions for summary judgment following discovery.

5.  Amendment of Pleadings: At this time, the parties do not expect to add or dismiss any parties, claims, or defenses. The parties propose April 1, 2008, as the deadline for

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

amending the pleadings.

6. <u>Evidence Preservation</u>: The parties understand their obligations to preserve evidence relevant to this action. All parties have taken steps to preserve relevant documents, including relevant electronic documents.

7. <u>Disclosures</u>: The parties will comply with the initial disclosure requirements of Fed. R. Civ. P. 26 on or before January 18, 2008.

8. <u>Discovery</u>: No discovery has been taken to date. The parties do not propose any limitations or modifications of the discovery rules at this time. Due to the large volume of documents which the parties expect will be produced in this litigation (documents relating to the FDA approval of OxyContin, for example, total nearly 300,000 pages), the parties do not believe that fact and expert discovery can be completed until January 15, 2009.

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: The parties are unaware of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

11. <u>Relief</u>: Plaintiffs seek general damages; compensatory damages; exemplary and punitive damages; damages for loss of income, wages, and earning potential; medical and related damages; costs of suit; and such other and further relief as the Court may deem proper. Plaintiffs have not alleged any specific amount of damages, but allege that the amount in controversy exceeds $75,000 exclusive of interest and costs. At this time, neither the Purdue Defendants nor Abbott have asserted any counterclaims. Without the benefit of discovery, at this time, the Purdue Defendants and Abbott cannot address the bases on which damages should be

1  calculated if liability is established.

3        12.    <u>Settlement and ADR</u>:  The parties will comply with the requirements of ADR
4  L.R. 3-5 on or before January 11, 2008.  At this time, the parties do not believe that there are any
5  prospects for settlement.

7        13.    <u>Consent to Magistrate Judge For All Purposes</u>:  This case was originally
8  assigned to Magistrate Judge Zimmerman.  For the convenience of the Court, the parties all
9  consent to have Magistrate Judge Bernard Zimmerman conduct all further proceedings including
10 trial and entry of judgment.

12       14.    <u>Other References</u>:  The parties do not believe that this case is suitable for
13 reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15       15.    <u>Narrowing of Issues</u>:  At this time, the parties have no suggestions for
16 narrowing issues or expediting the presentation of evidence at trial and do not request bifurcation
17 of issues, claims, or defenses.

19       16.    <u>Expedited Schedule</u>:  The parties do not believe that this case is suitable for
20 handling on an expedited schedule.

22       17.    <u>Scheduling</u>:  Due to the complexity of this case and the large number of
23 documents involved, the parties, as noted, do not believe that fact and expert discovery can be
24 completed until January 2009.  Pursuant to Federal Rule of Civil Procedure 26(f), the parties
25 propose the following schedule:
26           a.    Deadline for expert disclosure by all parties:  October 1, 2008.
27           b.    Deadline for disclosure of rebuttal experts:  November 15, 2008.
28           c.    Close of expert and non-expert discovery:  January 15, 2009.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

        d.    Deadline for filing dispositive motions:  February 17, 2009.

        e.    Pretrial conference:  April 13, 2009.

        f.    Commencement of trial:  April 27, 2009.

18.    <u>Trial</u>:  All parties have demanded a jury trial.  Trial is estimated to take 10 to 14 days.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>:  All parties have filed a Certification of Interested Entities or Persons ("Certification").  Plaintiffs filed their Certification on July 26, 2007, stating that at that time there were no interests to report pursuant to Civil Local Rule 3-16.  Abbott filed its Certification on December 5, 2007, identifying Abbott Laboratories, the parent company of named defendant Abbott.  The Purdue Defendants filed their Certification on December 10, 2007, identifying Purdue Neuroscience Inc., the former parent corporation of named defendant Purdue Pharma Ltd.[1], and PRA Holdings, Inc., the parent corporation of named defendant Pharmaceutical Research Associates, Inc.

/ / /

---

[1]    Purdue Pharma Ltd. was dissolved on April 8, 2004; its successor-in-interest is Purdue Pharma L.P.

20. <u>Other matters</u>: The parties are preparing a proposed consent protective order to govern the use and dissemination of confidential information, documents, and materials in this action.

Dated: January 4, 2008         LAW OFFICES OF RICHARD SAX

By: _____

Richard Sax

Attorney for Plaintiffs
Ryan L. Hobbs and Michelle Hobbs

Dated: January 4, 2008         CHADBOURNE & PARKE LLP

By:       /s/ Jay R. Henneberry

Jay R. Henneberry
Robin D. Ball

Attorneys for Defendants
Purdue Pharma L.P. (individually, and as successor-in-interest to The Purdue Pharma Company and Purdue Pharma Ltd.); Purdue Pharma Inc.; The Purdue Frederick Company Inc. (d/b/a The Purdue Frederick Company); Purdue Pharmaceuticals L.P.; Pharmaceutical Research Associates, Inc.; and The P.F. Laboratories, Inc.

Dated: January 4, 2008         VENABLE LLP

By: _____

Jeffrey M. Tanzer
Douglas C. Emhoff

Attorneys for Defendant
Abbott Laboratories, Inc.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

LA1 - 115035.02