Richard Sax (State Bar No. 80632)
Richard@rsaxlaw.com
LAW OFFICES OF RICHARD SAX
448 Sebastopol Avenue
Santa Rosa, CA 95401
Telephone:    (707) 525-1824
Facsimile:    (707) 525-8119

Attorney for Plaintiffs Ryan L. Hobbs and Michelle Hobbs

Jay R. Henneberry (State Bar No. 135065)
jhenneberry@chadbourne.com
Robin D. Ball (State Bar No. 159698)
rball@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071
Telephone:    (213) 892-1000
Facsimile:    (213) 622-9865

Attorneys for Purdue Defendants

Douglas C. Emhoff (State Bar No. 151049)
demhoff@venable.com
Jeffrey M. Tanzer (State Bar No. 129437)
jtanzer@venable.com
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:    (310) 229-9900
Facsimile:    (310) 229-9901

Attorneys for Defendant Abbott Laboratories, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN L. HOBBS and MICHELLE HOBBS,<br><br>         Plaintiffs,<br><br>    v.<br><br>PURDUE PHARMA COMPANY, et al.,<br><br>         Defendants. | Case No. C-07-3854-BZ<br><br>**STIPULATION AND [PROPOSED] CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY** |

WHEREAS, plaintiff Ryan L. Hobbs and Michelle Hobbs ("Plaintiffs") and defendants Purdue Pharma L.P. (individually, and as successor-in-interest to The Purdue Pharma Company and Purdue Pharma Ltd.); Purdue Pharma Inc.; The Purdue Frederick Company Inc. (d/b/a The Purdue Frederick Company); Purdue Pharmaceuticals L.P.; Pharmaceutical Research Associates, Inc.; and The P.F. Laboratories, Inc. (collectively, "Purdue"); and Abbott Laboratories, Inc. (together with Purdue, "Defendants") are conducting discovery in connection with the above-captioned action;

WHEREAS, Plaintiffs and Defendants desire, by entering into this stipulation, to preserve the confidentiality of certain information provided in connection with this action;

WHEREAS, Purdue submits concurrently herewith the Declaration of Russell J. Gasdia in Support of Stipulation and [Proposed] Consent Protective Order of Confidentiality ("Gasdia Declaration"); and

WHEREAS, Plaintiffs do not concede or admit any statements in the Gasdia Declaration, but consent to entry of this [Proposed] Consent Protective Order of Confidentiality;

THEREFORE, Plaintiffs and Defendants hereby stipulate to entry of the following Protective Order:

1. This Protective Order shall govern the use and dissemination of all information, documents or materials designated as Confidential produced within this action or deemed produced.

2. The term "document," as used in this Protective Order shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

3. "Trade Secret" means documents or information not in the public domain that contain information which is proprietary or competitively sensitive whose disclosure could cause competitive injury.

4. Any party to this action or other person who produces, supplies, or provides access to information, documents or other tangible items for use in this action in the course of discovery (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such material that it reasonably and in good faith believes is (i) a Trade Secret

or other confidential research, development or commercial information, including but not limited to sensitive financial data; technical information; proprietary or nonpublic commercial information; or commercially and/or competitively sensitive information, (ii) material or information not appropriate for public disclosure because of personal privacy interests ("Sensitive Personal Information") or contractual rights of third parties (including but not limited to proprietary information purchased from third parties), (iii) material or information which is subject to any Protective Order, sealing order or other order or ruling that prevents or limits the Designating Party from disclosing such document, or (iv) is otherwise protectable under applicable rules, statutes or common law.  If upon review any party reasonably and in good faith believes that any documents, information or tangible items designated by a Designating Party are not "Confidential" as defined hereinabove, then the party may challenge such designation under the procedures set forth below in paragraph 11.

5. Documents, information or other tangible items shall be designated as Confidential information by marking words that in substance state:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN HOBBS v. PURDUE PHARMA COMPANY ET AL., NO. C-07-3854-BZ (N.D. CAL).

Copies of Confidential information shall not obscure this legend or other identifying Bates numbers.

6. Confidential information shall not be disclosed other than as expressly authorized in this Order and may be disclosed only to:

a. This Court and its personnel.

b. Counsel of record in this litigation, Counsel listed on Exhibit A (attached hereto), in-house Counsel for a Defendant, and staff persons employed by such Counsel.

c. Any consultant, investigator or Expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation provided that, prior to disclosure, Counsel for the party contemplating disclosure shall determine that disclosure to an Expert of particular Confidential information is, in that counsel's good faith judgment, necessary to that party's prosecution or defense of the case.  With respect to Experts for the Defendants, only outside

retained Experts may have access to the Confidential information of a Co-Defendant.

      d.    A deponent, but only during the course of his or her deposition, or in preparation thereof.

      e.    A Court reporter.

      f.    Plaintiffs, in the presence of their counsel.

      g.    Defendants, subject to the following condition: unless given permission by the Designating Party, Defendants may not have access to Confidential documents, materials or information produced by a Co-Defendant.

      h.    Fact witnesses or potential fact witnesses, if disclosure to a potential fact witness of particular Confidential information is, in that counsel's good faith judgment, necessary to that party's prosecution or defense of the case.

7.    If a party wishes to disclose any information designated as Confidential to any person not described in paragraph 6 of this Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless this Court, upon application by the party requesting such permission, orders otherwise.

8.    Any person to whom Confidential information may be disclosed pursuant to paragraphs 6 and 7 hereof (except for this Court and its personnel) shall first be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of Confidentiality Agreement B attached as Exhibit B. Counsel for the party obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement. At the conclusion of the case, counsel will provide to Defendants copies of the signed agreements.

9.    Where any Confidential information is included in any papers filed with the Court, such papers shall be marked in words that in substance state:

    CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN HOBBS v. PURDUE
    PHARMA COMPANY ET AL., NO. C-07-3854-BZ (N.D. CAL).

and placed in a sealed envelope marked with the caption of the case and held under seal in accordance with the local rules and practices of this Court for such pleadings and documents.

Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent failure.  At such time, arrangements shall be made for return of all copies of the inadvertently misdesignated documents to the Designating Party and for the submission, where appropriate, of properly labeled copies.  If, during a deposition or within thirty (30) days thereafter, a Designating Party advises the Court reporter that Confidential Information has been disclosed during a deposition, the entire transcript shall be treated as confidential for thirty (30) days after receipt of the deposition transcript, within which time Counsel for the Designating Party shall advise the Court reporter of the pages and lines on which Confidential information appears.  At the conclusion of such thirty (30) day period, transcript pages and Exhibits containing Confidential information shall continue to be treated as Confidential under this Order, and shall be designated:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN HOBBS v. PURDUE PHARMA COMPANY ET AL., NO. C-07-3854-BZ (N.D. CAL).

before the transcript is distributed.  The court reporter shall include on the cover page a clear indication that portions of the deposition have been designated confidential.

10.     A Designating Party may in good faith redact Sensitive Personal Information, as defined above in Paragraph 4(ii), from any document or material.  However, copies of such documents shall be maintained by the Designating Party without redaction of Sensitive Personal Information.  Counsel for a discovering party and, if necessary, Experts satisfying paragraph 6, may have access to the unredacted versions of such documents, subject to any applicable federal regulation, including but not limited to 21 C.F.R. § 20.63 *et seq.*, at the office of the Designating Party's local counsel, but only for the purpose of ascertaining the appropriateness of any redactions. If upon review any party reasonably and in good faith believes that any documents, information or tangible items redacted by a Designating Party pursuant to this paragraph should not have been redacted, then the party may challenge such redaction by first identifying such redaction by bates number page and line and then by following the procedures set forth below in paragraph 11.

11. If upon review any party reasonably and in good faith believes that any documents, information or tangible items designated by a Designating Party are not "Confidential" as defined hereinabove, then the party may challenge such designation by notifying the Designating Party in writing at any time prior to thirty (30) days before the first deadline for exhibit lists for any party. The written notice must specifically identify the challenged documents, information or tangible items, by bates number page where available. The Designating Party must then seek a protective order from the Court for such documents, information or tangible items. Failure to file a motion for a protective order within thirty (30) days from receiving notification of a party's challenge to the designation shall cause such documents, information or tangible items to be excluded from the provisions of this order.

12. No one may attend, or review the Confidential portions of a deposition, or a transcript of any deposition, other than persons listed in paragraphs 6 and 7 and counsel for the deponent (after counsel has read this Protective Order and signed Confidentiality Agreement B).

13. Any presentation of Confidential information to the Court prior to the trial shall be made only in the presence of persons listed in paragraphs 6 and 7 unless the Court otherwise orders.

14. Except to the extent expressly authorized in this Protective Order, Confidential information shall not be used or disclosed for any purpose other than the preparation and/or trial of this case and/or appeal therefrom. Nothing in this Protective Order shall restrict a Designating Party's use of its own documents.

15. Any notes, summaries, compilations or copies containing Confidential information or electronic images or databases containing Confidential information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images or databases is made or derived.

16. In the case of inadvertently produced privileged and/or work product documents, upon request of the Producing Party, the documents together with all copies thereof shall be returned to the party claiming privilege and/or work product immunity within seven (7)

- 6 -

days of receipt of notice of the inadvertent production and any notes made therefrom shall be destroyed.  Inadvertent production of privileged material does not constitute a waiver.  A party returning inadvertently produced documents pursuant to this paragraph does not waive its right to challenge the privileged and/or work product status of those documents.  In support of such a challenge, a party returning inadvertently produced documents may, at that time, submit a copy of the returned documents to the Court under seal, to be opened in camera only if the party elects to challenge the privileged and/or work product status of those documents; if the party returning inadvertently produced documents fails to file a motion to compel production of these documents with fourteen (14) days of submitting them to the Court, the documents will be returned to the Designating Party.

17.    This Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought contains Trade Secrets or Confidential Information.

18.    This Protective Order is without prejudice to the right of any party to seek modification thereof from the Court and shall remain in effect until such time as it is modified, amended or set aside by the Court.

19.    This Protective Order is not intended to prohibit the use or admissibility of Confidential information upon trial of this action.  Issues involving the protection of Confidential information during trial will be presented to the Court prior to or during trial as each party deems appropriate.

20.    In the event that additional parties are named in this Action, neither they nor their Counsel shall have access to Confidential discovery material until executing Confidentiality Agreement B, and filing the agreement with the Court to reflect that addition of new counsel of record.

21.    Within sixty (60) days after the final disposition of this action, all documents and materials containing Confidential information (other than exhibits to the official court record) shall be returned to the Designating Party or, at the sole option and request of the Designating Party, destroyed at the Designating Party's expense.  The attorneys returning documents

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

containing Confidential Information may retain their attorney 'work product' and privileged attorney-client correspondence as may be necessary in their reasonable good judgment to comply with ethical requirements and/or insurer requirements; provided, however, that this exception shall not apply to any copies of Confidential documents that are incorporated into or attached to attorney-client communications or attorney work product.  Counsel for any party or third party receiving confidential information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party.  If at the time of the final disposition of this action, any individual counsel of record for Plaintiffs in this action is currently counsel of record in any other OxyContin®-related products liability litigation involving Defendants, then the deadline for that particular counsel to fulfill the obligations in this paragraph shall be sixty (60) days after the final disposition of the final OxyContin®-related products liability litigation in which he or she is counsel of record; the deadline for all other individuals possessing documents and materials containing Confidential information pursuant to this Protective Order shall remain sixty (60) days after the final disposition of this action.

22.     Nothing in this Protective Order shall restrict or prohibit a party from seeking protections in addition to those set forth in this Protective Order for a particular document(s) or for particular testimony given in this Action.

23.     If another court or administrative agency subpoenas or orders production of Confidential Information that a party has obtained under the terms of this Protective Order, such party shall, if there are fewer than ten (10) days to comply, within two (2) days of receiving the subpoena or order, or if more than ten (10) days to comply, at least seven (7) business days prior to the due date of compliance, notify the Designating Party of the pendency of the subpoena or order in writing, and shall not produce the Confidential Information until the Designating Party has had reasonable time to take appropriate steps to protect the material.  It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and to give the Designating Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

24.     The obligations of this Protective Order shall survive the termination of this Action and shall continue to restrict the disclosure and use of discovery material designated as Confidential Information by the parties, their counsel, and all who signed a Confidentiality Agreement.  Following termination of this Action, the Court will retain jurisdiction to enforce the terms of this Protective Order.

**Highly Confidential Information**

25.     A Designating Party may designate as "Highly Confidential" confidential research, development or commercial information which is so proprietary or competitively sensitive that there is a reasonable likelihood that its disclosure might cause irreparable competitive injury, such as product formulas, specifications, recipes and manufacturing processes; development of new products or technologies; business, financial and marketing plans having current or future applicability.  The designation "Highly Confidential Information" shall be made by affixing on the document or material containing such information the legend that in substance states:

HIGHLY CONFIDENTIAL - ACCESS RESTRICTED BY COURT ORDER IN HOBBS v. PURDUE PHARMA COMPANY ET AL., NO. C-07-3854-BZ (N.D. CAL.).

26.     Highly Confidential Information shall not be disclosed other than as expressly authorized in this Order and may be disclosed only as follows:

    a.     Highly Confidential Information may be disclosed only to persons who satisfy the conditions stated in paragraphs 6 and 7, plus these two additional requirements:

        i.     Any person to whom Highly Confidential information may be disclosed, except this Court and its personnel, shall first be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Agreement C attached as Exhibit C; counsel for the party obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement; and

        ii.     Highly Confidential information may not be disclosed to any individual who is currently an officer, director, or employee (as further described in

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

LA1 - 115158.02

Confidentiality Agreement C) of any entity that is engaged in the pharmaceutical business or the business of supplying pharmaceutical products or ingredients or machinery used in the manufacture of pharmaceutical products ("Competitor"). Highly Confidential information also may not be disclosed to any individual who is currently a consultant or agent for any Competitor in areas relating to the design, formulation, manufacture, sale or marketing of controlled-release pharmaceuticals, prescription analgesic pharmaceuticals, or any ingredients or machinery used in the manufacture of controlled-release pharmaceuticals or prescription analgesic pharmaceuticals.

        iii.    If the Plaintiffs believe that the restrictions of this Protective Order relating to disclosure of Highly Confidential information to an Expert inappropriately prejudices the Plaintiffs with respect to a particular Expert, the parties agree that the Plaintiffs may move the court for relief from the restrictions of this order upon a showing of good cause including, for example, the absence of the likelihood of actual prejudice to the Designating Party. If an Expert has specifically relied upon and quoted or attached Highly Confidential information to his or her expert report in another case, this shall create a rebuttable presumption that the Designating Party would not be prejudiced by allowing such Expert to have access to the same Highly Confidential information in this action.

    b.    Except as stated in this paragraph, all other provisions of the Protective Order that refer to Confidential information shall also apply to Highly Confidential information, except that references to the "Confidentiality Agreement B" shall be replaced by "Confidentiality Agreement C" and the designation used with Highly Confidential information shall be that shown in paragraph 25.

EXHIBIT A

Richard Sax, LAW OFFICES OF RICHARD SAX

Jay R. Henneberry, Robin D. Ball, Donald I Strauber, CHADBOURNE & PARKE

Douglas C. Emhoff, Jeffrey M. Tanzer, Paul F. Strain, M. King Hill, III, VENABLE LLP

Chilton D. Varner, Robert K. Woo, KING & SPALDING LLP

EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN L. HOBBS and MICHELLE HOBBS,<br><br>  Plaintiffs,<br><br>  v.<br><br>PURDUE PHARMA COMPANY, et al.,<br><br>  Defendants. | Case No. C-07-3854-BZ<br><br>**CONFIDENTIALITY AGREEMENT B** |

STATE OF _____

COUNTY/PARISH OF _____

BEFORE ME, the undersigned authority for the State and County aforesaid, personally came and appeared: _____, who, after being duly sworn, did depose and state the following:

    1.    I have read and understand the "Protective Order" to which this Confidentiality Agreement is attached as Exhibit B and I attest to my understanding that access to information designated "Confidential" may be provided to me and that such access is subject to the terms and conditions of such Protective Order. I agree to be bound by such terms and conditions. I hereby submit to the jurisdiction of this Court and to the application of federal law for the purpose of enforcement of this Confidentiality Agreement and the Protective Order. I have not previously violated any other confidentiality agreement or protective order.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

2. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential information as described or designated in accordance with this agreement. I understand that the Designating Parties retain all rights to enforce the Protective Order and all remedies regarding any violations of the same.

_____  
Dated

_____  
Signature

_____  
Printed Name

_____  
_____  
Address

_____  
Individual or Entity Represented

Subscribed and sworn to before me on this \_\_\_\_ day of _____, 20\_\_\_, by _____, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____  
Notary Public

CHADBOURNE & PARKE LLP  
350 South Grand Avenue, Suite 3300  
Los Angeles, CA  90071 (213) 892-1000

EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN L. HOBBS and MICHELLE HOBBS,<br><br>    Plaintiffs,<br><br>    v.<br><br>PURDUE PHARMA COMPANY, et al.,<br><br>    Defendants. | Case No.  C-07-3854-BZ<br><br>**CONFIDENTIALITY AGREEMENT C** |

STATE OF _____

COUNTY/PARISH OF _____

BEFORE ME, the undersigned authority for the State and County aforesaid, personally came and appeared: _____, who, after being duly sworn, did depose and state the following:

    1.    I have read and understand the "Protective Order" to which this Confidentiality Agreement is attached as Exhibit C and I attest to my understanding that access to information designated "Confidential" or "Highly Confidential" may be provided to me and that such access is subject to the terms and conditions of such Protective Order.  I agree to be bound by such terms and conditions.  I hereby submit to the jurisdiction of this Court and to the application of federal law for the purpose of enforcement of this Confidentiality Agreement and the Protective Order.  I have not previously violated any other confidentiality agreement or protective order.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

2.       I am not currently an officer, director, or employee (other than in-house or outside counsel) of any entity that is engaged in the pharmaceutical business or the business of supplying pharmaceutical products or ingredients or machinery used in the manufacture of pharmaceutical products ("Competitor").  I am also not currently a consultant or agent for any Competitor in areas relating to the design, formulation, manufacture, sale or marketing of controlled-release pharmaceuticals, prescription analgesic pharmaceuticals, or any ingredients or machinery used in the manufacture of  controlled-release pharmaceuticals or prescription analgesic pharmaceuticals.  Should such an employment opportunity become available to me, I agree to consult with the Designating Party in an effort to structure the arrangement in a way which will not pose a material risk of unauthorized use or disclosure of Highly Confidential Information.  As used in this paragraph, a "consultant" of a Competitor is a person who performs outsourced professional services for a Competitor, but who is not an employee.  The term "consultant" specifically does not include any person who may have received a research grant from a Competitor, as long as the purpose of the grant is to allow the recipient to conduct research and to publish that research, and as long as that person is under no obligation to provide professional advice to the Competitor.  The term "consultant" also specifically does not include any person participating in or conducting clinical trials for a Competitor, as long as that person is under no obligation to provide professional advice to the Competitor.

/ / /

3.  I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential or Highly Confidential information as described or designated in accordance with this agreement.  I understand that the Designating Parties retain all rights to enforce the Protective Order and all remedies regarding any violations of the same.

_____  
Dated

_____  
Signature

_____  
Printed Name

_____  

_____  
Address

_____  
Individual or Entity Represented

Subscribed and sworn to before me on this \_\_\_\_ day of _____, 20\_\_\_, by _____, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____  
Notary Public

CHADBOURNE & PARKE LLP  
350 South Grand Avenue, Suite 3300  
Los Angeles, CA  90071 (213) 892-1000

1  Dated:   February __, 2008              LAW OFFICES OF RICHARD SAX

2

3                                           By _____

4                                                   Richard Sax

5                                             Attorney for Plaintiffs
                                         Ryan L. Hobbs and Michelle Hobbs
6
7  Dated:   February __, 2008              CHADBOURNE & PARKE LLP

8
                                           By:        /s/ Jay R. Henneberry
9

10                                                 Jay R. Henneberry
                                                    Robin D. Ball
11
                                              Attorneys for Defendants
12                                   Purdue Pharma L.P. (individually, and as
                                     successor-in-interest to The Purdue Pharma
13                                      Company and Purdue Pharma Ltd.);
                                     Purdue Pharma Inc.; The Purdue Frederick
14                                   Company Inc. (d/b/a The Purdue Frederick
                                      Company); Purdue Pharmaceuticals L.P.;
15                                     Pharmaceutical Research Associates, Inc.;
                                           and The P.F. Laboratories, Inc.

16  Dated:   February __, 2008             VENABLE LLP

17

18                                         By:_____

19                                                 Douglas C. Emhoff
                                                   Jeffrey M. Tanzer
20
                                              Attorneys for Defendant
21                                            Abbott Laboratories, Inc.

22

23

24

25

26

27

28

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

- 17 -
STIPULATION AND [PROPOSED] CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY
CASE NO. C-07-3854-BZ

LA1 - 115158.02

**[PROPOSED] ORDER**

It appearing to the Court that plaintiffs Ryan L. Hobbs and Michelle Hobbs ("Plaintiffs") and defendants Purdue Pharma L.P. (individually, and as successor-in-interest to The Purdue Pharma Company and Purdue Pharma Ltd.); Purdue Pharma Inc.; The Purdue Frederick Company Inc. (d/b/a The Purdue Frederick Company); Purdue Pharmaceuticals L.P.; Pharmaceutical Research Associates, Inc.; The P.F. Laboratories, Inc.; and Abbott Laboratories, Inc. (collectively "Defendants") have shown good cause for this Protective Order and that Plaintiffs and Defendants have agreed, pursuant to the Stipulation above,

IT IS HEREBY ORDERED that the foregoing procedures and provisions shall govern Plaintiffs and Defendants for material/information produced in this action. Nothing in this Order exempts the parties from L.R. 79-5.

IT IS SO ORDERED.

Dated: February 25, 2008

_____
UNITED STATES MAGISTRATE JUDGE



IT IS SO ORDERED
Judge Bernard Zimmerman
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

- 18 -
STIPULATION AND [PROPOSED] CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY
CASE NO. C-07-3854-BZ

LA1 - 115158.02